# EXHIBIT A

2-24-14
3:00ᵖᵐ

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

PFIZER, Inc., a corporation;    ~~mm~~
Additional Parties Attachment Form is attached.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

LINDA ROY,
Additional Parties Attachment Form is attached.

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County Of Los Angeles

FEB 21 2014

Sherri R. Carter, Executive Officer/Clerk
By: Kristina Vargas, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Stanley Mosk Courthouse<br><br>111 North Hill<br>Los Angeles, CA 90012 | CASE NUMBER:<br>*(Número del Caso):* 5 3 6 9 4 0 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Eric W. Gruenwald, The Mulligan Law Firm, 3710 Rawlins Street, Suite 901, Dallas, TX 75219 214-219-9779

| DATE:<br>*(Fecha)* | SHERRI R. CARTER | Clerk, by<br>*(Secretario)* Kristina Vargas | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

FEB 21 2014

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☒ on behalf of *(specify):* PFIZER, Inc.

   under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

American LegalNet, Inc.
www.FormsWorkflow.com

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Linda Roy, et al. v. Pfizer, Inc., et al. | |

### INSTRUCTIONS FOR USE

➔ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
➔ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party.):

☐ Plaintiff    ☑ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

McKESSON CORPORATION, a corporation, and DOES 1 through 50, Inclusive, 1-50 *mm*

Page 1 of 1

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

American LegalNet, Inc.
www.FormsWorkflow.com

**SUM-200(A)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Linda Roy, et al. v. Pfizer, Inc., et al. | |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party.):

[✓] Plaintiff    [ ] Defendant    [ ] Cross-Complainant    [ ] Cross-Defendant

DEBORAH GIBSON, JANET HANSON, EVALINA ROXANNE MOORE, ARLENE BECKWITH, SUZANNE BIENIEWICZ, GUDFRIDUR BISBEE, SANDRA BURNETT, JEAN CASEY, BERNICE CASSIDY, JOSEPHINE CHESTNUT, MARY CLARK, ANNIE COLEMAN, DELORES CONGROVE, ROSE CONLEY, MOLLIE CORNS, MARIA COTTO, SHARI DANN, MARIA DIAZ, CAROL EBERT, BERNITA ELKO, LESSIE ELZA, DONNA EMERSON, LUZ ESCALERA, LELIA FERGUSON, KAREN FETHEROLF, YOLANDA R. FLANAGAN, THERESA FLOWERS, VICKIE FORESMAN, CYNTHIA FORTSON, ANNA GRESKO, GLADYS GUADALUPE, JESSIE HAMILTON, SANDRA HAUN, KIMBERLEA HAYNES, MARTHA HICKS, EMMA HICKSON, SHIRLEY HUDSON, CARMELLA JACKSON, RHODELLA JONES, JEANIE JURGEIT, CAROL KELLEY, SUSAN KENNEDY, ROBIN LABERTAGAVADIN, MARLENE LAVANGO, LORI LAWRENCE, DONNA LAWSON, DONNA LEWIS, SANDRA LEWIS, MARY LOTT, MARGARET MARTIN, MARY MCKNIGHT, DOUGLETHA MCNEAL, LINDA S. MORAN, JUDITH MORGAN, LINDA MORTON, LYVONNE MOSS, LENA MURCH, ANITA OPERARIO, MICHELENA PARKER, VIRGINIA PETAK, CAROL PETERS, NINA PORTER, EMMA PRATT, MINETTE PRICE, PATTI REEDER, NORA REYNOLDS, ELIZABETH RHOADS, ANNA RIDER, LACHELLE ROGERS, LOIS ROSENHAHN, POONIA SAMUEL, LINDA SAURER, CHRISTINE SHAFER, BERNADETTE SIROCKA, ELLA SMITH, TONIA SMITH, PATRICIA SOSKIN, TERRY SPRINGER, CHERYL STARCHER, CAROL STEINIGER, JANICE STEWART, LAURA STEWART, BEATRICE TUCKER, KATHIE VAN EPPS, GILA VAN VALKENBURG, CAROLYN WAHL, BARBARA WEINTRAUB, DOLORES WIEST, AND BARBARA WILLIAMS

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

American LegalNet, Inc.
www.FormsWorkflow.com

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County Of Los Angeles

FEB 21 2014

Sherri R. Carter, Executive Officer/Clerk
By: Kristine Vargas, Deputy

1  Eric W. Gruenwald, Esq. (CA 188862)
   **THE MULLIGAN LAW FIRM**
2  3710 Rawlins Street, Suite 901
   Dallas, Texas 75219
3  Tel: (214) 219-9779
   Fax: (214) 520-8789
4  egruenwald@mulliganlaw.com

5  Attorneys for Plaintiffs

6          SUPERIOR COURT OF THE STATE OF CALIFORNIA

7              FOR THE COUNTY OF LOS ANGELES

8  LINDA ROY, DEBORAH GIBSON, JANET ) Case No.: ___ **BC536940**
   HANSON, EVALINA ROXANNE          )
9  MOORE, ARLENE BECKWITH,          ) **COMPLAINT FOR DAMAGES,**
   SUZANNE BIENIEWICZ, GUDFRIDUR    ) **RESTITUTION, AND INJUNCTIVE**
10 BISBEE, SANDRA BURNETT, JEAN     ) **RELIEF; DEMAND FOR JURY TRIAL**
   CASEY, BERNICE CASSIDY, JOSEPHINE)
11 CHESTNUT, MARY CLARK, ANNIE      ) 1. Strict Liability – Failure to Warn
   COLEMAN, DELORES CONGROVE,       ) 2. Strict Liability – Manufacturing Defect
12 ROSE CONLEY, MOLLIE CORNS,       ) 3. Negligence
   MARIA COTTO, SHARI DANN, MARIA   ) 4. Breach of Express Warranty
13 DIAZ, CAROL EBERT, BERNITA ELKO, ) 5. Breach of Implied Warranty
   LESSIE ELZA, DONNA EMERSON, LUZ  ) 6. Fraud
14 ESCALERA, LELIA FERGUSON, KAREN  ) 7. Fraudulent Concealment
   FETHEROLF, YOLANDA R. FLANAGAN,  ) 8. Violation of Business & Professions
15 THERESA FLOWERS, VICKIE          )    Code § 17200
   FORESMAN, CYNTHIA FORTSON,       ) 9. Violation of Business & Professions
16 ANNA GRESKO, GLADYS GUADALUPE,   )    Code § 17500
   JESSIE HAMILTON, SANDRA HAUN,    )
17 KIMBERLEA HAYNES, MARTHA         )
   HICKS, EMMA HICKSON, SHIRLEY     )
18 HUDSON, CARMELLA JACKSON,        )
   RHODELLA JONES, JEANIE JURGEIT,  )
19 CAROL KELLEY, SUSAN KENNEDY,     )
   ROBIN LABERTAGAVADIN, MARLENE    )
20 LAVANGO, LORI LAWRENCE, DONNA    )
   LAWSON, DONNA LEWIS, SANDRA      )
21 LEWIS, MARY LOTT, MARGARET       )
   MARTIN, MARY MCKNIGHT,           )
22 DOUGLETHA MCNEAL, LINDA S.       )
   MORAN, JUDITH MORGAN, LINDA      )
23 MORTON, LYVONNE MOSS, LENA       )
   MURCH, ANITA OPERARIO,           )
24 MICHELENA PARKER, VIRGINIA       )
   PETAK, CAROL PETERS, NINA PORTER,)
25 EMMA PRATT, MINETTE PRICE, PATTI )

[line numbers continue: 26, 27, 28]

1

COMPLAINT FOR DAMAGES

1   REEDER, NORA REYNOLDS,
    ELIZABETH RHOADS, ANNA RIDER,
2   LACHELLE ROGERS, LOIS
    ROSENHAHN, POONIA SAMUEL,
3   LINDA SAURER, CHRISTINE SHAFER,
    BERNADETTE SIROCKA, ELLA SMITH,
4   TONIA SMITH, PATRICIA SOSKIN,
    TERRY SPRINGER, CHERYL
5   STARCHER, CAROL STEINIGER,
6   JANICE STEWART, LAURA STEWART,
    BEATRICE TUCKER, KATHIE VAN
7   EPPS, GILA VAN VALKENBURG,
    CAROLYN WAHL, BARBARA
8   WEINTRAUB, DOLORES WIEST, AND
9   BARBARA WILLIAMS,

10                  Plaintiffs

11      vs

12  PFIZER, INC.; MCKESSON
    CORPORATION; and DOES 1-50,
13  inclusive,

                    Defendants
14

15

16      PLAINTIFFS, by and through counsel, for their Complaint against Defendants, allege as

17  follows:

18              PARTIES AND JURISDICTION

19      1.    Plaintiff **Linda Roy** is and at all relevant times a citizen and resident of the State of

20  California, Los Angeles County.  Plaintiff **Linda Roy** brings this action for personal injuries

21  sustained by the use of LIPITOR® (atorvastatin calcium), and as a direct and proximate result of

22  being prescribed and ingesting LIPITOR®, Plaintiff **Linda Roy** was diagnosed with Diabetes

23  Mellitus Type II.

24      2.    Plaintiff **Deborah Gibson** is and at all relevant times a citizen and resident of the

25  State of California.  Plaintiff **Deborah Gibson** brings this action for personal injuries sustained by

26  the use of LIPITOR® (atorvastatin calcium), and as a direct and proximate result of being

27  prescribed and ingesting LIPITOR®, Plaintiff **Deborah Gibson** was diagnosed with Diabetes

28  Mellitus Type II.

                              2

3.    Plaintiff **Janet Hanson** is and at all relevant times a citizen and resident of the State of California. Plaintiff **Janet Hanson** brings this action for personal injuries sustained by the use of LIPITOR® (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff **Janet Hanson** was diagnosed with Diabetes Mellitus Type II.

4.    Plaintiff **Evalina Roxanne Moore** is and at all relevant times a citizen and resident of the State of California. Plaintiff **Evalina Roxanne Moore** brings this action for personal injuries sustained by the use of LIPITOR® (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff **Evalina Roxanne Moore** was diagnosed with Diabetes Mellitus Type II.

5.    Plaintiff **Arlene Beckwith** is and at all relevant times a citizen and resident of the State of New York. Plaintiff **Arlene Beckwith** brings this action for personal injuries sustained by the use of LIPITOR® (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff **Arlene Beckwith** was diagnosed with Diabetes Mellitus Type II.

6.    Plaintiff **Suzanne Bieniewicz** is and at all relevant times a citizen and resident of the State of New York. Plaintiff **Suzanne Bieniewicz** brings this action for personal injuries sustained by the use of LIPITOR® (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff **Suzanne Bieniewicz** was diagnosed with Diabetes Mellitus Type II.

7.    Plaintiff **Gudfridur Bisbee** is and at all relevant times a citizen and resident of the State of Ohio. Plaintiff **Gudfridur Bisbee** brings this action for personal injuries sustained by the use of LIPITOR® (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff **Gudfridur Bisbee** was diagnosed with Diabetes Mellitus Type II.

8.    Plaintiff **Sandra Burnett** is and at all relevant times a citizen and resident of the State of New York. Plaintiff **Sandra Burnett** brings this action for personal injuries sustained by the use of LIPITOR® (atorvastatin calcium), and as a direct and proximate result of being

3

1  prescribed and ingesting LIPITOR®, Plaintiff **Sandra Burnett** was diagnosed with Diabetes

2  Mellitus Type II.

3      9.    Plaintiff **Jean Casey** is and at all relevant times a citizen and resident of the State

4  of New York. Plaintiff **Jean Casey** brings this action for personal injuries sustained by the use of

5  LIPITOR® (atorvastatin calcium), and as a direct and proximate result of being prescribed and

6  ingesting LIPITOR®, Plaintiff **Jean Casey** was diagnosed with Diabetes Mellitus Type II.

7      10.   Plaintiff **Bernice Cassidy** is and at all relevant times a citizen and resident of the

8  State of Ohio. Plaintiff **Bernice Cassidy** brings this action for personal injuries sustained by the

9  use of LIPITOR® (atorvastatin calcium), and as a direct and proximate result of being prescribed

10  and ingesting LIPITOR®, Plaintiff **Bernice Cassidy** was diagnosed with Diabetes Mellitus Type

11  II.

12      11.   Plaintiff **Josephine Chestnut** is and at all relevant times a citizen and resident of

13  the State of New York.  Plaintiff **Josephine Chestnut** brings this action for personal injuries

14  sustained by the use of LIPITOR® (atorvastatin calcium), and as a direct and proximate result of

15  being prescribed and ingesting LIPITOR®, Plaintiff **Josephine Chestnut** was diagnosed with

16  Diabetes Mellitus Type II.

17      12.   Plaintiff **Mary Clark** is and at all relevant times a citizen and resident of the State

18  of New York. Plaintiff **Mary Clark** brings this action for personal injuries sustained by the use of

19  LIPITOR® (atorvastatin calcium), and as a direct and proximate result of being prescribed and

20  ingesting LIPITOR®, Plaintiff **Mary Clark** was diagnosed with Diabetes Mellitus Type II.

21      13.   Plaintiff **Annie Coleman** is and at all relevant times a citizen and resident of the

22  State of Ohio. Plaintiff **Annie Coleman** brings this action for personal injuries sustained by the

23  use of LIPITOR® (atorvastatin calcium), and as a direct and proximate result of being prescribed

24  and ingesting LIPITOR®, Plaintiff **Annie Coleman** was diagnosed with Diabetes Mellitus Type II.

25      14.   Plaintiff **Delores Congrove** is and at all relevant times a citizen and resident of the

26  State of Ohio. Plaintiff **Delores Congrove** brings this action for personal injuries sustained by the

27  use of LIPITOR® (atorvastatin calcium), and as a direct and proximate result of being prescribed

28  and ingesting LIPITOR®, Plaintiff **Delores Congrove** was diagnosed with Diabetes Mellitus Type

II.

15.    Plaintiff **Rose Conley** is and at all relevant times a citizen and resident of the State of New York. Plaintiff **Rose Conley** brings this action for personal injuries sustained by the use of LIPITOR® (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff **Rose Conley** was diagnosed with Diabetes Mellitus Type II.

16.    Plaintiff **Mollie Corns** is and at all relevant times a citizen and resident of the State of Ohio. Plaintiff **Mollie Corns** brings this action for personal injuries sustained by the use of LIPITOR® (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff **Mollie Corns** was diagnosed with Diabetes Mellitus Type II.

17.    Plaintiff **Maria Cotto** is and at all relevant times a citizen and resident of the State of New York. Plaintiff **Maria Cotto** brings this action for personal injuries sustained by the use of LIPITOR® (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff **Maria Cotto** was diagnosed with Diabetes Mellitus Type II.

18.    Plaintiff **Shari Dann** is and at all relevant times a citizen and resident of the State of New York. Plaintiff **Shari Dann** brings this action for personal injuries sustained by the use of LIPITOR® (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff **Shari Dann** was diagnosed with Diabetes Mellitus Type II.

19.    Plaintiff **Maria Diaz** is and at all relevant times a citizen and resident of the State of New York. Plaintiff **Maria Diaz** brings this action for personal injuries sustained by the use of LIPITOR® (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff **Maria Diaz** was diagnosed with Diabetes Mellitus Type II.

20.    Plaintiff **Carol Ebert** is and at all relevant times a citizen and resident of the State of Ohio. Plaintiff **Carol Ebert** brings this action for personal injuries sustained by the use of LIPITOR® (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff **Carol Ebert** was diagnosed with Diabetes Mellitus Type II.

21.    Plaintiff **Bernita Elko** is and at all relevant times a citizen and resident of the State of Ohio. Plaintiff **Bernita Elko** brings this action for personal injuries sustained by the use of LIPITOR® (atorvastatin calcium), and as a direct and proximate result of being prescribed and

5

1  ingesting LIPITOR®, Plaintiff **Bernita Elko** was diagnosed with Diabetes Mellitus Type II.

2      22.    Plaintiff **Lessie Elza** is and at all relevant times a citizen and resident of the State

3  of Ohio.  Plaintiff **Lessie Elza** brings this action for personal injuries sustained by the use of

4  LIPITOR® (atorvastatin calcium), and as a direct and proximate result of being prescribed and

5  ingesting LIPITOR®, Plaintiff **Lessie Elza** was diagnosed with Diabetes Mellitus Type II.

6      23.    Plaintiff **Donna Emerson** is and at all relevant times a citizen and resident of the

7  State of Ohio.  Plaintiff **Donna Emerson** brings this action for personal injuries sustained by the

8  use of LIPITOR® (atorvastatin calcium), and as a direct and proximate result of being prescribed

9  and ingesting LIPITOR®, Plaintiff **Donna Emerson** was diagnosed with Diabetes Mellitus Type

10  II.

11      24.    Plaintiff **Luz Escalera** is and at all relevant times a citizen and resident of the State

12  of New York.  Plaintiff **Luz Escalera** brings this action for personal injuries sustained by the use

13  of LIPITOR® (atorvastatin calcium), and as a direct and proximate result of being prescribed and

14  ingesting LIPITOR®, Plaintiff **Luz Escalera** was diagnosed with Diabetes Mellitus Type II.

15      25.    Plaintiff **Lelia Ferguson** is and at all relevant times a citizen and resident of the

16  State of Ohio.  Plaintiff **Lelia Ferguson** brings this action for personal injuries sustained by the

17  use of LIPITOR® (atorvastatin calcium), and as a direct and proximate result of being prescribed

18  and ingesting LIPITOR®, Plaintiff **Lelia Ferguson** was diagnosed with Diabetes Mellitus Type II.

19      26.    Plaintiff **Karen Fetherolf** is and at all relevant times a citizen and resident of the

20  State of Ohio.  Plaintiff **Karen Fetherolf** brings this action for personal injuries sustained by the

21  use of LIPITOR® (atorvastatin calcium), and as a direct and proximate result of being prescribed

22  and ingesting LIPITOR®, Plaintiff **Karen Fetherolf** was diagnosed with Diabetes Mellitus Type

23  II.

24      27.    Plaintiff **Yolanda R. Flanagan** is and at all relevant times a citizen and resident of

25  the State of Ohio.  Plaintiff **Yolanda R. Flanagan** brings this action for personal injuries sustained

26  by the use of LIPITOR® (atorvastatin calcium), and as a direct and proximate result of being

27  prescribed and ingesting LIPITOR®, Plaintiff **Yolanda R. Flanagan** was diagnosed with Diabetes

28  Mellitus Type II.

28.   Plaintiff **Theresa Flowers** is and at all relevant times a citizen and resident of the State of Nevada.  Plaintiff **Theresa Flowers** brings this action for personal injuries sustained by the use of LIPITOR® (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff **Theresa Flowers** was diagnosed with Diabetes Mellitus Type II.

29.   Plaintiff **Vickie Foresman** is and at all relevant times a citizen and resident of the State of Ohio.  Plaintiff **Vickie Foresman** brings this action for personal injuries sustained by the use of LIPITOR® (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff **Vickie Foresman** was diagnosed with Diabetes Mellitus Type II.

30.   Plaintiff **Cynthia Fortson** is and at all relevant times a citizen and resident of the State of Ohio.  Plaintiff **Cynthia Fortson** brings this action for personal injuries sustained by the use of LIPITOR® (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff **Cynthia Fortson** was diagnosed with Diabetes Mellitus Type II.

31.   Plaintiff **Anna Gresko** is and at all relevant times a citizen and resident of the State of Ohio.  Plaintiff **Anna Gresko** brings this action for personal injuries sustained by the use of LIPITOR® (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff **Anna Gresko** was diagnosed with Diabetes Mellitus Type II.

32.   Plaintiff **Gladys Guadalupe** is and at all relevant times a citizen and resident of the State of New York.  Plaintiff **Gladys Guadalupe** brings this action for personal injuries sustained by the use of LIPITOR® (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff **Gladys Guadalupe** was diagnosed with Diabetes Mellitus Type II.

33.   Plaintiff **Jessie Hamilton** is and at all relevant times a citizen and resident of the State of Ohio.  Plaintiff **Jessie Hamilton** brings this action for personal injuries sustained by the use of LIPITOR® (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff **Jessie Hamilton** was diagnosed with Diabetes Mellitus Type

7

II.

34.    Plaintiff **Sandra Haun** is and at all relevant times a citizen and resident of the State of New York.  Plaintiff **Sandra Haun** brings this action for personal injuries sustained by the use of LIPITOR® (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff **Sandra Haun** was diagnosed with Diabetes Mellitus Type II.

35.    Plaintiff **Kimberlea Haynes** is and at all relevant times a citizen and resident of the State of Ohio.  Plaintiff **Kimberlea Haynes** brings this action for personal injuries sustained by the use of LIPITOR® (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff **Kimberlea Haynes** was diagnosed with Diabetes Mellitus Type II.

36.    Plaintiff **Martha Hicks** is and at all relevant times a citizen and resident of the State of New York.  Plaintiff **Martha Hicks** brings this action for personal injuries sustained by the use of LIPITOR® (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff **Martha Hicks** was diagnosed with Diabetes Mellitus Type II.

37.    Plaintiff **Emma Hickson** is and at all relevant times a citizen and resident of the State of Ohio.  Plaintiff **Emma Hickson** brings this action for personal injuries sustained by the use of LIPITOR® (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff **Emma Hickson** was diagnosed with Diabetes Mellitus Type II.

38.    Plaintiff **Shirley Hudson** is and at all relevant times a citizen and resident of the State of Ohio.  Plaintiff **Shirley Hudson** brings this action for personal injuries sustained by the use of LIPITOR® (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff **Shirley Hudson** was diagnosed with Diabetes Mellitus Type II.

39.    Plaintiff **Carmella Jackson** is and at all relevant times a citizen and resident of the State of Nevada.  Plaintiff **Carmella Jackson** brings this action for personal injuries sustained by the use of LIPITOR® (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff **Carmella Jackson** was diagnosed with Diabetes Mellitus Type II.

COMPLAINT FOR DAMAGES

40.    Plaintiff **Rhodella Jones** is and at all relevant times a citizen and resident of the State of Ohio. Plaintiff **Rhodella Jones** brings this action for personal injuries sustained by the use of LIPITOR® (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff **Rhodella Jones** was diagnosed with Diabetes Mellitus Type II.

41.    Plaintiff **Jeanie Jurgeit** is and at all relevant times a citizen and resident of the State of Nevada. Plaintiff **Jeanie Jurgeit** brings this action for personal injuries sustained by the use of LIPITOR® (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff **Jeanie Jurgeit** was diagnosed with Diabetes Mellitus Type II.

42.    Plaintiff **Carol Kelley** is and at all relevant times a citizen and resident of the State of New York. Plaintiff **Carol Kelley** brings this action for personal injuries sustained by the use of LIPITOR® (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff **Carol Kelley** was diagnosed with Diabetes Mellitus Type II.

43.    Plaintiff **Susan Kennedy** is and at all relevant times a citizen and resident of the State of New York. Plaintiff **Susan Kennedy** brings this action for personal injuries sustained by the use of LIPITOR® (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff **Susan Kennedy** was diagnosed with Diabetes Mellitus Type II.

44.    Plaintiff **Robin Labertagavadin** is and at all relevant times a citizen and resident of the State of New York. Plaintiff **Robin Labertagavadin** brings this action for personal injuries sustained by the use of LIPITOR® (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff **Robin Labertagavadin** was diagnosed with Diabetes Mellitus Type II.

45.    Plaintiff **Marlene Lavango** is and at all relevant times a citizen and resident of the State of New York. Plaintiff **Marlene Lavango** brings this action for personal injuries sustained by the use of LIPITOR® (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff **Marlene Lavango** was diagnosed with Diabetes Mellitus Type II.

46.    Plaintiff **Lori Lawrence** is and at all relevant times a citizen and resident of the

9

1   State of Ohio.  Plaintiff **Lori Lawrence** brings this action for personal injuries sustained by the
2   use of LIPITOR® (atorvastatin calcium), and as a direct and proximate result of being prescribed
3   and ingesting LIPITOR®, Plaintiff **Lori Lawrence** was diagnosed with Diabetes Mellitus Type II.

4       47.    Plaintiff **Donna Lawson** is and at all relevant times a citizen and resident of the
5   State of Nevada.  Plaintiff **Donna Lawson** brings this action for personal injuries sustained by the
6   use of LIPITOR® (atorvastatin calcium), and as a direct and proximate result of being prescribed
7   and ingesting LIPITOR®, Plaintiff **Donna Lawson** was diagnosed with Diabetes Mellitus Type II.

8       48.    Plaintiff **Donna Lewis** is and at all relevant times a citizen and resident of the State
9   of Ohio.  Plaintiff **Donna Lewis** brings this action for personal injuries sustained by the use of
10  LIPITOR® (atorvastatin calcium), and as a direct and proximate result of being prescribed and
11  ingesting LIPITOR®, Plaintiff **Donna Lewis** was diagnosed with Diabetes Mellitus Type II.

12      49.    Plaintiff **Sandra Lewis** is and at all relevant times a citizen and resident of the
13  State of New York.  Plaintiff **Sandra Lewis** brings this action for personal injuries sustained by
14  the use of LIPITOR® (atorvastatin calcium), and as a direct and proximate result of being
15  prescribed and ingesting LIPITOR®, Plaintiff **Sandra Lewis** was diagnosed with Diabetes
16  Mellitus Type II.

17      50.    Plaintiff **Mary Lott** is and at all relevant times a citizen and resident of the State of
18  New Jersey.  Plaintiff **Mary Lott** brings this action for personal injuries sustained by the use of
19  LIPITOR® (atorvastatin calcium), and as a direct and proximate result of being prescribed and
20  ingesting LIPITOR®, Plaintiff **Mary Lott** was diagnosed with Diabetes Mellitus Type II.

21      51.    Plaintiff **Margaret Martin** is and at all relevant times a citizen and resident of the
22  State of Ohio.  Plaintiff **Margaret Martin** brings this action for personal injuries sustained by the
23  use of LIPITOR® (atorvastatin calcium), and as a direct and proximate result of being prescribed
24  and ingesting LIPITOR®, Plaintiff **Margaret Martin** was diagnosed with Diabetes Mellitus Type
25  II.

26      52.    Plaintiff **Mary McKnight** is and at all relevant times a citizen and resident of the
27  State of Nevada.  Plaintiff **Mary McKnight** brings this action for personal injuries sustained by
28  the use of LIPITOR® (atorvastatin calcium), and as a direct and proximate result of being

10

1  prescribed and ingesting LIPITOR®, Plaintiff **Mary McKnight** was diagnosed with Diabetes

2  Mellitus Type II.

3      53.    Plaintiff **Dougletha McNeal** is and at all relevant times a citizen and resident of the

4  State of New Jersey. Plaintiff **Dougletha McNeal** brings this action for personal injuries

5  sustained by the use of LIPITOR® (atorvastatin calcium), and as a direct and proximate result of

6  being prescribed and ingesting LIPITOR®, Plaintiff **Dougletha McNeal** was diagnosed with

7  Diabetes Mellitus Type II.

8      54.    Plaintiff **Linda S. Moran** is and at all relevant times a citizen and resident of the

9  State of Ohio. Plaintiff **Linda S. Moran** brings this action for personal injuries sustained by the

10  use of LIPITOR® (atorvastatin calcium), and as a direct and proximate result of being prescribed

11  and ingesting LIPITOR®, Plaintiff **Linda S. Moran** was diagnosed with Diabetes Mellitus Type

12  II.

13      55.    Plaintiff **Judith Morgan** is and at all relevant times a citizen and resident of the

14  State of Ohio. Plaintiff **Judith Morgan** brings this action for personal injuries sustained by the

15  use of LIPITOR® (atorvastatin calcium), and as a direct and proximate result of being prescribed

16  and ingesting LIPITOR®, Plaintiff **Judith Morgan** was diagnosed with Diabetes Mellitus Type II.

17      56.    Plaintiff **Linda Morton** is and at all relevant times a citizen and resident of the

18  State of Nevada. Plaintiff **Linda Morton** brings this action for personal injuries sustained by the

19  use of LIPITOR® (atorvastatin calcium), and as a direct and proximate result of being prescribed

20  and ingesting LIPITOR®, Plaintiff **Linda Morton** was diagnosed with Diabetes Mellitus Type II.

21      57.    Plaintiff **LyVonne Moss** is and at all relevant times a citizen and resident of the

22  State of Ohio. Plaintiff **LyVonne Moss** brings this action for personal injuries sustained by the

23  use of LIPITOR® (atorvastatin calcium), and as a direct and proximate result of being prescribed

24  and ingesting LIPITOR®, Plaintiff **LyVonne Moss** was diagnosed with Diabetes Mellitus Type II.

25      58.    Plaintiff **Lena Murch** is and at all relevant times a citizen and resident of the State

26  of New York. Plaintiff **Lena Murch** brings this action for personal injuries sustained by the use

27  of LIPITOR® (atorvastatin calcium), and as a direct and proximate result of being prescribed and

28  ingesting LIPITOR®, Plaintiff **Lena Murch** was diagnosed with Diabetes Mellitus Type II.

<div align="center">11</div>

<div align="center">COMPLAINT FOR DAMAGES</div>

59.    Plaintiff **Anita Operario** is and at all relevant times a citizen and resident of the State of Nevada. Plaintiff **Anita Operario** brings this action for personal injuries sustained by the use of LIPITOR® (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff **Anita Operario** was diagnosed with Diabetes Mellitus Type II.

60.    Plaintiff **Michelena Parker** is and at all relevant times a citizen and resident of the State of New York. Plaintiff **Michelena Parker** brings this action for personal injuries sustained by the use of LIPITOR® (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff **Michelena Parker** was diagnosed with Diabetes Mellitus Type II.

61.    Plaintiff **Virginia Petak** is and at all relevant times a citizen and resident of the State of Ohio. Plaintiff **Virginia Petak** brings this action for personal injuries sustained by the use of LIPITOR® (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff **Virginia Petak** was diagnosed with Diabetes Mellitus Type II.

62.    Plaintiff **Carol Peters** is and at all relevant times a citizen and resident of the State of Ohio. Plaintiff **Carol Peters** brings this action for personal injuries sustained by the use of LIPITOR® (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff **Carol Peters** was diagnosed with Diabetes Mellitus Type II.

63.    Plaintiff **Nina Porter** is and at all relevant times a citizen and resident of the State of New York. Plaintiff **Nina Porter** brings this action for personal injuries sustained by the use of LIPITOR® (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff **Nina Porter** was diagnosed with Diabetes Mellitus Type II.

64.    Plaintiff **Emma Pratt** is and at all relevant times a citizen and resident of the State of New Jersey. Plaintiff **Emma Pratt** brings this action for personal injuries sustained by the use of LIPITOR® (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff **Emma Pratt** was diagnosed with Diabetes Mellitus Type II.

65.    Plaintiff **Minette Price** is and at all relevant times a citizen and resident of the State of New York. Plaintiff **Minette Price** brings this action for personal injuries sustained by the use of LIPITOR® (atorvastatin calcium), and as a direct and proximate result of being prescribed and

12

1    ingesting LIPITOR®, Plaintiff **Minette Price** was diagnosed with Diabetes Mellitus Type II.

2        66.    Plaintiff **Patti Reeder** is and at all relevant times a citizen and resident of the State

3    of Ohio.  Plaintiff **Patti Reeder** brings this action for personal injuries sustained by the use of

4    LIPITOR® (atorvastatin calcium), and as a direct and proximate result of being prescribed and

5    ingesting LIPITOR®, Plaintiff **Patti Reeder** was diagnosed with Diabetes Mellitus Type II.

6        67.    Plaintiff **Nora Reynolds** is and at all relevant times a citizen and resident of the

7    State of New Jersey.  Plaintiff **Nora Reynolds** brings this action for personal injuries sustained by

8    the use of LIPITOR® (atorvastatin calcium), and as a direct and proximate result of being

9    prescribed and ingesting LIPITOR®, Plaintiff **Nora Reynolds** was diagnosed with Diabetes

10   Mellitus Type II.

11       68.    Plaintiff **Elizabeth Rhoads** is and at all relevant times a citizen and resident of the

12   State of Ohio.  Plaintiff **Elizabeth Rhoads** brings this action for personal injuries sustained by the

13   use of LIPITOR® (atorvastatin calcium), and as a direct and proximate result of being prescribed

14   and ingesting LIPITOR®, Plaintiff **Elizabeth Rhoads** was diagnosed with Diabetes Mellitus Type

15   II.

16       69.    Plaintiff **Anna Rider** is and at all relevant times a citizen and resident of the State

17   of Nevada.  Plaintiff **Anna Rider** brings this action for personal injuries sustained by the use of

18   LIPITOR® (atorvastatin calcium), and as a direct and proximate result of being prescribed and

19   ingesting LIPITOR®, Plaintiff **Anna Rider** was diagnosed with Diabetes Mellitus Type II.

20       70.    Plaintiff **Lachelle Rogers** is and at all relevant times a citizen and resident of the

21   State of Ohio.  Plaintiff **Lachelle Rogers** brings this action for personal injuries sustained by the

22   use of LIPITOR® (atorvastatin calcium), and as a direct and proximate result of being prescribed

23   and ingesting LIPITOR®, Plaintiff **Lachelle Rogers** was diagnosed with Diabetes Mellitus Type

24   II.

25       71.    Plaintiff **Lois Rosenhahn** is and at all relevant times a citizen and resident of the

26   State of New York.  Plaintiff **Lois Rosenhahn** brings this action for personal injuries sustained by

27   the use of LIPITOR® (atorvastatin calcium), and as a direct and proximate result of being

28   prescribed and ingesting LIPITOR®, Plaintiff **Lois Rosenhahn** was diagnosed with Diabetes

13

1    Mellitus Type II.

2        72.    Plaintiff **Poonia Samuel** is and at all relevant times a citizen and resident of the

3    State of New York. Plaintiff **Poonia Samuel** brings this action for personal injuries sustained by

4    the use of LIPITOR® (atorvastatin calcium), and as a direct and proximate result of being

5    prescribed and ingesting LIPITOR®, Plaintiff **Poonia Samuel** was diagnosed with Diabetes

6    Mellitus Type II.

7        73.    Plaintiff **Linda Saurer** is and at all relevant times a citizen and resident of the State

8    of Ohio. Plaintiff **Linda Saurer** brings this action for personal injuries sustained by the use of

9    LIPITOR® (atorvastatin calcium), and as a direct and proximate result of being prescribed and

10   ingesting LIPITOR®, Plaintiff **Linda Saurer** was diagnosed with Diabetes Mellitus Type II.

11       74.    Plaintiff **Christine Shafer** is and at all relevant times a citizen and resident of the

12   State of New York. Plaintiff **Christine Shafer** brings this action for personal injuries sustained by

13   the use of LIPITOR® (atorvastatin calcium), and as a direct and proximate result of being

14   prescribed and ingesting LIPITOR®, Plaintiff **Christine Shafer** was diagnosed with Diabetes

15   Mellitus Type II.

16       75.    Plaintiff **Bernadette Sirocka** is and at all relevant times a citizen and resident of

17   the State of New Jersey. Plaintiff **Bernadette Sirocka** brings this action for personal injuries

18   sustained by the use of LIPITOR® (atorvastatin calcium), and as a direct and proximate result of

19   being prescribed and ingesting LIPITOR®, Plaintiff **Bernadette Sirocka** was diagnosed with

20   Diabetes Mellitus Type II.

21       76.    Plaintiff **Ella Smith** is and at all relevant times a citizen and resident of the State of

22   Ohio. Plaintiff **Ella Smith** brings this action for personal injuries sustained by the use of

23   LIPITOR® (atorvastatin calcium), and as a direct and proximate result of being prescribed and

24   ingesting LIPITOR®, Plaintiff **Ella Smith** was diagnosed with Diabetes Mellitus Type II.

25       77.    Plaintiff **Tonia Smith** is and at all relevant times a citizen and resident of the State

26   of New York. Plaintiff **Tonia Smith** brings this action for personal injuries sustained by the use

27   of LIPITOR® (atorvastatin calcium), and as a direct and proximate result of being prescribed and

28   ingesting LIPITOR®, Plaintiff **Tonia Smith** was diagnosed with Diabetes Mellitus Type II.

<div align="center">14</div>

<div align="center">COMPLAINT FOR DAMAGES</div>

78.    Plaintiff **Patricia Soskin** is and at all relevant times a citizen and resident of the State of Nevada. Plaintiff **Patricia Soskin** brings this action for personal injuries sustained by the use of LIPITOR® (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff **Patricia Soskin** was diagnosed with Diabetes Mellitus Type II.

79.    Plaintiff **Terry Springer** is and at all relevant times a citizen and resident of the State of Nevada. Plaintiff **Terry Springer** brings this action for personal injuries sustained by the use of LIPITOR® (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff **Terry Springer** was diagnosed with Diabetes Mellitus Type II.

80.    Plaintiff **Cheryl Starcher** is and at all relevant times a citizen and resident of the State of Ohio. Plaintiff **Cheryl Starcher** brings this action for personal injuries sustained by the use of LIPITOR® (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff **Cheryl Starcher** was diagnosed with Diabetes Mellitus Type II.

81.    Plaintiff **Carol Steiniger** is and at all relevant times a citizen and resident of the State of New Jersey. Plaintiff **Carol Steiniger** brings this action for personal injuries sustained by the use of LIPITOR® (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff **Carol Steiniger** was diagnosed with Diabetes Mellitus Type II.

82.    Plaintiff **Janice Stewart** is and at all relevant times a citizen and resident of the State of New Jersey. Plaintiff **Janice Stewart** brings this action for personal injuries sustained by the use of LIPITOR® (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff **Janice Stewart** was diagnosed with Diabetes Mellitus Type II.

83.    Plaintiff **Laura Stewart** is and at all relevant times a citizen and resident of the State of New Jersey. Plaintiff **Laura Stewart** brings this action for personal injuries sustained by the use of LIPITOR® (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff **Laura Stewart** was diagnosed with Diabetes Mellitus Type II.

84.   Plaintiff **Beatrice Tucker** is and at all relevant times a citizen and resident of the State of New York.  Plaintiff **Beatrice Tucker** brings this action for personal injuries sustained by the use of LIPITOR® (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff **Beatrice Tucker** was diagnosed with Diabetes Mellitus Type II.

85.   Plaintiff **Kathie Van Epps** is and at all relevant times a citizen and resident of the State of New York.  Plaintiff **Kathie Van Epps** brings this action for personal injuries sustained by the use of LIPITOR® (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff **Kathie Van Epps** was diagnosed with Diabetes Mellitus Type II.

86.   Plaintiff **Gila Van Valkenburg** is and at all relevant times a citizen and resident of the State of New York.  Plaintiff **Gila Van Valkenburg** brings this action for personal injuries sustained by the use of LIPITOR® (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff **Gila Van Valkenburg** was diagnosed with Diabetes Mellitus Type II.

87.   Plaintiff **Carolyn Wahl** is and at all relevant times a citizen and resident of the State of New York.  Plaintiff **Carolyn Wahl** brings this action for personal injuries sustained by the use of LIPITOR® (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff **Carolyn Wahl** was diagnosed with Diabetes Mellitus Type II.

88.   Plaintiff **Barbara Weintraub** is and at all relevant times a citizen and resident of the State of New York.  Plaintiff **Barbara Weintraub** brings this action for personal injuries sustained by the use of LIPITOR® (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff **Barbara Weintraub** was diagnosed with Diabetes Mellitus Type II.

89.   Plaintiff **Dolores Wiest** is and at all relevant times a citizen and resident of the State of New Jersey.  Plaintiff **Dolores Wiest** brings this action for personal injuries sustained by the use of LIPITOR® (atorvastatin calcium), and as a direct and proximate result of being

16

1  prescribed and ingesting LIPITOR®, Plaintiff **Dolores Wiest** was diagnosed with Diabetes

2  Mellitus Type II.

3      90.    Plaintiff **Barbara Williams** is and at all relevant times a citizen and resident of the

4  State of New Jersey. Plaintiff **Barbara Williams** brings this action for personal injuries sustained

5  by the use of LIPITOR® (atorvastatin calcium), and as a direct and proximate result of being

6  prescribed and ingesting LIPITOR®, Plaintiff **Barbara Williams** was diagnosed with Diabetes

7  Mellitus Type II.

8      91.    The Defendant PFIZER, INC., (hereafter referred to as "PFIZER") is a corporation

9  or business entity organized and existing under the laws of the State of Delaware, with its

10  principal place of business in New York, New York.

11      92.    At all relevant times, Defendant PFIZER, INC. conducted regular and sustained

12  business in California by selling and distributing its products and services in California, and

13  engaged in substantial commerce and business activities in all counties of California.

14      93.    Defendant MCKESSON CORPORATION was and is a corporation organized and

15  existing under the laws of the State of Delaware, with its principal place of business at One Post

16  Street, San Francisco, California 94104. MCKESSON CORPORATION touts itself as, among

17  other things: (1) the largest pharmaceutical distributor in North America distributing one-third of

18  the medications used daily in North America, (2) the nation's leading health care information

19  technology company, and (3) a provider of "decision support" software to help physicians

20  determine the best possible clinical diagnosis and treatment plans for patients.

21      94.    At all relevant times, Defendant MCKESSON CORPORATION conducted regular

22  and sustained business in California by selling and distributing its products and services in

23  California, and engaged in substantial commerce and business activities in all counties of

24  California.

25      95.    The true names or capacities, whether individual, corporate, or otherwise, of

26  Defendants Does 1-50, are unknown to Plaintiffs, who therefore sues said Defendants by such

27  fictitious names. Plaintiffs believes and alleges that each of the Defendants designated herein by

28  fictitious names is in some manner legally responsible for the events and happenings herein

17

1   referred to and proximately caused foreseeable damages to Plaintiffs as alleged herein.

2       96.   All Defendants are authorized to do business in California and derive substantial

3   income from doing business in this state.

4       97.   As used herein, "Defendants" includes all named Defendants as well as Does 1-50.

5       98.   Upon information and belief, Defendants purposefully availed themselves of the

6   privilege of conducting activities with California, thus invoking the benefits and protections of its

7   laws.

8       99.   This court has personal jurisdiction over the Defendants named herein because said

9   Defendants have sufficient minimum contacts with the forum state upon which to predicate

10  personal jurisdiction.

11                     **GENERAL ALLEGATIONS**

12      100.   This is a civil action brought on behalf of Plaintiffs regarding damages which were

13  proximately caused by the ingestion of LIPITOR® by Plaintiffs.

14      101.   The State of California has a substantial interest in assuring that the acts of these

15  Defendants who have been given the privilege of doing business in its borders act in conformity

16  with all laws applicable to the acts as set forth in this Complaint.

17      102.   At all times relevant herein, Defendants were in the business of designing, testing,

18  manufacturing, labeling, advertising, marketing, testing, promoting, selling, and distributing

19  pharmaceuticals, including LIPITOR®, and other products for use by the mainstream public,

20  including Plaintiffs.

21      103.   LIPITOR® was designed, manufactured, marketed, distributed and sold to the

22  Plaintiffs by one or more Defendants, and more specifically, upon information and belief,

23  Defendant McKesson did distribute the LIPITOR® Plaintiffs ingested, which gives rise to the

24  causes of action and the injuries sustained as a direct and proximate result of such ingestion.

25      104.   LIPITOR® is prescribed to reduce the amount of cholesterol and other fatty

26  substances in the blood.

27      105.   Parke-Davis Pharmaceutical Research, a division of Warner-Lambert Company,

28  obtained approval from the Food and Drug Administration ("FDA") to market LIPITOR® on

December 17, 1996. Warner-Lambert entered into a co-marketing agreement with Pfizer to sell LIPITOR®, and thereafter those companies began distributing and selling LIPITOR® throughout the United States in 1997. On June 19, 2000 Pfizer acquired Warner Lambert and all rights to LIPITOR®.

106. Despite its knowledge of data indicating that LIPITOR® use is causally related to the development of type 2 diabetes and/or blood glucose levels diagnostic for type 2 diabetes, Pfizer promoted and marketed LIPITOR® as safe and effective for persons such as Plaintiffs throughout the United States, including in the State of California.

107. On August 11, 2011, the Division of Metabolism and Endocrinology Products of the FDA requested that Defendant Pfizer make labeling changes for LIPITOR® based upon the FDA's comprehensive review, including clinical trial data.

108. In February 2012, Pfizer added the following language to its Warnings and Precautions Section: "Increases in HbA1c and fasting serum glucose levels have been reported with HMG-CoA reductase inhibitors, including LIPITOR®."

109. Despite the February 2012 label change, LIPITOR®'s label continued to fail to clearly warn consumers of the serious risk of developing type 2 diabetes per se when using LIPITOR®.

110. Defendants sold, or aided and abetted in the sale of LIPITOR®, which was and is defective and unreasonably dangerous. At all pertinent times, Defendants knew, or should have known, that LIPITOR® was and is hazardous to human health.

111. Defendants, through its funding and control of certain studies concerning the effects of LIPITOR® on human health, their control over trade publications, promoting, marketing, and/or through other agreements, understandings and joint undertakings and enterprises, conspired with, cooperated with and/or assisted in the wrongful suppression, active concealment and/or misrepresentation of the true relationship between LIPITOR® and type 2 diabetes, to the detriment of the public health, safety, and welfare, and thereby causing harm to the State.

112. Specifically, and in addition to the allegations above, Defendants knew of the

19

hazards associated with LIPITOR®, affirmatively and actively concealed information which clearly demonstrated the dangers of LIPITOR®, and affirmatively misled the public and prescribing physicians with regard to the material and clear risks of LIPITOR® with the intent that prescribing physicians would continue to prescribe LIPITOR®. Defendants well knew that prescribing physicians would not be in a position to know the true risks of LIPITOR®, and Defendants knew that prescribing physicians would rely upon the misleading information that they promulgated.

113.   At all pertinent times, Defendants purposefully and intentionally engaged in these activities, and continue to do so, knowing full well that when the general public, including Plaintiffs, use LIPITOR® as Defendants intended, that Plaintiffs would be substantially certain to suffer disease, injury, and sickness.

114.   The statements, representations, and promotional schemes publicized by Defendants were deceptive, false, incomplete, misleading, and untrue. Defendants knew, or should have known, that its statements, representations, and advertisements were deceptive, false, incomplete, misleading, and untrue at the time of making such statements. Defendants had an economic interest in making such statements. Neither the Plaintiffs nor the physicians who prescribed LIPITOR® to her had knowledge of the falsity or untruth of Defendants' statements, representations, and advertisements when prescriptions for LIPITOR® were written. Moreover, Plaintiffs and Plaintiffs' physician(s) had a right to rely on Defendants' statements, representations, and advertisements. Each of the statements, representations, and advertisements were material to the Plaintiffs' purchase of LIPITOR® in that the Plaintiffs would not have purchased LIPITOR® if Plaintiffs had known that Defendants' statements, representations, and advertisements were deceptive, false, incomplete, misleading, and untrue. These acts were designed to and did in fact allow Defendants to earn substantial income from the sale of LIPITOR®.

115.   Plaintiffs had a right to rely upon the representations of Defendants and were directly and proximately injured by such reliance, all as described above.

116.   Had Plaintiffs and/or Plaintiffs' physicians been adequately warned of the increased

20

1    risk of injuries and life threatening side effects, they would have chosen alternative treatments and

2    avoided LIPITOR®'s injuries and potential life threatening side effects.

3    117.    Plaintiffs were prescribed LIPITOR® by a physician(s) authorized to prescribe

4    LIPITOR®, ingested LIPITOR® as prescribed, and as a result suffered damages and injury.

5    118.    Plaintiffs developed injuries associated with elevated blood glucose levels

6    including but not limited to type 2 diabetes after initiating her LIPITOR® treatment.

7    119.    Defendants negligently, recklessly, and wantonly failed to warn Plaintiffs,

8    Plaintiffs' physicians, and the general public, of the risks associated with taking LIPITOR®.

9    Defendants failed to do so even after various studies, including their own, showed that there were

10    problems concerning the risk of diabetes associated with LIPITOR®.

11    120.    Defendants endeavored to deceive Plaintiffs and the general public by not

12    disclosing the findings of the various studies, including its own that revealed problems concerning

13    the dangers of LIPITOR®.

14    121.    Further, Defendants did not provide warnings and instructions that would have put

15    Plaintiffs, Plaintiffs' physicians, and the general public, on notice of the dangers and adverse

16    effects caused by LIPITOR®.

17    122.    LIPITOR® as designed, manufactured, distributed, sold, and/or supplied by

18    Defendants was defective as marketed due to inadequate warnings, instructions, and/or labeling.

19    123.    LIPITOR® as designed, manufactured, distributed, sold, and/or supplied by

20    Defendants was defective due to inadequate testing before and after Defendants' knowledge of the

21    various studies, including their own, evidencing the rightful concerns over the risks of diabetes

22    and diabetes-related injuries associated with LIPITOR®.

23    124.    The acts, conduct and omissions of Defendants, and each of them, as alleged

24    throughout this Complaint were fraudulent, willful and malicious and were done with a conscious

25    disregard for the rights of Plaintiffs and Decedents and other users of LIPITOR®, and for the

26    primary purpose of increasing Defendant's profits from the sale and distribution of LIPITOR®.

27    Defendants' outrageous and unconscionable conduct warrants an award of exemplary and punitive

28    damages against each Defendant in an amount appropriate to punish and make an example of each

1  Defendant.

2      125.  Defendants' conduct was despicable, and so contemptible that it would be looked

3  down upon and despised by ordinary decent people, and was carried on by Defendants with willful

4  and conscious disregard for safety, entitling Plaintiffs to exemplary damages under Civil Code §

5  3294.

6      126.  Plaintiffs file this lawsuit within the applicable limitations period of first suspecting

7  that LIPITOR® was the cause of any appreciable harm sustained by Plaintiffs, within the

8  applicable limitations period of first suspecting or having reason to suspect any wrongdoing, and

9  within the applicable limitations period of first discovering the injuries. The nature of the

10  Plaintiffs' injuries and their relationship to LIPITOR® use were inherently undiscoverable, and,

11  consequently, the discovery rule should be applied to toll the running of the statute of limitations

12  until Plaintiffs knew or through the exercise of reasonable care and diligence should have known

13  of the existence of their claims against Defendants. Plaintiffs did not discover, and through the

14  exercise of reasonable care and due diligence, could not have discovered, their injuries earlier.

15      Further, Plaintiffs did not have knowledge of facts that would lead a reasonable, prudent

16  person to make inquiry to discover Defendants' tortious conduct. Under appropriate application of

17  the discovery rule, Plaintiffs' suit was filed well within the applicable statutory limitations period.

18      127.  Defendants are estopped from asserting a statute of limitations defense because

19  they fraudulently concealed from Plaintiffs the nature of Plaintiffs' injuries and the connection

20  between the injury and LIPITOR®.

21      128.  Defendants have over-promoted LIPITOR®, thus eliminating a defense of learned

22  intermediary.

23      129.  LIPITOR® fails to meet reasonable consumer expectations, thus eliminating the

24  defense of learned intermediary.

25      130.  Defendants failed to properly disclose to the FDA and the public, information

26  necessary to allow an informed decision to be made with regard to the contents of the label and/or

27  the approved uses of LIPITOR®.

28      131.  Plaintiffs have reviewed their potential legal claims and causes of action against the

22

COMPLAINT FOR DAMAGES

1   Defendants and have intentionally chosen only to pursue claims based on state-law. Any

2   reference to any federal agency, regulation or rule is stated solely as background information and

3   does not raise a federal question. Plaintiffs have chosen to only pursue claims based on state-law

4   and are not making any claims that raise federal questions. Defendant McKesson is a California

5   resident corporation with its principal place of business in California and its liability herein as

6   manufacturer of LIABILITY® is so intertwined with the liability of Pfizer that no claims arising

7   out of use of LIPITOR® can be severed or removed. Additionally, Pfizer, Inc. conducted regular

8   and sustained business in California by selling and distributing its products and services in

9   California, and engaged in substantial commerce and business activities in all counties of

10   California and as such has purposefully availed itself of the privilege of conducting activities with

11   California. Accordingly, Plaintiffs contend that California State jurisdiction and venue is proper.

12       132.    For each Count hereinafter alleged and averred, the above and following

13   Paragraphs should be considered re-alleged as if fully rewritten.

14                              **FIRST CAUSE OF ACTION**

15                      **STRICT LIABILITY - FAILURE TO WARN**

16       133.    Defendants defectively designed and manufactured LIPITOR®, which was

17   marketed to physicians and the general public, including Plaintiffs.

18       134.    Plaintiffs ingested LIPITOR® for the treatment and control of high cholesterol,

19   which was the foreseeable and intended use of LIPITOR®.

20       135.    LIPITOR® failed to perform as safely as an ordinary consumer would expect, as

21   the use of LIPITOR® was associated with an increased risk of severe, physical injury, or death,

22   resulting from type 2 diabetes.

23       136.    LIPITOR® was defective at the time from the time of manufacture, development,

24   production, testing, inspection, prescription, sale, distribution and ultimate use by Plaintiffs, in that

25   the warnings, instructions and directions failed to warn of the dangerous risks posed by

26   LIPITOR®. At all times material hereto, The Defendants knew or should have known about of

27   the defective condition and risks associated with ingesting LIPITOR® as previously set forth

28   herein.

<div align="center">

23

COMPLAINT FOR DAMAGES
</div>

137.   Plaintiffs, their prescribing physicians and healthcare providers, neither knew, nor had reason to know at the time of their use of LIPITOR® of the existence of the aforementioned defects. Ordinary consumers would not have recognized the potential risks or side effects for which Defendants failed to include appropriate warnings.

138.   At all times material hereto, Defendants failed to provide Plaintiffs the warnings or instructions a manufacturer exercising reasonable care would have provided concerning the risk which ultimately caused Plaintiffs' injuries.

139.   At all times material hereto, Defendants failed to provide post-marketing warnings or instructions to Plaintiffs or Plaintiffs' physicians sufficient to convey the true risks associated with the use of LIPITOR®.

140.   As a direct and proximate result of Defendants' wrongful conduct, Plaintiffs were injured as described above.

## SECOND CAUSE OF ACTION

### STRICT LIABILITY - MANUFACTURING DEFECT

141.   At all times herein mentioned LIPITOR® was prescribed and used as intended by Defendants and in a manner reasonably foreseeable to Defendants.

142.   LIPITOR® was defective at the time of its manufacture, development, production, testing, inspection, endorsement, prescription, sale and distribution, and at the time they left the possession of the Defendants, in that, and not by way of limitation, LIPITOR® differed from the Defendants' intended result and intended design and specifications, and from other ostensibly identical units of the same product line.

143.   As a result of the defective condition of LIPITOR®, Plaintiffs suffered the injuries and damages as alleged herein.

## THIRD CAUSE OF ACTION

### NEGLIGENCE

144.   Defendants had a duty to exercise reasonable care in designing, developing, testing, manufacturing, packaging, labeling, marketing, advertising, selling, and/or distributing LIPITOR®.

24

COMPLAINT FOR DAMAGES

145.    Defendants failed to exercise ordinary care in designing, developing, testing, manufacturing, packaging, labeling, marketing, advertising, selling, and/or distributing of LIPITOR®.

146.    Defendants knew or should have known that LIPITOR® created an unreasonable risk of bodily harm.

147.    Defendants breached their duties in that they negligently and carelessly designed, developed, tested, manufactured, packaged, labeled, marketed, advertised, sold, and/or distributed LIPITOR®, and failed to adequately test and warn of the risks and dangers with ingesting LIPITOR®, both before and after their sale.

148.    Despite the fact Defendants knew or should have known that LIPITOR® caused unreasonable and dangerous side effects which many users would be unable to remedy by any means, they continued to market LIPITOR® to physicians, including Plaintiffs' physicians, and consumers, including Plaintiffs, when there were safer alternative methods of treatment.

149.    Defendants knew or should have known that consumers such as Plaintiffs would suffer injury or death as a result of Defendants' failure to exercise ordinary care as described above.

150.    As a direct and proximate result of Defendants' negligence and wrongful conduct, Plaintiffs were injured as described above.

## FOURTH CAUSE OF ACTION

### BREACH OF EXPRESS WARRANTY

151.    Before Plaintiffs were first prescribed LIPITOR® and during the period in which they used LIPITOR®, Defendants expressly warranted to Plaintiffs, Plaintiffs' prescribing physicians and healthcare providers, the medical, scientific, and healthcare communities, the FDA, and the public in general, that LIPITOR® was safe, effective, fit and proper for its intended use.

152.    In using LIPITOR®, the Plaintiffs, Plaintiffs' prescribing physicians and healthcare providers, relied on the skill, judgment, representations and express warranties of Defendants.

153.    LIPITOR® did not conform to these express representations because LIPITOR® was not safe or effective for Plaintiffs and had an increased risk of serious side effects, including

25

1  diabetes, whether taken individually or in conjunction with other therapies.

2      154.  As a direct and proximate result of the foregoing breach of express warranties by

3  Defendants, Plaintiffs were injured as described above.

4  <center>FIFTH CAUSE OF ACTION</center>

5  <center>BREACH OF IMPLIED WARRANTY</center>

6      155.  At the time Defendants packaged, labeled, promoted, marketed, advertised, sold,

7  and/or distributed LIPITOR® for use by Plaintiffs, they knew of the use for which LIPITOR®

8  was intended and impliedly warranted the product to be of merchantable quality and safe and fit

9  for such use.

10      156.  Plaintiffs reasonably relied upon the skill and judgment of Defendants as to

11  whether LIPITOR® was of merchantable quality and safe and fit for its intended use.

12      157.  Contrary to such implied warranty, LIPITOR® was not of merchantable quality or

13  safe or fit for its intended use, because the product was and is unreasonably dangerous and unfit

14  for the ordinary purpose for which it was used as described above.

15      158.  As a direct and proximate result of the foregoing breach of implied warranties by

16  Defendants, Plaintiffs were injured as described above.

17  <center>SIXTH CAUSE OF ACTION</center>

18  <center>FRAUD</center>

19      159.  Before Plaintiffs were prescribed LIPITOR® and during the period in which they

20  took LIPITOR®, Defendants made false representations regarding the safety and efficacy of

21  LIPITOR®. Defendants knew that its representations regarding the safety of LIPITOR® were

22  false.

23      160.  Defendants' representations regarding the safety and efficacy of LIPITOR® were

24  made with the intent of misleading Plaintiffs and Plaintiffs' physicians in relying upon those

25  representations, and Plaintiffs and Plaintiffs' physicians were justified in relying, and did in fact

26  rely, upon such misrepresentations.

27      161.  Defendants' misrepresentations regarding the safety and efficacy of LIPITOR®

28  were material. Plaintiffs would not have ingested LIPITOR® for treatment and control of high

<center>26</center>
<center>COMPLAINT FOR DAMAGES</center>

1  cholesterol had they been made aware of the true risks associated with using LIPITOR®,

2  including but not limited to diabetes.

3     162.  As a direct and proximate result of Defendants' misrepresentations, Plaintiffs were

4  injured as described above.

5  <center>SEVENTH CAUSE OF ACTION</center>

6  <center>FRAUDULENT CONCEALMENT</center>

7     163.  Before Plaintiffs were prescribed LIPITOR®, and during the period in which they

8  took LIPITOR®, Defendants concealed material facts regarding the safety and efficacy of

9  LIPITOR®, more specifically, that LIPITOR® caused diabetes and was not that effective when

10  used by women. Defendant had a duty to disclose this information to prescribing physicians and

11  the general public, including Plaintiffs.

12     164.  Defendants' concealment of material information regarding LIPITOR® was done

13  with the intent to mislead Plaintiffs and Plaintiffs' physicians, and Plaintiffs and Plaintiffs'

14  physicians were justified in reliance on Defendants' concealment.

15     165.  As a direct and proximate result of Defendants' concealment of material facts,

16  Plaintiffs were injured as described above.

17  <center>EIGHTH CAUSE OF ACTION</center>

18  <center>VIOLATION OF *BUSINESS & PROFESSIONS CODE* § 17200</center>

19     166.  California *Business & Professions Code* § 17200 provides that unfair competition

20  shall mean and include "all unlawful, unfair or fraudulent business practices and unfair, deceptive,

21  untrue or misleading advertising".

22     167.  The statements, representations and promotional schemes publicized by Defendants

23  were deceptive, false, incomplete, misleading and untrue. Defendants knew, or should have

24  known, that its statements, representations and advertisements were deceptive, false, incomplete,

25  misleading and untrue at the time of making such statements. Defendants had an economic interest

26  in making such statements. Neither the Plaintiffs nor the physicians who prescribed LIPITOR® to

27  them had knowledge of the falsity or untruth of Defendants' statements, representations and

28  advertisements when prescriptions for LIPITOR® were written. Moreover, Plaintiffs and

<center>27</center>

<center>COMPLAINT FOR DAMAGES</center>

1  Plaintiffs' physicians had a right to rely on Defendants' statements, representations and
2  advertisements. Each of the statements, representations and advertisements were material to the
3  Plaintiffs' purchase of LIPITOR® in that the Plaintiffs would not have purchased LIPITOR® if
4  Plaintiffs had known that Defendants' statements, representations and advertisements were
5  deceptive, false, incomplete, misleading and untrue. These acts were designed to and did in fact
6  allow Defendants to earn substantial income from the sale of LIPITOR®.

7       168.   The acts and practices described above were and are likely to mislead the general
8  public and therefore constitute unfair business practices within the meaning of California *Business*
9  *& Professions Code* § 17200.

10      169.   These practices constitute unlawful, unfair and fraudulent business acts or
11  practices, within the meaning of California *Business & Professions Code* § 17200, as well as
12  unfair, deceptive, untrue and misleading advertising as prohibited by California *Business &*
13  *Professions Code* § 17500.

14      170.   The unlawful, unfair and fraudulent business practices of Defendants described
15  above present a continuing threat to members of the public in that Defendants continue to engage
16  in the conduct described therein.

17      171.   As a result of their conduct described above, Defendants have been and will be
18  unjustly enriched. Specifically, Defendants have been unjustly enriched by receipt of hundreds of
19  millions of dollars in ill-gotten gains from the sale and prescription of LIPITOR® in California,
20  sold in large part as a result of the acts and omissions described herein.

21      172.   Plaintiffs, pursuant to California *Business & Professions Code* § 17203, seek an
22  order of this court compelling the Defendants to provide restitution and injunctive relief calling for
23  Defendants, and each of them, to cease unfair business practices in the future.

24              **NINTH CAUSE OF ACTION**

25       **VIOLATION OF *BUSINESS & PROFESSIONS* CODE §17500**

26      173.   Plaintiffs bring this cause of action pursuant to California Business & Professions
27  Code § 17500.

28      174.   California Business & Professions Code § 17500 provides that it is unlawful for

                                    28

1  any person, firm, corporation or association to dispose of property or perform services, or to
2  induce the public to enter into any obligation relating thereto, through the use of untrue or
3  misleading statements.

4      175.  The statements, representations and promotional schemes publicized by Defendants
5  were deceptive, false, incomplete, misleading and untrue. Defendants knew, or should have
6  known, that its statements, representations and advertisements were deceptive, false, incomplete,
7  misleading and untrue at the time of making such statements. Defendants had an economic interest
8  in making such statements. Neither the Plaintiffs nor the physicians who prescribed LIPITOR® to
9  them had knowledge of the falsity or untruth of Defendants' statements, representations and
10  advertisements when prescriptions for LIPITOR® were written. Moreover, Plaintiffs and
11  Plaintiffs'· physicians had a right to rely on Defendants' statements, representations ·and
12  advertisements. Each of the statements, representations and advertisements were material to the
13  Plaintiffs' purchase of LIPITOR® in that the Plaintiffs would not have purchased LIPITOR® if
14  Plaintiffs had known that Defendants' statements, representations and advertisements were
15  deceptive, false, incomplete, misleading and untrue. These acts were designed to and did in fact
16  allow Defendants to earn substantial income from the sale of LIPITOR®.

17      176.  The foregoing practices constitute false and misleading advertising within the
18  meaning of California Business & Professions Code § 17500.

19      177.  The acts of untrue and misleading statements by Defendants described herein above
20  present a continuing threat to members of the public in that the acts alleged herein·are continuous
21  and ongoing, and the public will continue to suffer the harm alleged herein.

22      178.  As a result of their conduct described above, Defendants have been and will be
23  unjustly enriched.  Specifically, Defendants have been unjustly enriched by receipt of hundreds of
24  millions of dollars in ill-gotten gains from the sale and prescription of LIPITOR® in California,
25  sold in large part as a result of the acts and omissions described herein.

26      179.  Pursuant to California Business & Professions Code § 17535, Plaintiffs seek an
27  order of this court compelling the Defendants to provide restitution and injunctive relief calling for
28  Defendants, and each of them, to cease unfair business practices in the future.

<div align="center">29</div>
<div align="center">COMPLAINT FOR DAMAGES</div>

180.    Plaintiffs seek restitution of the monies collected by Defendants, and each of them, and other injunctive relief to cease such false and misleading advertising in the future.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demands judgment against the Defendants as follows:

1.    For general (non-economic) damages according to proof at the time of trial;

2.    For special (economic) damages according to proof at the time of trial;

3.    For medical, incidental, and hospital expenses according to proof;

4.    For Punitive or exemplary damages according to proof at the time of trial;

5.    For pre-judgment and post-judgment interest as permitted by law;

6.    For cost of suit incurred herein as permitted by law;

7.    For such other and further relief as this Court may deem proper.

### DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all counts in this Complaint.


DATED: February 20, 2014                THE MULLIGAN LAW FIRM


                                        By: _____
                                            Eric W. Gruenwald
                                            Attorneys for Plaintiffs

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Eric W. Gruenwald, Esq. - SBN 188862<br>The Mulligan Law Firm<br>3710 Rawlins Street, Suite 901<br>Dallas, Texas 75219<br>TELEPHONE NO.: 214-219-9779    FAX NO.: 214-520-8789<br>ATTORNEY FOR (Name): Plaintiffs, Linda Roy, et al. | CONFORMED COPY<br>ORIGINAL FILED<br>Superior Court of California<br>County Of Los Angeles<br><br>FEB 21 2014<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By: Kristina Vargas, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central District

CASE NAME:
Linda Roy, et al. v. Pfizer, Inc., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: BC536940 |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter    ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☑ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition (not specified above) (43)

2. This case ☑ is    ☐ is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☑ Large number of separately represented parties
   b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☑ Substantial amount of documentary evidence
   d. ☑ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary    b. ☐ nonmonetary; declaratory or injunctive relief    c. ☑ punitive

4. Number of causes of action (specify): 9

5. This case ☐ is    ☑ is not    a class action suit.

6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: February 20, 2014
Eric W. Gruenwald, Esq.
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov<br>American LegalNet, Inc.<br>www.FormsWorkflow.com |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
　Asbestos Property Damage
　Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
　Medical Malpractice– Physicians & Surgeons
　Other Professional Health Care Malpractice
Other PI/PD/WD (23)
　Premises Liability (e.g., slip and fall)
　Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
　Intentional Infliction of Emotional Distress
　Negligent Infliction of Emotional Distress
　Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
　Legal Malpractice
　Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
　Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
　Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
　Negligent Breach of Contract/ Warranty
　Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
　Collection Case–Seller Plaintiff
　Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
　Auto Subrogation
　Other Coverage
Other Contract (37)
　Contractual Fraud
　Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
　Writ of Possession of Real Property
　Mortgage Foreclosure
　Quiet Title
　Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
　Writ–Administrative Mandamus
　Writ–Mandamus on Limited Court Case Matter
　Writ–Other Limited Court Case Review
Other Judicial Review (39)
　Review of Health Officer Order
　Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
　Abstract of Judgment (Out of County)
　Confession of Judgment *(non- domestic relations)*
　Sister State Judgment
　Administrative Agency Award *(not unpaid taxes)*
　Petition/Certification of Entry of Judgment on Unpaid Taxes
　Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
　Declaratory Relief Only
　Injunctive Relief Only *(non- harassment)*
　Mechanics Lien
　Other Commercial Complaint Case *(non-tort/non-complex)*
　Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
　Civil Harassment
　Workplace Violence
　Elder/Dependent Adult Abuse
　Election Contest
　Petition for Name Change
　Petition for Relief From Late Claim
　Other Civil Petition



| SHORT TITLE: | CASE NUMBER |
|---|---|
| Linda Roy, et al. v. Pfizer, Inc., et al. | BC536940 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES    CLASS ACTION? ☐ YES    LIMITED CASE? ☐ YES    TIME ESTIMATED FOR TRIAL 15    ☐ HOURS/ ☑ DAYS

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check one Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

### Applicable Reasons for Choosing Courthouse Location (see Column C below)

| | |
|---|---|
| 1. Class Actions must be filed in the County Courthouse, Central District. | 6. Location of property or permanently garaged vehicle. |
| 2. May be filed in Central (Other county, or no Bodily Injury/Property Damage). | 7. Location where petitioner resides. |
| 3. Location where cause of action arose. | 8. Location wherein defendant/respondent functions wholly. |
| 4. Location where bodily injury, death or damage occurred. | 9. Location where one or more of the parties reside. |
| 5. Location where performance required or defendant resides. | 10. Location of Labor Commissioner Office. |

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070 Asbestos Property Damage<br>☐ A7221 Asbestos - Personal Injury/Wrongful Death | 2.<br>2. |
| | Product Liability (24) | ☑ A7260 Product Liability (not asbestos or toxic/environmental) | 1., ②3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons<br>☐ A7240 Other Professional Health Care Malpractice | 1., 2., 4.<br>1., 2., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall)<br>☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270 Intentional Infliction of Emotional Distress<br>☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4.<br>1., 2., 4.<br>1., 2., 3.<br>1., 2., 4. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1., 2., 3. |

| | | |
|---|---|---|
| LACIV 109 (Rev. 01/07)<br>LASC Approved 03-04 | **CIVIL CASE COVER SHEET ADDENDUM**<br>**AND STATEMENT OF LOCATION** | LASC, rule 2.0<br>Page 1 of 4 |

| SHORT TITLE: | | CASE NUMBER |
|---|---|---|
| Linda Roy, et al. v. Pfizer, Inc., et al. | | |

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>-See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.)** | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation       Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 6. |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE: Linda Roy, et al. v. Pfizer, Inc., et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate<br>(02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review<br>(39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction defect | 1., 2., 3. |
| | Claims Involving Mass<br>Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental  (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br>(20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br>(42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| | Partnership Corporation<br>Governance(21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| **Miscellaneous Civil Petitions** | Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE: Linda Roy, et al. v. Pfizer, Inc., et al. | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3 on Page 1,** as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE<br><br>☐1. ☑2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS: 111 North Hill Street |
|---|---|
| CITY: Los Angeles | STATE: CA | ZIP CODE: 90012 | |

Item IV. *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Los Angeles _____ courthouse in the Central _____ District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: February 20, 2014 _____

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

---

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev. 01/07), LASC Approved 03-04.

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 4 of 4

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL PERSONAL INJURY CASE**
Case Number _____

THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT    B C 5 3 6 9 4 0

Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 3.3(c)).

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|
| Hon. Gregory Keosian | 91 | 635 | | | |
| Hon. Elia Weinbach | 92 | 633 | | | |
| Hon. Samantha P. Jessner | 93 | 631 | | | |
| Hon. Teresa Beaudet | 97 | 630 | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____ FEB 2 1 2014 _____    SHERRI R. CARTER, Executive Officer/Clerk

LACIV PI 190 (Rev09/13)
LASC Approved 05-06
For Optical Use

By _____ Kristina Vargas _____, Deputy Clerk

**NOTICE OF CASE ASSIGNMENT –**
**UNLIMITED CIVIL CASE**

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

**JUL 15 2013**

John A. Clarke, Executive Officer/Clerk
By _E. Leonne Alberta_, Deputy
Regina Cabrera

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| In re Personal Injury Cases Assigned to the Personal Injury Courts (Departments 91, 92 and 93) | Case No.: |
| | AMENDED GENERAL ORDER RE PERSONAL INJURY COURT ("PI Court") PROCEDURES (Effective as of July 10, 2013) |

---

**DEPARTMENT:**     91     92     93

**FINAL STATUS CONFERENCE ("FSC"):**

- **Date:** _____ at 10:00 a.m.

**TRIAL:** FSC: 0 8 / 0 7 / 2015  TRIAL: 0 8 / 2 1 / 2015  OSC: 0 2 / 2 1/ 2017

- **Date:** _____ at 8:30 a.m.

**OSC re DISMISSAL (Code Civ. Proc., § 583.210):**

- **Date:** _____ at 8:30 a.m.

---

TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY:

Pursuant to the California Code of Civil Procedure ("C.C.P."), the California Rules of Court, and the Los Angeles County Court Rules ("Local Rules"), the Los Angeles Superior Court ("LASC" or "Court") HEREBY AMENDS AND SUPERSEDES ITS March 12, 2013 GENERAL ORDER AND GENERALLY

1.                                                                          7/12/13

ORDERS AS FOLLOWS IN THIS AND ALL OTHER GENERAL JURISDICTION

PERSONAL INJURY ACTIONS:

Effective March 18, 2013, the Court responded to systemic budget reductions by

centralizing the management of more than 18,000 general jurisdiction personal injury cases

in the Stanley Mosk Courthouse.  LASC opened three Personal Injury Courts ("PI Courts")

(Departments 91, 92 and 93) to adjudicate all pretrial matters for these cases.  It also

established a Master Calendar Court (Department One), to manage the assignment of trials to

31 dedicated Trial Courts located countywide.  This Amended General Order lays out the

basic procedures for the PI Courts' management of pretrial matters.  The parties will find

additional information about the PI Courts on the court's website, *www.lasuperiorcourt.org.*

1.      To ensure proper assignment to a PI Court, Plaintiff(s) must carefully fill out the Civil

Case Cover Sheet Addendum (form LACIV 109).  The Court defines "personal injury" as:

> "an unlimited civil case described on the Civil Case Cover Sheet Addendum and
>
> Statement of Location (LACIV 109) as Motor Vehicle-Personal Injury/Property
>
> Damage/Wrongful Death; Personal Injury/Property Damage/Wrongful Death-
>
> Uninsured Motorist; Product Liability (other than asbestos or
>
> toxic/environmental); Medical Malpractice-Physicians & Surgeons; Other
>
> Professional Health Care Malpractice; Premises Liability; Intentional Bodily
>
> Injury/Property Damage/Wrongful Death; or Other Personal Injury/Property
>
> Damage/Wrongful Death. An action for intentional infliction of emotional
>
> distress, defamation, civil rights/discrimination, or malpractice (other than
>
> medical malpractice), is not included in this definition. An action for injury to
>
> real property is not included in this definition."    Local Rule 2.3(a)(1)(A).

2

7/12/13

The Court will assign a case to the PI Courts if plaintiff(s) check any of the following

boxes in the Civil Case Cover Sheet Addendum:

A7100 Motor Vehicle – Personal Injury/Property Damage/Wrongful

Death

A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured

Motorist

A7260 Product Liability (not asbestos or toxic/environmental)

A7210 Medical Malpractice – Physicians & Surgeons

A7240 Medical Malpractice – Other Professional Health Care Malpractice

A7250 Premises Liability (e.g., slip and fall)

A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g.,

assault, vandalism etc.)

A7220 Other Personal Injury/Property Damage/Wrongful Death

The Court will not assign cases to the PI Courts if plaintiff(s) check any boxes

elsewhere in the Civil Case Cover Sheet Addendum (any boxes on pages two and

three of that form).

2.      The Court sets the above dates in this action in the PI Court circled above

(Department 91, 92 or 93) at the Stanley Mosk Courthouse, 111 North Hill Street, Los

Angeles, CA 90012. Cal. Rules of Court, Rules 3.714(b)(3), 3.729.

SERVICE OF SUMMONS AND COMPLAINT

3.      Plaintiff(s) shall serve the summons and complaint in this action upon defendant(s)

within three years of the date when the complaint is filed. C. C. P. § 583.210, subd. (a). On

the OSC re Dismissal date noted above, the PI Court will dismiss the action and/or all

7/12/13

unserved parties unless the plaintiff(s) show cause why the action or the unserved parties should not be dismissed. C.C.P. §§ 583.250; 581, subd. (b)(4).

4.    The Court sets the above trial and FSC dates on condition that plaintiff(s) effectuate service on defendant(s) of the summons and complaint within six months of filing the complaint.  Upon a showing that the plaintiff(s) failed to effect service within six months, the PI Court will vacate the trial and FSC date noted above.

**STIPULATIONS TO CONTINUE TRIAL**

5.    Provided that all parties agree (and there is no violation of the "five-year rule," C.C.P. § 583.310), the parties may advance or continue any trial date in the PI Courts without showing good cause or articulating any reason or justification for the change.  To continue or advance a trial date, the parties (or their counsel of record) should jointly execute and file (in Room 102 of the Stanley Mosk Courthouse; fee required) a Stipulation to Continue Trial, FSC and Related Motion/Discovery Dates (form available on the court's website, Personal Injury Court link).  The PI Courts schedule FSCs for 10:00 a.m., eight (8) court days before the trial date.  Parties seeking to continue the trial and FSC dates shall file the Stipulation at least eight court days before the FSC date.   Parties seeking to advance the trial and FSC dates shall file the Stipulation at least eight court days before the proposed advanced FSC date.  Code Civ. Proc., § 595.2;  Govt. Code § 70617, subd. (c)(2).

**NO CASE MANAGEMENT CONFERENCES**

6.    The PI Courts do not conduct Case Management Conferences.  The parties need not file a Case Management Statement.

**LAW AND MOTION**

**Chambers Copies Required**

4

7/12/13

7.     In addition to filing original motion papers in Room 102 of the Stanley Mosk Courthouse, the parties must deliver, directly to the PI Court courtrooms, an extra copy (marked "Chambers Copy") of reply briefs and all other motion papers filed less than seven (7) court days before a hearing calendared in the PI Courts. The PI Courts also strongly encourage the parties filing and opposing lengthy motions, such as motions for summary judgment/adjudication, to submit one or more three-ring binders organizing the Chambers Copies behind tabs.

**Reservation of Hearing Date**

8.     Parties are directed to reserve hearing dates for motions in the PI Courts using the Court Reservation System available online at *www.lasuperiorcourt.org* (link on homepage). Parties or counsel who are unable to utilize the online Court Reservation System may reserve a motion hearing date by telephoning the PI Court courtroom, Monday through Friday, between 3:00 p.m. and 4:00 p.m.

**Withdrawal of Motion**

9.     California Rules of Court, Rule 3.1304(b) requires a moving party to notify the court immediately if a matter will not be heard on the scheduled date. In keeping with that rule, the PI Courts urge parties who amend pleadings in response to demurrers to file amended pleadings before the date when opposition to the demurrer is due so that the PI Courts do not needlessly prepare tentative rulings on demurrers.

**Discovery Motions**

10.     Informal Discovery Conferences ("IDCs"). On a daily basis, the PI Court judges are available to conduct 30-minute, in-person IDCs with lead trial counsel on each side (or another attorney who has full authority to make binding agreements in discovery disputes).

5

7/12/13

1  The PI Court judges will not make rulings in an IDC. The purpose of the IDC is to help the

2  parties resolve discovery disputes by agreement rather than by motion practice. To that end,

3  an IDC judge may refer the parties to applicable code sections or other legal authorities. The

4  IDC judge may also promote compromise by suggesting agreements to narrow the scope of

5  the requests, to provide amended responses that better explain the responding party's

6  compliance, or to use an alternative, more efficient means of discovery. The PI Court judges

7  find that, in nearly every case, the parties amicably resolve their discovery disputes at, or as a

8  result of, the IDCs.

9

10  11.    Scheduling IDCs.   Parties should reserve (and, if necessary, promptly cancel)

11  appointments for IDCs via email to *PISMC@lasuperiorcourt.org*. Parties should schedule an

12  IDC as soon as a discovery dispute arises, and before any party files a discovery motion. The

13  PI Court judges expect the parties to make every effort to resolve discovery disputes by

14  conferring in person or on the telephone before the PI Court judge invests time in the IDC.

15  Scheduling or participating in an IDC does not extend any deadlines imposed by the Code of

16  Civil Procedure for noticing and filing motions to compel or motions to compel further

17  discovery. In order to avoid unnecessary *ex parte* applications, the PI Courts recommend

18  that the parties extend deadlines for filing discovery motions and for serving discovery

19  responses pending their participation in the IDC.

20

21  12.    Motions to Compel Further Responses. The PI Courts will not hear motions to

22  compel further discovery unless and until (a) the parties participate in an IDC; or (b) the

23  moving party submits evidence, by way of declaration, that the opposing party has failed or

24  refused to participate in an IDC. To allow time for an IDC at least 16 court days before the

25  motion hearing, parties must reserve a hearing on any motion to compel further discovery at

26

27

7/12/13

10:00 a.m. on a date at least 60 days after the date when the reservation is made. Parties must reserve an IDC with the same judge who is scheduled to hear any discovery motion involving the same discovery. Likewise, a party who participates in an IDC regarding certain discovery requests, and then files a motion to compel further responses to the same discovery requests, must calendar the motion for a hearing before the same judge who conducted the IDC. After participating in an IDC, a moving party may advance the hearing on a motion to compel further discovery to 10:00 a.m. on any available hearing date that complies with the notice requirements of the Code of Civil Procedure. The PI Courts may consider a party's failure or refusal to participate in an IDC as a factor in deciding whether or not to award sanctions on a motion to compel further discovery.

**Ex Parte Applications**

13.    Under the California Rules of Court, courts may only grant *ex parte* relief upon a showing, by admissible evidence, that the moving party will suffer "irreparable harm," "immediate danger," or where the moving party identifies "a statutory basis for granting relief *ex parte*." Cal. Rules of Court, Rule 3.1202(c). With over 6,000 cases in each docket, the three PI Courts have no capacity to hear multiple *ex parte* applications or to shorten time to add hearings to their fully booked motion calendars. The PI Courts do not regard the Court's unavailability for timely motion hearings as an "immediate danger" or threat of "irreparable harm" justifying *ex parte* relief. Instead of seeking *ex parte* relief, counsel should reserve the earliest available motion hearing date, and stipulate with all parties to continue the trial to a date thereafter using the Stipulation to Continue Trial, FSC and Related Motion/Discovery Dates (form available on the court's website, PI Court Tab). Counsel

should also check the Court Reservation System from time to time because earlier hearing dates may become available as cases settle or counsel otherwise take hearings off calendar.

**REQUEST FOR TRANSFER TO INDEPENDENT CALENDAR DEPARTMENT**

14.     Parties seeking to transfer a case from a PI Court to an Independent Calendar ("I/C") Court shall file (in Room 102 of the Stanley Mosk Courthouse) and serve the Court's "Motion to Transfer Complicated Personal Injury Case to Independent Calendar Court" (form available on the Court's website, PI Courts link).   The PI Courts will transfer a matter to an I/C Court if the case is not a "Personal Injury" case as defined in the General Order re General Jurisdiction PI Cases, or if it is "complicated."  In determining whether a personal injury case is too "complicated" for the PI Courts to manage, the PI Courts will consider, among other things, whether the case will involve numerous parties, cross-complaints, witnesses (including expert witnesses), and/or pretrial hearings.

15.     Parties opposing a motion to transfer have five days to file (in Room 102) an Opposition (using the same Motion to Transfer form).

16.     The PI Courts will not conduct a hearing on any Motion to Transfer to I/C Court. Although the parties may stipulate to transfer a case to an Independent Calendar Department, the PI Courts will make an independent determination whether to transfer the case or not.

**GENERAL ORDER – FINAL STATUS CONFERENCE**

17.     Parties shall comply with the requirements of the PI Courts' "Amended General Order – Final Status Conference," which shall be served with the summons and complaint.

**JURY FEES**

18.     Parties must pay jury fees no later than 365 calendar days after the filing of the initial complaint. (Code Civ. Proc., § 631, subds. (b) and (c).)

7/12/13

**JURY TRIALS**

19.    The PI Courts do not conduct jury trials.  On the trial date, a PI Court will transfer the case to the Master Calendar Court in Department One in the Stanley Mosk Courthouse. Department One assigns the case out for trial to one of 31 dedicated Trial Courts located in the Stanley Mosk, Chatsworth, Van Nuys, Santa Monica, Torrance, Long Beach, Pomona, and Pasadena courthouses.

**SANCTIONS**

20.    The Court has discretion to impose sanctions for any violation of this general order. (C.C.P. §§ 128.7, 187 and Gov. Code, § 68608, subd. (b).)

Dated:  July 15, 2013

Daniel J. Buckley
Supervising Judge, Civil
Los Angeles Superior Court

9                                    7/12/13

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

**JUL 19 2013**

John A. Clarke, Executive Officer/Clerk

By_____, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES - CENTRAL DISTRICT

| | |
|---|---|
| In re Personal Injury Cases Assigned to the Personal Injury Courts (Departments 91, 92 and 93), | Case No.: _____ |
| | AMENDED GENERAL ORDER - FINAL STATUS CONFERENCE, PERSONAL INJURY ("PI") COURTS (Effective as of July 19, 2013) |

The dates for Trial and Final Status Conference ("FSC") having been set in this matter, the Court

HEREBY AMENDS AND SUPERSEDES ITS March 12, 2013 GENERAL ORDER –

FINAL STATUS CONFERENCE AND GENERALLY ORDERS AS FOLLOWS IN THIS

AND ALL OTHER GENERAL JURISDICTION PERSONAL INJURY ACTIONS:

1.  **PURPOSE OF THE FSC**

The purpose of the FSC is to verify that the parties/counsel are completely ready to

proceed with trial continuously and efficiently, from day to day, until verdict. The PI Courts

will verify at the FSC that all parties/counsel have (1) prepared the Exhibit binders and Trial

Document binders and (2) met and conferred in an effort to stipulate to ultimate facts, legal

issues, motions *in limine*, and the authentication and admissibility of exhibits.

/

/

Amended General Order FSC - 1

## 2. TRIAL DOCUMENTS TO BE FILED

At least five calendar days prior to the Final Status Conference, the parties/counsel shall serve and file (in Room 102 of the Stanley Mosk Courthouse) the following Trial Readiness Documents:

### A.    TRIAL BRIEFS (OPTIONAL)

Each party/counsel may file, but is not required to file, a trial brief succinctly identifying:

(1) the claims and defenses subject to litigation;

(2) the major legal issues (with supporting points and authorities);

(3) the relief claimed and calculation of damages sought; and

(4) any other information that may assist the court at trial.

### B.    MOTIONS *IN LIMINE*

Before filing motions *in limine*, the parties/counsel shall comply with the statutory notice provisions of Code of Civil Procedure ("C.C.P.") Section 1005 and the requirements of Los Angeles County Court Rule ("Local Rule") 3.57(a). The caption of each motion *in limine* shall concisely identify the evidence that the moving party seeks to preclude. Parties filing more than one motion *in limine* shall number them consecutively. Parties filing opposition and reply papers shall identify the corresponding motion number in the caption of their papers.

### C.    JOINT STATEMENT TO BE READ TO THE JURY

For jury trials, the parties/counsel shall work together to prepare and file a joint written statement of the case for the court to read to the jury. Local Rule 3.25(i)(4).

### D.    JOINT WITNESS LIST

The parties/counsel shall work together to prepare and file a joint list of all witnesses that each party intends to call (excluding impeachment and rebuttal witnesses). Local Rule 3.25(i)(5).

The joint witness list shall identify each witness by name, specify which witnesses are experts, and estimate the length of the direct, cross examination re-direct examination (if any) of each witness. The parties/counsel shall identify and all potential witness scheduling issues and special requirements. Any party/counsel who seeks to elicit testimony from a witness not identified on the witness list must first make a showing of good cause.

E.    **LIST OF PROPOSED JURY INSTRUCTIONS (JOINT AND CONTESTED)**

The parties/counsel shall jointly prepare and file a list of proposed jury instructions, organized in numerical order, specifying the instructions upon which all sides agree and the contested instructions, if any.

F.    **JURY INSTRUCTIONS (JOINT AND CONTESTED)**

The parties/counsel shall prepare a complete set of full-text proposed jury instructions, editing all proposed California Civil Jury Instructions for Judges and Attorneys ("CACI") instructions to insert party names and eliminate blanks and irrelevant material. The parties shall prepare special instructions in a format ready for submission to the jury (placing citations of authority and the identity of the requesting party above the text in compliance with Local Rules 3.170 and 3.171).

G.    **JOINT VERDICT FORM(S)**

The parties/counsel shall prepare and jointly file a proposed general verdict form or special verdict form (with interrogatories) acceptable to all sides. If the parties/counsel cannot agree on a joint verdict form, each party must separately file a proposed verdict form. Local Rule 3.25(i)(7) and (8).

/

**H.     JOINT EXHIBIT LIST**

The parties/counsel shall prepare and file a joint exhibit list organized with columns identifying each exhibit and specifying each party's evidentiary objections, if any, to admission of each exhibit.  To comply with Local Rules 3.52(i)(5) and 3.53, the parties shall meet and confer in an effort to resolve objections to the admissibility of each exhibit.

**3.  EVIDENTIARY EXHIBITS**

The parties/counsel shall jointly prepare (and be ready to temporarily lodge for inspection at the FSC), three sets of tabbed, internally paginated and properly-marked exhibits, organized numerically in three-ring binders (a set for the Court, the Judicial Assistant and the witnesses). The parties/counsel shall mark all non-documentary exhibits and insert a simple written description of the exhibit behind the corresponding numerical tab in the exhibit binder.

**4.  TRIAL BINDERS REQUIRED IN THE PI COURTS**

The parties/counsel shall jointly prepare (and be ready to temporarily lodge for inspection at the FSC) the Trial Documents, tabbed and organized into three-ring binders as  follows:

Tab A: Trial Briefs

Tab B: Motions *in limine*

Tab C:  Joint Statement to Be Read to the Jury

Tab D: Joint Witness List

Tab E:  Joint List of Jury Instructions (identifying the agreed upon and contested instructions)

Tab F:  Joint and Contested Jury Instructions

Tab G: Joint and/or Contested Verdict Forms

The parties shall organize motions *in limine* (tabbed in numerical order) behind tab B with the opposition papers and reply papers for each motion placed directly behind the moving papers. The parties shall organize proposed jury instructions behind tab F, with the agreed upon instructions first in order followed by the contested instructions (including special instructions) submitted by each side.

## 5. FAILURE TO COMPLY WITH FSC OBLIGATIONS

The court has discretion to require any party/counsel who fails or refuses to comply with this General Order to Show Cause why the court should not impose monetary, evidentiary and/or issue sanctions (including the entry of a default or the striking of an answer).

Dated this 19th day of July, 2013

Daniel J. Buckley
Supervising Judge, Civil
Los Angeles Superior Court

# EXHIBIT B



1  Lowell W. Finson (SBN: 275586)
   PHILLIPS LAW FIRM
2  2101 ROSECRANS AVENUE, SUITE 3290
   EL SEGUNDO, CA 90245
3  Telephone: (877) 480-9142
   Facsimile: (213) 330-0346
4
   BILL ROBINS III (*Pro Hac Vice*)
5  HEARD ROBINS CLOUD & BLACK, LLP
   2000 WEST LOOP SOUTH, SUITE 2200
6  HOUSTON, TEXAS 77042
   Telephone: (713) 650-1200
7  Facsimile: (713) 650-1400

8  Attorneys for JCCP Petitioners

9          SUPERIOR COURT OF THE STATE OF CALIFORNIA

10     FOR THE COUNTY OF LOS ANGELES, CENTRAL CIVIL WEST

11 LIPITOR CASES                    JCCP NO. 4761

12 CHERI LUBENKO                    AMADOR COUNTY SUPERIOR
          Plaintiff,               COURT CASE NO. 13-CV-8470
13
   v.
14
   PFIZER, INC., MCKESSON
15 CORPORATION, and DOES 1-50
          Defendants
16 SYLVIA ALVARADO                  LOS ANGELES COUNTY SUPERIOR
          Plaintiff,               COURT CASE NO. BC518531
17
   v.
18
   PFIZER, INC. et al.,
19        Defendants

20 EDITH WAKABAYASHI,               LOS ANGELES COUNTY SUPERIOR
          Plaintiff,               COURT CASE NO. BC518223
21
   v.
22 PFIZER, et al.,                  **AMENDED PETITION FOR
          Defendants               COORDINATION;**
23
                                   [*Filed Concurrently with Memorandum of
24                                 Points and Authorities; Declaration of
                                   Lowell W. Finson*]
25
                                   Date: October 8, 2013
26                                 Time: 10:00 a.m.
                                   Dept: 324, Room 1715
27                                 Place: Los Angeles Superior Court Central Civil
                                   West, 600 South Commonwealth Ave., Los Angeles,
28                                 California 90005

              AMENDED PETITION FOR COORDINATION

TO THE HONORABLE TANI CANTIL-SAKAUYE, CHAIRPERSON OF THE
CALIFORNIA JUDICIAL COUNCIL, CHIEF JUSTICE OF CALIFORNIA, THE
COORDINATION MOTION JUDGE, THE PARTIES TO THE ACTIONS, AND
THEIR COUNSEL OF RECORD:

Pursuant to the *California Code of Civil Procedure* Section 404, *et seq.,* and
California Rules of Court 3.500, *et seq.,* plaintiffs and petitioners Cheri Lubenko, Sylvia
Alvarado, and Edith Wakabayashi through counsel, Lowell W. Finson, Phillips Law Firm,
2101 Rosecrans Ave., Suite 3290, El Segundo, CA 90245, and Heard Robins Cloud &
Black, LLP, respectfully submit this Amended Petition for Coordination to the
Chairperson of the Judicial Council for assignment of a judge to determine whether the
above-titled actions and included joined actions, all alleging use of the prescription
medication known as LIPITOR® and consequent diabetes, are complex actions, and if so,
whether coordination of the actions is appropriate.

Petitioner is filing this Amended Petition to reflect the addition of five (5) cases on
behalf of eighteen (18) plaintiffs not included in the original Petition (listed below as
cases "d" through "h". The included cases, including the three (3) cases cited in the
Original Petition for Coordination, comprise a total of twenty-one (21) plaintiffs and each
involve the use of the prescription medication known as LIPITOR® and consequent
diabetes, and are as follows:

a)   *Cheri Lubenko v. Pfizer, Inc., et al.,* Amador County Superior Court Case
     No. 13-cv-8470 (filed 8/15/13).

     • Hon. J.S. Hermanson.

     • Cheri Lubenko -- Plaintiff.

     • Pfizer, Inc. – Defendant.

     • McKesson Corporation – Defendant.

- 2 -
AMENDED PETITION FOR COORDINATION

- Does 1-50 – Defendants.

b)  *Sylvia Alvarado v. Pfizer, Inc., et al.*, Los Angeles County Superior Court Case No. BC518531 (filed 8/15/13).

- Hon. Amy D. Hogue – Dept. 92, Room 633.

- Sylvia Alvarado – Plaintiff

- Pfizer, Inc. – Defendant

- McKesson Corporation – Defendant

- Does 1-50 – Defendants

- Lowell W. Finson – Attorney for Plaintiff, 2101 Rosencrans Ave., Suite 3290, El Segundo, CA 90245.

c)  *Edith Wakabayashi v. Pfizer, Inc., et al.*, Los Angeles County Superior Court Case No. BC518223 (filed 8/15/13).

- Hon. Samantha P. Jessner – Dept. 93, Room 631.

- Edith Wakabayashi – Plaintiff.

- Pfizer, Inc. – Defendant.

- McKesson Corporation – Defendant.

- Does 1-50 – Defendants.

- Lowell W. Finson – Attorney for Plaintiff, 2101 Rosencrans Ave., Suite 3290, El Segundo, CA 90245.

d)  *Sharon Parker, Regina Anderson, Sylvia Carrillo, Katherine Mills, Catherine Tobia, Madeleine Winn, Patricia Flynn, Barbara Girard, and*

- 3 -

AMENDED PETITION FOR COORDINATION

*Sylvia Silva v. Pfizer, Inc., McKesson Corporation, and Does 1-50*, San Bernardino Superior Court Case No. CIVDS1311371 (filed 9/17/13).

- <u>Hon. Donna Garza</u> – Dept. S38.

- <u>Sharon Parker</u> – Plaintiff.

- <u>Regina Anderson</u> – Plaintiff.

- <u>Sylvia Carrillo</u> – Plaintiff.

- <u>Katherine Mills</u> – Plaintiff.

- <u>Catherine Tobia</u> – Plaintiff.

- <u>Madeleine Winn</u> – Plaintiff.

- <u>Patricia Flynn</u> – Plaintiff.

- <u>Barbara Girard</u> – Plaintiff.

- <u>Sylvia Silva</u> – Plaintiff.

- <u>Pfizer, Inc.</u> – Defendant.

- <u>McKesson Corporation</u> – Defendant.

- <u>Does 1-50</u> – Defendants.

- <u>Eric W. Gruenwald</u> – Attorney for Plaintiff, 3710 Rawlins Street, Suite 901, Dallas, Texas 75219.

e)  *Janet Johnson, Danielle Bradshaw, and Penny Hughes v. Pfizer, Inc., McKesson Corporation, and Does 1-50*, Los Angeles Superior Court Case No. BC521947 (filed 9/20/13).

- <u>Hon. Samantha P. Jessner</u> – Dept. 93, Room 631.

- 4 -

AMENDED PETITION FOR COORDINATION

- Janet Johnson – Plaintiff.

- Danielle Bradshaw – Plaintiff.

- Penny Hughes – Plaintiff.

- Pfizer, Inc. – Defendant.

- McKesson Corporation – Defendant.

- Does 1-50 – Defendants.

- Trevor B. Rockstad – Attorney for Plaintiff, 1712 15th Street, Suite 300, Gulfport, MS 39502.

f) *Maria Alanis, Andrea Joiner, Elizabeth Martinez, and Carla Gilliam v. Pfizer, Inc., McKesson Corporation, and Does 1-50,* Fresno Superior Court Case No. 13-CE-CG-02977 (filed 9/24/13).

- Hon. Donald Black.

- Maria Alanis – Plaintiff.

- Andrea Joiner – Plaintiff.

- Elizabeth Martinez – Plaintiff.

- Carla Gilliam – Plaintiff.

- Pfizer, Inc. – Defendant.

- McKesson Corporation – Defendant.

- Does 1-50 – Defendants.

- Thomas Sims – Attorney for Plaintiff, 3102 Oak Lawn Ave., Suite 1100, Dallas, Texas 75219.

- 5 -
AMENDED PETITION FOR COORDINATION

g)    *Alma Richards v. Pfizer, Inc., McKesson Corporation, and Does 1-50,* San Bernardino Superior Court Case No. CIVRS 1306724 (filed 9/20/13).

- Hon. Thomas Garza.

- Alma Richards – Plaintiff.

- Pfizer, Inc. – Defendant.

- McKesson Corporation – Defendant.

- Does 1-50 – Defendants.

- Helen Zukin – Attorney for Plaintiff, Keisel + Larson, LLP, 8648 Wilshire Boulevard, Beverly Hills, CA 90211.

h)    *Valerie Davis v. Pfizer, Inc., McKesson Corporation, and Does 1-50,* Sacramento Superior Court Case No. (case number pending from court) (filed 9/24/13).

- Valerie Davis – Plaintiff.

- Pfizer, Inc. – Defendant.

- McKesson Corporation – Defendant.

- Does 1-50 – Defendants.

- Helen Zukin – Attorney for Plaintiff, Keisel + Larson, LLP, 8648 Wilshire Boulevard, Beverly Hills, CA 90211.

This Amended Petition for Coordination is based upon the criteria codified in California *Code of Civil Procedure* § 404.1.  That is, in the LIPITOR® cases sought to be coordinated herein:

AMENDED PETITION FOR COORDINATION



One judge hearing all of the actions for all purposes in a selected site or sites will promote the ends of justice taking into account whether common questions of fact or law are predominating and significant to the litigation; the convenience of parties, witnesses, and counsel; the relative development of the actions and the work product of counsel; the efficient utilization of judicial facilities and manpower; the calendar of the courts; the disadvantages of duplicative and inconsistent rulings, orders or judgments; and, the likelihood of settlement of the actions without further litigation should coordination be denied.   (California *Code of Civil Procedure* § 404.1)

All of the cases sought to be coordinated herein involve use of the pharmaceutical medication known as LIPITOR® and consequent diabetes injuries.  Such cases are more particularly described in the accompanying Supplemental Declaration of Lowell W. Finson in Support of the Amended Petition for Coordination, the accompanying memorandum points and authorities, exhibits attached thereto, including, conformed copies of complaints filed in said actions and other supporting documents submitted herewith.

The actions sought to be coordinated fall within the definition of "complex litigation" under Section 19 of the *Standards of Judicial Administration* and Rule 3.400 et seq., of the *California Rules of Court*.  (*See* Supplemental Declaration of Lowell W. Finson, filed herewith.)  Petitioners are currently seeking to coordinate the eight (8) actions listed above.  However, Petitioners' counsel is informed and believes that additional LIPITOR® injury cases will be filed within the next weeks.  Petitioners will seek to join these additional cases via Add-On Petitions.

Petitioners respectfully request that these and all subsequent LIPITOR® actions be coordinated in front of the Honorable Lee Smalley Edmon.  Judge Edmon is already presiding over the CRESTOR® JCCP and there are similar issues of fact and law in both CRESTOR® and LIPITOR® cases.  CRESTOR® and LIPITOR® are a class of drugs known as statins that are used to lower cholesterol and fight heart disease.  In February of 2012, the FDA required additional warnings about the risk of Type II diabetes, among other risks, for all statins, including CRESTOR® and LIPITOR®.  Numerous Plaintiffs in the CRESTOR® JCCP have alleged their Type II diabetes was caused by CRESTOR®

1  and that the manufacturer of CRESTOR® failed to warn patients, doctors, and the public

2  of the risk of Type II diabetes from CRESTOR® ingestion.  Similarly, Plaintiffs in the

3  LIPITOR® cases have alleged that the manufacturer failed to warn patients, doctors, and

4  the public of the risk of Type II diabetes from LIPITOR® ingestion.  The coordination of

5  CRESTOR® and LIPITOR® cases in front of Judge Edmon will promote the ends of

6  justice because there are common issues of fact and law, namely the adequacy of the

7  CRESTOR® and LIPITOR® warning labels, and coordination will avoid duplicative and

8  inconsistent rulings, orders, and judgments.

9      Proof of filing a Notice of Submission of Petition for Coordination and a copy of this

10 petition in each included action will be submitted to the Chair of the Judicial Council

11 pursuant to Rule 3.522 of the *California Rules of Court*.  Proof of filing of any further

12 documents to be submitted pursuant to Rule 3.523 of the *California Rules of Court* will be

13 submitted to the Chair of the Judicial Council within the time frames provided by Rules

14 3.522 and 3.523.

15      This Petition is based upon the accompanying Memorandum of Points and

16 Authorities, and the Supplemental Declaration of Lowell W. Finson filed herewith and the

17 exhibit attached thereto.

18 Dated: September 25, 2013                Respectfully Submitted,

19

20                                         PHILLIPS LAW FIRM

21                                         By:
22                                         Lowell W. Finson
23                                         2101 Rosecrans Avenue, Suite 3290
                                           El Segundo, CA 90245
24                                         Tel: (877) 480-9142 / Fax: (213) 330-0346
                                           lowell@justiceforyou.com
25
26                                         Bill Robins III (*Pro Hac Vice* Pending)
                                           **HEARD ROBINS CLOUD & BLACK, LLP**
27                                         2000 West Loop South, Suite 2200
                                           Houston, Texas 77042
28                                         Tel: (713) 650-1200 / Fax: (713) 650-1400
                                           robins@heardrobins.com

- 8 -
AMENDED PETITION FOR COORDINATION

1

2    *Attorneys for Plaintiff*

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AMENDED PETITION FOR COORDINATION

# EXHIBIT C

1  Paul R. Kiesel, State Bar No. 119854
      *kiesel@kbla.com*
2  Helen Zukin, State Bar No. 117933
      *zukin@kbla.com*
3  KIESEL + LARSON LLP
   8648 Wilshire Boulevard
4  Beverly Hills, California 90211-2910
   Tel:   310-854-4444
5  Fax:   310-854-0812

6  Shawn Khorrami, State Bar No. 180411
      *skhorrami@kbsslaw.com*
7  Raymond P. Boucher, State Bar No. 115364
      *rboucher@kbsslaw.com*
8  Bahar Dejban, State Bar No. 240135
      *bdejban@kbsslaw.com*
9  KHORRAMI BOUCHER SUMNER
   SANGUINETTI, LLP
10 444 S. Flower Street, Thirty-Third Floor
   Los Angeles, CA 90071
11 Tel:     213-596-6000
   Fax:     213-596-6010
12

13 Attorneys for Plaintiffs

14           SUPERIOR COURT OF THE STATE OF CALIFORNIA

15           COUNTY OF LOS ANGELES – CENTRAL CIVIL WEST

16

17 COORDINATION PROCEEDING          JCCP No. 4761
   SPECIAL TITLE (RULE 3.550)
18                                  **DECLARATION OF HELEN ZUKIN IN**
   **LIPITOR CASES**                **SUPPORT OF AMENDED PETITION**
19                                  **FOR COORDINATION**

20                                  [*Filed concurrently with Response In Support*
21 *Alma Richards v. Pfizer, Inc.; McKesson*   *of Amended Petition for Coordination*]
   *Corporation; and Does 1-50*, San Bernardino
22 Superior Court, Case No. CIVRS1306724   Date:   October 8, 2013
                                           Time:   10:00 a.m.
23 *Valerie Davis v. Pfizer, Inc.; McKesson*   Dept.:  324, Room 1715
   *Corporation; and Does 1-50*, Sacramento   Place:  Los Angeles Superior Court, Central
24 Superior Court, Case No. Pending                  Civil West, 600 South
                                                     Commonwealth Ave., Los Angeles,
25                                                   CA 90005

26

27

28

_DECLARATION OF HELEN ZUKIN IN SUPPORT OF AMENDED PETITION FOR COORDINATION_

FILED
LOS ANGELES SUPERIOR COURT

SEP 27 2013

SHERRI R. CARTER, OFFICER/ CLERK

BY LEKESHA WORKU, DEPUTY

13 CV-8470

## DECLARATION OF HELEN ZUKIN

I, Helen Zukin, declare and state as follows:

1.    I am an attorney at law, duly licensed to practice before this Court and all of the courts of the State of California, and a partner of Kiesel + Larson LLP, counsel of record for Plaintiffs *Alma Richards* and *Valerie Davis* in the above-titled cases.

2.    The Judicial Council has set a hearing for October 8 in the Los Angeles Superior Court, Central Civil West, on a Petition for Coordination involving cases filed in Los Angeles County and Amador County, all of which allege that the plaintiffs' use of the prescription drug Lipitor caused them damages.  After the Judicial Council's order setting this hearing, on September 20 and September 24, respectively, Plaintiffs *Alma Richards* and *Valerie Davis* filed their Complaints for Damages. Plaintiff *Richards* filed her Complaint in San Bernardino County and Plaintiff *Davis* filed her Complaint in Sacramento County.  Both Plaintiffs assert essentially identical claims of injuries caused by Lipitor use against the same Defendants named in the cases subject to the Judicial Council's order and the pending Petition for Coordination.

3.    Kiesel + Larson LLP has filed two (2) cases in California state court against Pfizer, Inc. and McKesson Corporation on behalf of plaintiffs alleging injuries arising out of the sale and ingestion of Lipitor. The name, status and involved parties in those cases are as follows:

    a)    Plaintiff *Alma Richards*

        San Bernardino County Superior Court

        Case No. CIVRS1306724 – Filed September 20, 2013

        Defendants *Pfizer, Inc.; McKesson Corporation; and Does 1 through 50.*

    b)    Plaintiff *Valerie Davis*

        Sacramento County Superior Court

        Case No. Pending – Filed September 24, 2013

        Defendants *Pfizer, Inc.; McKesson Corporation; and Does 1 through 50.*

A true and correct copy of the *Richards* complaint is attached hereto as Exhibit A. A true and correct copy of the *Davis* complaint is attached hereto as Exhibit B.

4.    Kiesel + Larson LLP anticipates filing numerous additional cases against the same

defendants, and I believe these additional cases will be filed in the next 45 days.

5.      I believe that the above actions, which I have filed on behalf of my clients, will best be served by coordination with similar Lipitor actions. My clients and I will directly benefit from the conservation of resources achieved through cooperative discovery.

6.      I anticipate that, within the next several months, hundreds of additional cases alleging similar injuries arising out of ingestion of Lipitor will be filed in California courts.

7.      The actions identified in the Amended Petition for Coordination are provisionally complex under California Rules of Court Section 3.400(b) because they involve mass torts. Even if they did not involve mass torts, they would nonetheless still be complex actions because I expect them to involve numerous pretrial motions raising difficult or novel legal issues that will be time-consuming to resolve; management of a large number of witnesses and a substantial amount of documentary evidence; and management of a large number of separately represented parties.

8.      Coordination of the Lipitor Cases, including the cases I have brought on behalf of my clients, will promote the ends of justice for the reasons succinctly given in the Amended Petition:

- The included actions require resolution of similar or even identical factual and legal issues;

- Coordination will further the convenience of the parties, witnesses, and counsel;

- Most of the named defendants in any one included action are common to all included actions;

- Defense counsel for the Pfizer and McKesson Defendants, will likely be the same counsel of record in each of the included actions;

- To the best of my knowledge, all included actions are in the very early stages of litigation, and no discovery has been served in any other action.

- Coordination will further the efficient utilization of judicial resources; and

- Coordination will avoid the disadvantages of duplicative and potentially inconsistent rulings, orders, and judgments.

8.      Coordination will obviate the need to adjudicate substantially similar motions, such as demurrers, judgment on the pleadings and motions for summary judgment, time and time again in

1  different courts. Coordination will also preclude the duplication of discovery efforts, because the

2  included actions include common defendants and witnesses. Since coordination promotes cooperative

3  discovery efforts among counsel, all parties will benefit through conservation of their resources.

4          I declare under penalty of perjury of the laws of the State of California that the foregoing is

5  true and correct.

6          Executed this 27th day of September 2013, in Beverly Hills, California.

7

8          Helen Zukin

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

DECLARATION OF HELEN ZUKIN IN SUPPORT OF AMENDED PETITION FOR COORDINATION

# EXHIBIT D



FILED
Superior Court of California
County of Los Angeles

SEP 2 5 2013

Sherri R. Carter, Executive Officer/Clerk
BY _____, Deputy
        Tanaya Lewis

1   Eric W. Gruenwald, Esq. (CA 188862)
2   THE MULLIGAN LAW FIRM
    3710 Rawlins Street, Suite 901
3   Dallas, Texas 75219
    Tel: (214) 219-9779 / Fax: (214) 520-8789
4   egruenwald@mulliganlaw.com

5   Jennifer Williams, Esq. (CA 290015)
6   JACKSON ALLEN & WILLIAMS, LLP
    3838 Oak Lawn Avenue, Suite 1100
7   Dallas, Texas 75219
    Tel: (214) 521-2300 / Fax: (214) 528-7755
8   Jennifer@jacksonallenfirm.com

9   *Attorneys for Plaintiffs*

10          SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                  COUNTY OF LOS ANGELES

12

13  LIPITOR CASES                    )  JCCP No. 4761          BY FAX
                                     )
14                                   )  Case No.: CIVD1311371
    SHARON PARKER, REGINA            )
15  ANDERSON, SYLVIA CARRILLO,       )  RESPONSE IN SUPPORT OF
    KATHERINE MILLS, CATHERINE       )  AMENDED PETITION FOR
16  TOBIA, MADELEINE WINN, PATRICIA  )  COORDINATION
    FLYNN, BARBARA GIRARD and        )
17  SYLVIA SILVA                     )
                                     )  Date:  October 8, 2013
18                                   )  Time:  10:00 a.m.
                                     )  Dept.: 324, Room 1715
19              Plaintiffs,          )  Place:  Los Angeles Superior Court Central
        vs.                          )  Civil West, 600 South Commonwealth
20                                   )  Ave., Los Angeles, CA 9005
    PFIZER, INC.; MCKESSON           )
21  CORPORATION and DOES 1-50        )
                                     )
22              Defendants.          )

23

24       Plaintiffs Sharon Parker, Regina Anderson, Sylvia Carrillo, Katherine Mills, Catherine

25  Tobia, Madeleine Winn, Patricia Flynn, Barbara Girard, and Sylvia Silva (collectively, the

26  Mulligan Plaintiffs) file this Response in Support of Amended Petition for Coordination.

27

28

## I.    Background

The Judicial Council has set a hearing for October 8 in the Los Angeles Superior Court, Central Civil West, on a Petition for Coordination involving cases filed in Los Angeles County and Amador County, all of which alleged that the plaintiffs' use of the prescription drug Lipitor caused them damages. On September 17, after the Judicial Council's order setting this hearing, the Mulligan Plaintiffs filed their Complaint for Damages in San Bernadino County asserting essentially identical claims of injuries caused by Lipitor use against the same Defendants named in the cases subject to the Judicial Council's order and the pending Petition for Coordination.

On September 25, an Amended Petition for Coordination was filed with the Judicial Council, identifying (among others) the San Bernardino County action filed by the Mulligan Plaintiffs as a case that should be included in an order of coordination of the Lipitor cases.

## II.    Argument

### A.  Summary of Bases for Coordination in Los Angeles County

The Mulligan Plaintiffs agree that their claims should be designated as complex and should be coordinated as requested in the Amended Petition for Coordination.

The Mulligan Plaintiffs' claims all involve use of Lipitor and consequent diabetes injuries. While the medical background and special damages suffered by the Mulligan Plaintiffs may be unique, their claims all involve the same general liability facts and issues against the same Defendants, the same scientific facts and issues regarding Lipitor and consequent injuries, and the same or similar treatment protocols for the injuries caused by Lipitor. Based on both their experience in prior pharmaceutical injury cases and the circumstances of this action, counsel for the Mulligan Plaintiffs anticipates that the actions subject to the Amended Petition will involve duplicative requests for the same Defendant witness depositions and the same documents related to development, manufacturing, testing, marketing and sale of Lipitor. The Mulligan Plaintiffs agree with the assertion in the Amended Petition that, absent coordination of the actions subject to the Amended Petition before a single judge, there is a significant likelihood of duplicative discovery, waste of judicial resources and

possible inconsistent judicial rulings on legal issues.

The Mulligan Plaintiffs further agree that Los Angeles County is the most appropriate choice as the coordination venue for the Lipitor cases. While the Mulligan Law Firm does not represent any plaintiffs with any claims in the Crestor JCCP before Judge Edmon, the Mulligan Law Firm is familiar with that litigation and agrees with the assertions in the Amended Petition that there are such significant similarities between the Crestor cases and the Lipitor cases that it would be prudent and efficient for the Lipitor cases to be coordinated before Judge Edmon. Alternatively, the Mulligan Plaintiffs request that the cases be coordinated before a single judge in Los Angeles County, Central Civil West.

**B. Mulligan Plaintiffs' Claims are Complex**

The Mulligan Plaintiffs' claims constitute complex litigation under Section 19 of the Standards of Judicial Administration and Rule 3.400 et seq. of the California Rules of Court. As is typical in mass tort pharmaceutical litigation of this sort, the Mulligan Plaintiffs' claims very likely will involve: (1) numerous pretrial motions raising difficult or novel legal issues that will be time consuming to resolve; (2) management of a large number of witnesses and a substantial amount of documentary evidence; and (3) coordination with related actions pending in one or more courts in other counties, states or countries, or in a federal court. Mass tort pharmaceutical cases, including this one, typically raise complex scientific and medical questions that trigger numerous pre-trial motions on general and specific causation and other issues. Also typical to mass tort pharmaceutical cases like this is the involvement of numerous corporate witnesses, scientific researchers, advertising and marketing consultants, and prescribing and treating physicians. The documentary evidence in a typical mass tort pharmaceutical case, like the Lipitor cases, is massive, with document production involving thousands and often times millions of pages of documents. For these reasons, the Mulligan Plaintiffs request that their claims, and those of all the cases subject to the Amended Petition, be designated as complex.

**C. Lipitor Cases, Including Those of Mulligan Plaintiffs, Should Be Coordinated**

The Mulligan Plaintiffs agree that all cases identified in the Amended Petition should be

-3-

coordinated before a single judge. Evaluation of the factors set forth in CCP section 404.1 supports this request.

### 1. Predominance of Common, Significant Questions of Fact and Law

The actions identified in the Amended Petition all involve significant common questions of law and fact. The actions share the same Defendants, the same alleged acts and omissions by the Defendants, the same product (Lipitor), and the same general medical consequences caused by the product (diabetes). The actions also raise the same general claims and share the same theories of liability, causation and damages. The common questions of law and fact include (but are not limited to) the following:

1) Whether there are design and/or manufacturing defects in the Defendants' product, Lipitor;

2) Whether the Defendants failed to adequately warn physicians and consumers regarding all known and knowable risks associated with Lipitor;

3) Whether the Defendants' conduct in designing, manufacturing, and marketing Lipitor fell below the applicable duties of care owed by the Defendants to the Plaintiffs;

4) Whether the Defendants intentionally, deliberately, knowingly, carelessly, recklessly, or negligently misrepresented, omitted, concealed or suppressed material and important information regarding the true and known risks of Lipitor from the Plaintiffs and their physicians;

5) Whether the Defendants' misconduct constitutes breaches of any warranties recognized by law;

6) Whether the Defendants' conduct constitutes negligence;

7) Whether the Plaintiffs are entitled to compensatory damages and/or restitution, and if so, the method by which such relief should be determined; and

8) Whether the Defendants are liable for punitive or exemplary damages, a matter to be determined when appropriate and if so, the amount necessary and appropriate to

-4-

punish them for their conduct, to deter others, and to fulfill the other policies and purposes of punitive and exemplary damages.

Accordingly, this factor weighs heavily in favor of coordination.

### 2. Convenience of Witnesses, Parties and Counsel

Coordination would promote the convenience of witnesses, parties and counsel. The cases identified in the Amended Petition are filed in multiple counties in California. Coordination into a single court in Los Angeles County would promote convenience in several ways, including (but not limited to): ease of document production and prevention of multiple requests for the same documents; prevention of need for multiple depositions of the same witnesses; ease of travel for witnesses and counsel; and ability of counsel to participate in court hearings through Court Call. Conversely, if the cases are not coordinated, witnesses, parties and counsel will be inconvenienced by the need to produce the same documents and the same witnesses multiple times in multiple proceedings and to travel to multiple venues for duplicative hearings and proceedings. Accordingly, this factor weighs heavily in favor of coordination.

### 3. Relative Development of Actions and Work Product of Counsel

As stated in the Amended Petition, the actions identified in the Amended Petition are all recently filed and there has not been any discovery or other development of the cases at this time. Nonetheless, this factor does weigh in favor of coordination, because coordination will promote efficient and convenient development of the actions and facilitate common development of work product among counsel. In the typical mass tort pharmaceutical case, coordination allows plaintiffs to organize into committees to develop issues common to all cases. Without coordination, there will be duplicative discovery requests made of the Defendants. Coordination before initiation of discovery in any of the individual cases will eliminate waste of resources and facilitate economy and efficiency. Accordingly, while the cases may still be in their infancy, this factor weighs in favor of prompt coordination.

### 4. Efficient Utilization of Judicial Resources/Court Calendars

Currently, in the absence of coordination, the cases identified in the Amended Petition

-5-

are scattered among multiple California counties. Absent coordination, the calendars of multiple California courts will include hearings and proceedings that could be more efficiently resolved in a single coordinated proceeding. Moreover, it is very likely that additional cases will be filed in California. Coordination of all California actions into a single court would foster judicial efficiencies and result in the most efficient use of California's judicial resources. Accordingly, this factor weighs heavily in favor of coordination.

### 5. Disadvantage of Duplicative Rulings, Orders, and Judgments

Failure to coordinate the cases identified in the Amended Petition would result in the disadvantages of duplicative and potentially inconsistent rulings, orders, and judgments. Common issues should be adjudicated in a single proceeding in front of a single judge, with any appeals lying before the same Court of Appeal. This factor weighs heavily in favor of coordination.

### 6. Likelihood of Settlement if Coordination is Denied

The Mulligan Plaintiffs agree with the assertion in the Amended Petition that denial of coordination would hinder efforts to resolve the Lipitor cases. Generally, coordination of mass tort pharmaceutical cases assists in the settlement process at multiple levels. Coordination gives the JCCP judge the ability to require the parties to create organized plans for mediation or settlement. Coordination provides for efficient identification of the major points of contention between the parties across the claims, affording counsel and the parties the ability to better evaluate the value of the claims. Coordination results in more efficient and accurate selection of so-called bellwether cases for trial, cases that, upon trial (or when resolved via dispositive motion), provide clearer guidance on the value of cases generally than would result from haphazard trials in multiple venues. And experience teaches that coordination results in more efficient resolution of greater numbers of individual claims by way of aggregate settlements. Accordingly, this factor also weighs heavily in favor of coordination.

### III.    Conclusion

For the foregoing reasons, the Mulligan Plaintiffs support the Amended Petition and ask that an order be entered: (1) designating their claims and all of those identified in the Amended

-6-

1    Petition, as complex; and (2) coordinating the cases identified in the Amended Petition before a

2    single judge in Los Angeles County. The Mulligan Plaintiffs further request such other relief to

3    which they may be entitled.

4

5

6    Dated: September 25, 2013                    Respectfully submitted,

7                                                THE MULLIGAN LAW FIRM

8                                                By

9                                                Eric W. Gruenwald, Esq. (CA 188862)

10                                               3710 Rawlins Street, Suite 901
                                                 Dallas, Texas 75219

11                                               Tel: (214) 219-9779 / Fax: (214) 219-9779
                                                 egruenwald@mulliganlaw.com

12

13                                               JACKSON ALLEN & WILLIAMS, LLP

14                                               By /s/ Jennifer Williams

15                                               Jennifer Williams, Esq. (CA 290015)
                                                 3838 Oak Lawn Avenue, Suite 1100

16                                               Dallas, Texas 75219
                                                 Tel: (214) 521-2300 / Fax: (214) 528-7755

17                                               Jennifer@jacksonallenfirm.com

18                                               *Attorneys for Plaintiffs*

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**
*Sharon Parker, et al. v. Pfizer, Inc., et al.*
CIVD1311371

I, Deanna Scalco, declare as follows:

I am employed in the Dallas County, Texas and I am employee at The Mulligan Law Firm, located at 3710 Rawlins Street, Suite 901, Dallas, Texas 75219. I am over the age of eighteen years and not a party to this action.

On this date, I instituted service of the foregoing document(s) described as: **RESPONSE IN SUPPORT OF AMENDED PETITION OF COORDINATION**

On interested parties by:

__X__    **BY U.S. MAIL:** I deposited such envelope in the mail in Dallas, Texas. The envelope was mailed with postage thereon fully prepaid to:

**SEE ATTACHED SERVICE LIST**

I am readily familiar with The Mulligan Law Firm's practice of collection and processing correspondence for mailing. Under that practice, documents are deposited in the U.S. Postal Service on the same day which is stated in the proof of service, with postage fully prepaid in Dallas, Texas in the ordinary course of business.

_____    **BY FEDERAL EXPRESS:** I am familiar with the firm's practice of collecting and processing correspondence for delivery via Federal Express. Under that practice, it would be picked up by Federal Express on that same day in Dallas, Texas and delivered to the parties listed on this Proof of Service the following business morning.

_____    **BY FACSIMILE:** I caused the above-referenced document to be transmitted via facsimile to the parties listed on the Proof of Service.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 25, 2013, in Dallas, Texas.

Deanna Scalco

PROOF OF SERVICE

SERVICE LIST

**Counsel for Defendant Pfizer, Inc.:**
Karin Kramer
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111

Judicial Council of California
455 Golden Gate Avenue
San Francisco, CA 94102-3688

**Additional Plaintiffs' Counsel:**
Lowell W. Finson
Phillips Law Firm
2101 Rosecrans Avenue, Suite 3290
El Segundo, California 90245

Bill Robins III
Heard Robins Cloud & Black, LLP
2000 West Loop South, Suite 2200
Houston, Texas 77042

Thomas Sims
Baron & Budd, P.C.
3102 Oak Lawn Ave., Suite 1100
Dallas, Texas 75219

Trevor B. Rockstad
Davis & Crump
1712 15th Street, Suite 300
Gulfport, MS 39502

Helen Zukin
Keisel & Larson, LLP
8648 Wilshire Boulevard
Beverly Hills, CA 90211

# EXHIBIT E

1  Paul R. Kiesel, State Bar No. 119854
      *kiesel@kbla.com*
2  Helen Zukin, State Bar No. 117933
      *zukin@kbla.com*
3  KIESEL + LARSON LLP
   8648 Wilshire Boulevard
4  Beverly Hills, California 90211-2910
   Tel:    310-854-4444
5  Fax:    310-854-0812

6  Shawn Khorrami, State Bar No. 180411
      *skhorrami@kbsslaw.com*
7  Raymond P. Boucher, State Bar No. 115364
      *rboucher@kbsslaw.com*
8  Bahar Dejban, State Bar No. 240135
      *bdejban@kbsslaw.com*
9  KHORRAMI BOUCHER SUMNER
   SANGUINETTI, LLP
10 444 S. Flower Street, Thirty-Third Floor
   Los Angeles, CA 90071
11 Tel:    213-596-6000
   Fax:    213-596-6010
12

13 Attorneys for Plaintiffs

14            SUPERIOR COURT OF THE STATE OF CALIFORNIA

15         COUNTY OF LOS ANGELES – CENTRAL CIVIL WEST

16

17 COORDINATION PROCEEDING          JCCP No. 4761  —324
   SPECIAL TITLE (RULE 3.550)
18                                   **RESPONSE IN SUPPORT OF AMENDED**
19 **LIPITOR CASES**                 **PETITION FOR COORDINATION**

20 ─────────────────────────────
                                     *[Filed concurrently with Declaration of Helen*
21 *Alma Richards v. Pfizer, Inc.; McKesson*   *Zukin In Support Thereof*
   *Corporation; and Does 1-50,* San Bernardino
22 Superior Court, Case No. CIVRS1306724   Date:    October 8, 2013
                                     Time:    10:00 a.m.
23 *Valerie Davis v. Pfizer, Inc.; McKesson*   Dept.:   324, Room 1715
   *Corporation; and Does 1-50,* Sacramento   Place:   Los Angeles Superior Court, Central
24 Superior Court, Case No. Pending            Civil West, 600 South
25                                             Commonwealth Ave., Los Angeles,
26                                             CA 90005

27

28

─────────────────────────────────────────────────────────
RESPONSE IN SUPPORT OF AMENDED PETITION FOR COORDINATION

**FILED**
LOS ANGELES SUPERIOR COURT

SEP 27 2013

SHERRI R. CARTER, OFFICER/ CLERK

BY LEKESHA WORKU, DEPUTY



1      Plaintiffs Alma Richards and Valerie Davis, hereinafter collectively referred to as the Kiesel

2  Plaintiffs, file this Response in Support of Amended Petition for Coordination. This Response is

3  accompanied by the Declaration of Helen Zukin in Support of Amended Petition for Coordination.

4  **I.**     **Background**

5      The Judicial Council has set a hearing for October 8 in the Los Angeles Superior Court,

6  Central Civil West, on a Petition for Coordination involving cases filed in Los Angeles County

7  and Amador County, all of which allege that the plaintiffs' use of the prescription drug Lipitor

8  caused them damages. After the Judicial Council's order setting this hearing, on September 20

9  and September 24, respectively, Plaintiffs Alma Richards and Valerie Davis filed their Complaints

10  for Damages. Plaintiff Richards filed her Complaint in San Bernardino County and Plaintiff Davis

11  filed her Complaint in Sacramento County. Both Plaintiffs assert essentially identical claims of

12  injuries caused by Lipitor use against the same Defendants named in the cases subject to the

13  Judicial Council's order and the pending Petition for Coordination.

14      On September 25, 2013, an Amended Petition for Coordination was filed with the Judicial

15  Council, identifying (among others) the San Bernardino and Sacramento County actions filed by

16  the Kiesel Plaintiffs as two cases that should be included in an order for coordination of the Lipitor

17  cases.

18  **II.**     **Argument**

19     **A. Summary of Bases for Coordination in Los Angeles County**

20      The Kiesel Plaintiffs agree that their claims should be designated as complex and should

21  be coordinated as requested in the Amended Petition for Coordination.

22      The Kiesel Plaintiffs' claims all involve use of Lipitor and consequent diabetes injuries.

23  While the medical background and special damages suffered by the Kiesel Plaintiffs may be

24  unique, their claims all involve the same general liability facts and issues against the same

25  Defendants, the same scientific facts and issues regarding Lipitor and consequent injuries, and the

26  same or similar treatment protocols for the injuries caused by Lipitor. Based on both their

27  experience in prior pharmaceutical injury cases and the circumstances of this action, counsel for

28  the Kiesel Plaintiffs anticipate that the actions subject to the Amended Petition will involve



1   duplicative requests for the same Defendant witness depositions and the same documents related

2   to development, manufacturing, testing, marketing and sale of Lipitor.  The Kiesel Plaintiffs agree

3   with the assertion in the Amended Petition that, absent coordination of the actions subject to the

4   Amended Petition before a single judge, there is a significant likelihood of duplicative discovery,

5   waste of judicial resources and possible inconsistent judicial rulings on legal issues.

6          The Kiesel Plaintiffs further agree that Los Angeles County is the most appropriate choice

7   as the coordination venue for the Lipitor cases.  While Kiesel + Larson, LLP does not represent

8   any plaintiffs with any claims in the Crestor JCCP before Judge Edmon, the firm is familiar with

9   that litigation and agrees with the assertions in the Amended Petition that there are such significant

10  similarities between the Crestor cases and the Lipitor cases that it would be prudent and efficient

11  for the Lipitor cases to be coordinated before Judge Edmon.  Alternatively, the Kiesel Plaintiffs

12  request that the cases be coordinated before a single judge in Los Angeles County, Central Civil

13  West.

14  **B.  Kiesel Plaintiffs' Claims are Complex**

15         The Kiesel Plaintiffs' claims constitute complex litigation under Section 19 of the

16  Standards of Judicial Administration and Rule 3.400 et seq. of the California Rules of Court.  As

17  is typical in mass tort pharmaceutical litigation of this sort, the Kiesel Plaintiffs' claims very likely

18  will involve:  (1) numerous pretrial motions raising difficult or novel legal issues that will be time

19  consuming to resolve; (2) management of a large number of witnesses and a substantial amount of

20  documentary evidence; and (3) coordination with related actions pending in one or more courts in

21  other counties, states or countries, or in a federal court.  Mass tort pharmaceutical cases, including

22  this one, typically raise complex scientific and medical questions that trigger numerous pre-trial

23  motions on general and specific causation and other issues.  Also typical to mass tort

24  pharmaceutical cases like this is the involvement of numerous corporate witnesses, scientific

25  researchers, advertising and marketing consultants, and prescribing and treating physicians.  The

26  documentary evidence in a typical mass tort pharmaceutical case, like the Lipitor cases, is

27  massive, with document production involving thousands and often times millions of pages of

28  documents.  For these reasons, the Kiesel Plaintiffs request that their claims, and those of all the

3

cases subject to the Amended Petition, be designated as complex.

## C. Lipitor Cases, Including Those of Kiesel Plaintiffs, Should Be Coordinated

The Kiesel Plaintiffs agree that all cases identified in the Amended Petition should be coordinated before a single judge. Evaluation of the factors set forth in CCP section 404.1 supports this request.

### 1. Predominance of Common, Significant Questions of Fact and Law

The actions identified in the Amended Petition all involve significant common questions of law and fact. The actions share the same Defendants, the same alleged acts and omissions by the Defendants, the same product (Lipitor), and the same general medical consequences caused by the product (diabetes). The actions also raise the same general claims and share the same theories of liability, causation and damages. The common questions of law and fact include (but are not limited to) the following:

1) Whether there are design and/or manufacturing defects in the Defendants' product, Lipitor;

2) Whether the Defendants failed to adequately warn physicians and consumers regarding all known and knowable risks associated with Lipitor;

3) Whether the Defendants' conduct in designing, manufacturing, and marketing Lipitor fell below the applicable duties of care owed by the Defendants to the Plaintiffs;

4) Whether the Defendants intentionally, deliberately, knowingly, carelessly, recklessly, or negligently misrepresented, omitted, concealed or suppressed material and important information regarding the true and known risks of Lipitor from the Plaintiffs and their physicians;

5) Whether the Defendants' misconduct constitutes breaches of any warranties recognized by law;

6) Whether the Defendants' conduct constitutes negligence;

7) Whether the Plaintiffs are entitled to compensatory damages and/or restitution, and if so, the method by which such relief should be determined; and

8) Whether the Defendants are liable for punitive or exemplary damages, a matter to be

1    determined when appropriate and if so, the amount necessary and appropriate to punish

2    them for their conduct, to deter others, and to fulfill the other policies and purposes of

3    punitive and exemplary damages.

4    Accordingly, each of the factors listed above weigh heavily in favor of coordination.

5             **2.    Convenience of Witnesses, Parties and Counsel**

6          Coordination would promote the convenience of witnesses, parties and counsel.  The cases

7    identified in the Amended Petition are filed in multiple counties in California.  Coordination into a

8    single court in Los Angeles County would promote convenience in several ways, including (but

9    not limited to):  ease of document production and prevention of multiple requests for the same

10    documents; prevention of need for multiple depositions of the same witnesses; ease of travel for

11    witnesses and counsel; and ability of counsel to participate in court hearings through Court Call.

12    Conversely, if the cases are not coordinated, witnesses, parties and counsel will be inconvenienced

13    by the need to produce the same documents and the same witnesses multiple times in multiple

14    proceedings and to travel to multiple venues for duplicative hearings and proceedings.

15    Accordingly, this factor weighs heavily in favor of coordination.

16             **3.    Relative Development of Actions and Work Product of Counsel**

17          As stated in the Amended Petition, the actions identified in the Amended Petition are all

18    recently filed, no discovery has been initiated, and thus the cases are all at the same stage in the

19    litigation. Nonetheless, this factor does weigh in favor of coordination, because coordination will

20    promote efficient and convenient coordination of the actions and facilitate common development

21    of work product among counsel.  In the typical mass tort pharmaceutical case, coordination allows

22    plaintiffs to organize into committees to develop issues common to all cases.  Without

23    coordination, there will be duplicative discovery requests made of the Defendants.  Coordination

24    before initiation of discovery in any of the individual cases will eliminate waste of resources and

25    facilitate economy and efficiency.  Accordingly, while the cases may still be in their infancy, this

26    factor weighs in favor of prompt coordination.

27             **4.    Efficient Utilization of Judicial Resources/Court Calendars**

28          Currently, in the absence of coordination, the cases identified in the Amended Petition are

RESPONSE IN SUPPORT OF AMENDED PETITION FOR COORDINATION

1  scattered among multiple California counties. Absent coordination, the calendars of multiple

2  California courts will include hearings and proceedings that could be more efficiently resolved in a

3  single coordinated proceeding. Moreover, it is very likely that additional cases will be filed in

4  California. Coordination of all California actions into a single court would foster judicial

5  efficiencies and result in the most efficient use of California's judicial resources. Accordingly,

6  this factor weighs heavily in favor of coordination.

7       **5. Disadvantage of Duplicative Rulings, Orders, and Judgments**

8       Failure to coordinate the cases identified in the Amended Petition would result in the

9  disadvantages of duplicative and potentially inconsistent rulings, orders, and judgments. Common

10  issues should be adjudicated in a single proceeding in front of a single judge, with any appeals

11  lying before the same Court of Appeal. This factor weighs heavily in favor of coordination.

12       **6. Likelihood of Settlement if Coordination is Denied**

13       The Kiesel Plaintiffs agree with the assertion in the Amended Petition that denial of

14  coordination would hinder efforts to resolve the Lipitor cases. Generally, coordination of mass

15  tort pharmaceutical cases assists in the settlement process at multiple levels. Coordination gives

16  the JCCP judge the ability to require the parties to create organized plans for mediation or

17  settlement. Coordination provides for efficient identification of the major points of contention

18  between the parties across the claims, affording counsel and the parties the ability to better

19  evaluate the value of the claims. Coordination results in more efficient and accurate selection of

20  so-called bellwether cases for trial, cases that, upon trial (or when resolved via dispositive

21  motion), provide clearer guidance on the value of cases generally than would result from

22  haphazard trials in multiple venues. And experience teaches that coordination results in more

23  efficient resolution of greater numbers of individual claims by way of aggregate settlements.

24  Accordingly, this factor also weighs heavily in favor of coordination.

25  **III.   Conclusion**

26       For the foregoing reasons, the Kiesel Plaintiffs support the Amended Petition and ask that

27  an order be entered: (1) designating their claims, and all of those identified in the Amended

28  Petition, as complex; and (2) coordinating the cases identified in the Amended Petition before a

6

1  single judge in Los Angeles County.  The Kiesel Plaintiffs further request such other relief to

2  which they may be entitled.

3

4  DATED: September 27, 2013                    Respectfully submitted,

5                                              KIESEL + LARSON LLP

6

7

8  By: _____
                                            Paul R. Kiesel
9                                           Helen Zukin

10                                          KHORRAMI BOUCHER SUMNER
                                            SANGUINETTI, LLP
11                                          Shawn Khorrami
                                            Raymond P. Boucher
12                                          Bahar Dejban

13                                          Attorneys for Plaintiffs,
                                            Alma Richards and Valerie Davis
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 8648 Wilshire Boulevard, Beverly Hills, CA 90211-2910.

On September 27, 2013, I served true copies of the following document(s) described as **RESPONSE IN SUPPORT OF AMENDED PETITION FOR COORDINATION** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Kiesel Boucher Larson LLP's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 27, 2013, at Beverly Hills, California.

Sylvia T. Mendoza

RESPONSE IN SUPPORT OF AMENDED PETITION FOR COORDINATION

1

**SERVICE LIST**
**JCCP 4761 -- LIPITOR CASES**

2

3   Assistant Supervising Judge of Complex
    Litigation Courts
4   Superior Court of California,
    County of Los Angeles
5   Central Civil West, Dept. 324, Room 1715
    600 South Commonwealth Avenue
6   Los Angeles, CA 90005

Chair, Judicial Council of California
Administrative Office of the Courts
Attn: Office of Appellate Court Services
(Civil Case Coordination)
455 Golden Gate Avenue, 5th Floor
San Francisco, CA 94102-3688

7   Shawn Khorrami, Esq.
       skhorrami@kbsslaw.com
8   Raymond P. Boucher, Esq.
       rboucher@kbsslaw.com
9   Bahar Dejban, Esq.
       bdejban@kbsslaw.com
10  KHORRAMI BOUCHER SUMNER
    SANGUINETTI, LLP
11  444 S. Flower Street, Thirty-Third Floor
    Los Angeles, CA 90071
12  Tel:     213-596-6000
    Fax:     213-596-6010

13

14  Attorneys for Plaintiffs
    *Alma Richards* (Case No. CIVRS 1306724), and
15  *Valerie Davis* (Case No. pending from Court)

16  Bill Robins III, Esq.
    HEARD ROBINS CLOUD & BLACK, LLP
    2000 West Loop South, Suite 2200
17  Houston, TX 77027
    Tel:     713-650-1200
18  Fax:     713- 50-1400

19  Attorneys for Plaintiffs and Petitioners

Lowell W. Finson Esq.
PHILLIPS LAW FIRM
2101 Rosecrans Avenue, Suite 3290
El Segundo, CA 90245
Tel:     877-480-9142
Fax:     213-330-0346

Attorneys for Plaintiffs and Petitioners

20

21

22

23

24

25

26

27

28

RESPONSE IN SUPPORT OF AMENDED PETITION FOR COORDINATION

# EXHIBIT F

ORIGINAL

1    THOMAS SIMS (SBN 264174)
     LAURA BAUGHMAN (SBN 263944)
2    BARON & BUDD, P.C
     3102 Oak Lawn Ave, Suite 1100
3    Dallas, TX 75219
     Telephone: (214) 521-3605 / Facsimile: (214) 520-1181
4
     Attorneys for Plaintiffs
5

**FILED**
Superior Court of California
County of Los Angeles

SEP 2 5 2013

Sherri R. Carter, Executive Officer/Clerk
BY _____, Deputy
            Tanaya Lewis

6            **JUDICIAL COUNCIL OF CALIFORNIA**

7            **CHAIR OF THE JUDICIAL COUNCIL**

8    LIPITOR CASES                          )    JCCP No. 4761
9                                           )
10                                          )    Case No.: 13-CE-CG-02977
     MARIA ALANIS, ANDREA JOINER,           )
11   ELIZABETH MARTINEZ, and CARLA          )    **RESPONSE IN SUPPORT OF**
     GILLIAM,                               )    **AMENDED PETITION FOR**
12                                          )    **COORDINATION**
            Plaintiffs,                     )
13                                          )    Date:  October 8, 2013
14   vs.                                    )    Time:  10:00 a.m.
                                            )    Dept.: 324, Room 1715
15   PFIZER, INC.; MCKESSON                 )    Place: Los Angeles Superior Court Central
     CORPORATION and DOES 1-50              )    Civil West, 600 South Commonwealth
16                                          )    Ave., Los Angeles, CA 9005
            Defendants.                     )
17   —————————————————————                  )

18

19       Plaintiffs Maria Mirtala Alanis, Andrea Ruth Joiner, Elizabeth Martinez, and Carla Rene

20   Gilliam (collectively, the Alanis Plaintiffs) file this Response in Support of Amended Petition

21   for Coordination.

22   **I.    BACKGROUND**

23       A Petition for Coordination was filed on August 16, 2013, requesting coordination of

24   three cases that allege the plaintiffs' use of the prescription drug LIPITOR® caused them

25   damages.  The Judicial Council of California issued on order setting the Petition for hearing on

26   October 8.  On September 24, the Alanis Plaintiffs filed their Complaint for Damages in Fresno

27   County asserting essentially identical claims of injuries caused by LIPITOR® against the same

28   Defendants that were named in the cases subject to the Judicial Council's order and the pending

Petition for Coordination.

On September 25, an Amended Petition for Coordination was filed with the Judicial Council, identifying (among others) the Fresno County action filed by the Alanis Plaintiffs as a case that should be included in an order of coordination of the LIPITOR® cases.

## II.    ARGUMENT

California law authorizes the coordination of complex cases pending in different courts whenever they share a common question of law or fact. Cal. Code of Civ. Proc. ("CCP") § 404. The statute seeks to coordinate these types of cases to promote the efficient use of judicial resources and to facilitate resolution of all actions. CCP § 404.1 (identifying factors to be considered). The Alanis Plaintiffs join in the request to coordinate the LIPITOR® actions in Los Angeles County Superior Court.

### A.  Summary of Bases for Coordination in Los Angeles County

All of the plaintiffs who seeks coordination have asserted that their ingestion of LIPITOR® contributed to their development of diabetes. Thus, while the individual medical histories of the plaintiffs may be unique, their claims all involve the same core set of liability facts, the same defendants, the same scientific issues regarding LIPITOR® and causation, and similar treatment regimes for the plaintiffs' injuries. Counsel for the Alanis Plaintiffs has substantial experience in similar pharmaceutical injury cases, and this experience has demonstrated that failure to coordinate this litigation will result in duplicative requests for depositions of liability witnesses and experts, repetitive requests for liability documents, inconvenience to witnesses and counsel, and the potential for conflicting rulings.

Coordinating these actions will therefore promote the ends of justice as required under CCP sections 404 and 404.1. All of the cases involve nearly identical allegations and will likely seek similar discovery, especially since the same defendants are named in all the actions. Coordination will save the courts and parties significant resources by avoiding duplicative motions and discovery and prevent inconsistent rulings.

The Alanis Plaintiffs concur that Los Angeles County is the most appropriate choice as the coordination venue for the LIPITOR® cases. The Los Angeles County Superior Court

-2-

assigns specific judges to hear complex actions. This program permits those judges to gain invaluable expertise in presiding over unwieldy and complex cases. These factors strongly favor Los Angeles County as the forum that will most likely promote judicial efficiency.

**B. The LIPITOR® Cases are Complex**

The LIPITOR® claims constitute complex litigation under Section 19 of the Standards of Judicial Administration and Rule 3.400 et seq. of the California Rules of Court. The claims will involve: (1) numerous pretrial motions raising difficult or novel legal issues that will be time consuming to resolve; (2) management of a large number of witnesses and a substantial amount of documentary evidence; and (3) coordination with related actions pending in one or more courts in other counties, states or countries, or in a federal court. National pharmaceutical cases invariably raise complex scientific and medical questions that lead to numerous pre-trial motions. Given that LIPITOR® is the highest selling prescription drug of all time, there will likely be a large number of corporate witnesses, scientific researchers, advertising and marketing consultants, and prescribing and treating physicians that will be deposed in the litigation. Similarly, the documentary evidence for a drug that has been on the market since 1996 will be tremendous and will likely number in the millions of pages. Finally, there are already several different counties that have been chosen by LIPITOR® plaintiffs, further underscoring the geographical complexity of the litigation.

**C. LIPITOR® Cases Should Be Coordinated**

The Alanis Plaintiffs agree that all cases identified in the Amended Petition should be coordinated before a single judge. Evaluation of the factors set forth in CCP section 404.1 supports this request.

*1. Common, Significant Questions of Fact and Law Predominate*

Even a cursory review of the complaints in the various actions reveals that the allegations assert nearly identical factual and legal claims. Indeed, Plaintiffs allege essentially the same legal causes of action and have sued all of the same entities as well. Common issues include whether Defendants failed to adequately warn Plaintiffs and the medical community regarding LIPITOR®'s diabetes risk, when Defendants knew or should have known of

-3-

LIPITOR®'s diabetes risk, whether Defendants made any express or implied warranties regarding LIPITOR®'s safety, the type of treatment that is appropriate for diabetes patients, whether punitive damages are available, and many more.

     2.  *Convenience of Witnesses, Parties and Counsel*

Coordination would promote the convenience of witnesses, parties and counsel. LIPITOR® cases have been filed in multiple counties in California. Coordination promotes convenience by eliminating multiple requests for the same documents, preventing multiple depositions of the same witnesses, and reducing travel burdens on witnesses and counsel.

     3.  *Relative Development of Actions and Work Product of Counsel*

A petition for coordination "may be made at any time after filing of the complaint." (Cal. Rule Ct. 22 3.521(a)). Coordination is particularly appropriate now because each case was just recently filed. The need for coordination is immediately apparent and will only increase as the cases develop. No party will be prejudiced by coordination. No party will benefit from any delay in coordination; in fact, delay will result only in duplicative efforts and rulings, wasting the resources of the courts, counsel and the parties. Without coordination, there will be duplicative discovery requests made of the Defendants. Coordination before initiation of discovery in any of the individual cases will therefore eliminate waste of resources and facilitate economy and efficiency.

     4.  *Coordination Will Reduce the Burden on the Courts*

Coordination will unburden the judicial system by avoiding separate adjudication of multiple lawsuits involving common questions of fact and law. Motion practice, discovery, witnesses and other aspects of litigation in these cases undoubtedly will track one another; thus, coordination will promote judicial economy and efficiency. Absent coordination, the calendars of multiple superior courts will be filled with hearings and proceedings that could be more efficiently resolved in a single coordinated proceeding. Moreover, it is very likely that additional cases will be filed in California, further underscoring the need for coordination.

     5.  *Disadvantage of Duplicative Rulings, Orders, and Judgments*

The LIPITOR® actions likely will involve significant motion practice. Coordination

-4-




will promote uniform and consistent rulings. By contrast, allowing these cases to proceed independently will result in at least four courts determining the same issues, via the same motions, including demurrers, discovery motions and summary judgment. Not only does this create the potential for inconsistent rulings, but the rulings will be subject to review in different Courts of Appeal. The California Court of Appeals advocates coordination as a means of achieving consistency in judicial rulings:

> The rulings on ... motions should be uniform. If possible, trial rulings should be accomplished in a manner permitting uniform and centralized resolution on appeal. This sort of treatment can be achieved by coordination of motion practice.

(*McGhan Med Corp. v. Sup. Ct.*, 11 Cal.App.4th 804, 814 (1992).) Coordination of the LIPITOR® actions will achieve this end.

### 6. *Settlement Will Be Unlikely If Coordination Is Denied*

Coordination is likley to foster settlement given that the LIPITOR® cases involve multiple claims and significant issues. With potentially millions of dollars at stake, these cases are sure to be vigorously litigated. Generally, coordination assists in the settlement process because the parties, at the Court's urging, are required to create organized plans for mediation or settlement. If experience is a guide, coordination should lead to greater efficiencies in the litigation process, and to coordinated settlement discussions. Coordination of settlement is particularly important where, as is the case here, there are multiple plaintiffs with different counsel. Coordination brings all of the interested parties together, and thereby maximizes the chance that a global resolution can be reached. Moreover, coordination typically facilitates settlement through use of the bellwether system, which in turn helps to develop an understanding of the potential settlement value of the cases.

### III. Conclusion

For all of the foregoing reasons, the Alanis Plaintiffs support the Amended Petition and ask that an order be entered: (1) designating their claims, and all of those identified in the Amended Petition, as complex; and (2) coordinating the cases identified in the Amended Petition before a single judge in Los Angeles County.

1

2

3    Dated:  September 25, 2013                     Respectfully submitted,

4

5                                                  BARON & BUDD, P.C.

6

7                                                  By: _Thomas Sims_____

8                                                  Thomas Sims
                                                   Laura Baughman
9                                                  3102 Oak Lawn Ave, Ste. 1100
                                                   Dallas, Texas 75219
10                                                 Tel: (214) 521-3605/Fax: (214) 520-1181
                                                   Attorneys for Plaintiffs
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    -6-



## PROOF OF SERVICE

I am employed in the County of Dallas, Texas. I am over the age of 18 and not a party to this action. My business address is 3102 Oak Lawn Ave., Dallas, TX 75219. On September 25, 2013, I served the following document(s):

**RESPONSE IN SUPPORT OF AMENDED PETITION FOR COORDINATION**

on the parties listed below:

Counsel for Petitioners:

Lowell W. Finson
Phillips Law Firm
2101 Rosecrans Avenue, Suite 3290
El Segundo, California 90245

Bill Robins III
Heard Robins Cloud & Black, LLP
2000 West Loop South, Suite 2200
Houston, Texas 77042

Additional Plaintiffs' Counsel:

Eric W. Gruenwald
Mulligan Law Firm
3710 Rawlins Street, Suite 901
Dallas, Texas 75219

Trevor B. Rockstad
Davis & Crump
1712 15th Street, Suite 300
Gulfport, MS 39502

Thomas Sims
Baron & Budd, P.C.
3102 Oak Lawn Ave., Suite 1100
Dallas, Texas 75219

Counsel for Defendant Pfizer, Inc.:

Karin Kramer
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111

McKesson Corporation

McKesson Corporation
c/o Corporation Service Company
2710 Gateway Oaks Dr., Suite 150N
Sacramento, California 95833

Via the method below:

-7-

[X ]    **FIRST-CLASS MAIL**    by depositing the same for collection and mailing at Dallas, Texas on the date herein above set forth in this Certificate, in a sealed envelope(s) with the postage thereon fully prepaid, addressed as shown on the attached service list.

[ ]    **EXPRESS MAIL/FEDERAL EXPRESS**    marked for 1 or 2-day delivery and by depositing the same for collection and mailing at Dallas, Texas on the date herein above set forth in this Certificate, in a sealed envelope(s) with the postage thereon fully prepaid, addressed as shown on the attached service list.

[ ]    **FACSIMILE**    by transmitting the same via telecopier to the party(ies) listed below using the facsimile number(s) listed below each name on the attached service list. I caused the machine to print a transmission report of the transmission(s) confirming that the facsimile(s) was(were) sent and received without error.

I have prepared the facsimile copy(ies) and/or the envelope(s) containing the copy(ies) to be served in accordance with the manner described above by placing the document(s) in the Law Office of Baron & Budd, P.C.'s in-house delivery system for service in accordance with practices. I certify that I am fully familiar with the regular business practices of the Law Office of Baron & Budd, P.C. and I know the firm's procedures to be safe and reliable for delivery of said document(s) as described above.

I declare under penalty of perjury that the foregoing is true and correct and that this was executed on September 25, 2013 in Dallas, Texas.

Elena R. Rojo

-8-

# EXHIBIT G

| | Complaint Case # | LName | Fname | Complaint Filed | COORDINATED | Firm | No. of Plaintiffs In A Case |
|---|---|---|---|---|---|---|---|
| 1 | 13-CE-CG-02977 | Alanis | Maria, Andrea Joiner, Elizabeth Martinez and Carla Gilliam | 9/24/2013 | | Baron & Budd PC | 4 Plaintiffs |
| 2 | BC518531 | Alvarado | Sylvia | 8/15/2013 | 12/12/2013 | Phillips Law Firm / Heard Robins Cloud & Black LLP | 1 Plaintiff |
| 3 | BC536936 | Banks | Juanita, Ramona Adame, Meo Arnold, Joann Powell, Annette Adams, Belinda Adams, Joanna Adkins, Angela Aguilar-Garcia, Brenda Airey, Jeanna Alford-Horne, Betty Allen, Terry Alsayed, Barbara Alston, Mary Alsup, Tammy Amzil, Ethel Anderson, Michelle Anderson, Nancy Anderson, April Angle, Annie Anglin, Eunice Appleberry, Frances Archie, Susan Ashely, Marjorie Askey, Juanita Atha, Lucy Atkins, Dorothy Autry, Beverly Ayers, Linda Badger, Norma Bahr, Elizabeth Bailey, Cheryl Baker, Regina Balka, Patricia Barbeau, Zenith Barker, Dorris Barnes, Nancy Barnett, Catherine Battiste, Helen Beatty, Shirley Bedwell, June Bell Arthuree Bennett, Esperanza Benson, Brenda Bernier, Bonnie Berry, Pamela Berryhill, Brenda Blackwell, Peggy Blalock-Spears, Tracy Bliss, Marsha Blueshield, Gladys Booker, Cheryl Bosworth, Cecilia Bowden, Charlotte Bowen, Joanne Branch, Makibra Brewer, Joyce Bridschge, Aleda Brooks, Darlein Brothers, Barbara Brown, Mildred Buchanan, Flora Buckingham, Kathryn Buckner, Jacquelyn Burnett, Katie Burrows, Patricia J. Card, Jacki Claus, Christine Close, Stephanie Cohen, Katie Cole, Flora Collier, Patricia Cooper, Florence Cousineau, Rosemarry Crouse, Rula Curtis, Denise Cyr, Linda Dakos, Carol Dendinger, Debra Dirks, Sharon Depuy, Joyce Eldridge, Joyce Elliott, Ann Emmons, Kathleen Ferry, Bonnie Flyte Lynnette Forthman, Cheri House, Barbara Lane, Helen Olson, and Gloria Padilla | 2/21/2014 | | The Mulligan Law Firm | 90 plaintiffs |
| 4 | BC536012 | Brown | Frankie, Peony Chua, Linda Morton, Caterina Zatorski, Prudence Boyland, Mary Alice Coleman, Betty Elarms, Jacquelynne George, Mary Coe | 2/13/2014 | | Edgar Law Firm | 9 Plaintiffs |

| | Complaint Case # | LName | Fname | Complaint Filed | COORDINATED | Firm | No. of Plaintiffs In A Case |
|---|---|---|---|---|---|---|---|
| 5 | BC536939 | Curley | Loretta, Ruby Barnes, Patricia Blackwell, Andrea Paul, Janet Anglin, Ira Bennett, Susan Berry, Vera Black, Rebecca Blackwood, Debora Boles, Ann Marie Boyle, Arlene Braxton, Chantia Brown, Lilly Brown, Sherry Bruner, Loraine Cantrell, Barbara Carlton, Delores Caruthers, Portia Chamberlin, Ann Childs, Evelyn Chisholm, Sharon Clark, Carol Cooper, Bonnie Cribbs, Geneta Daly, Anabella L. Darnell, Barbara Davidson, Sharon Dearing, Mary Dicus, Judy Dollins, Margarita Dominguez, Claudia Dorf, Patricia N. Doyle, Arlene Fields, Dolneice Foster, Jacqueline Fowler, Carol Gagnon, Agnes Garrick, Helen Gatti, Antoinette Gross, Lavergne Hale, Karen Harrison, Deanna Heath, Jeanette Henry, Veronica Hood, Lawrene Jessop, Judy Lalone, Rosemarie Lehman, Bobbi Limburg, Barbara Logan, Martha Luera, Shirley Madole, Camila Matyas, Josephine McGowan, Mary Meale, Anna Mergaugey, Rosemary Moore, Derri Morgan, Doris Oberhardt, Dolores Pacheco, Marilyn Paduano, Delia Parages-Gregor, Judy Patillo, Kathleen Pemberton, Marguerite Poole, Sonia Quinoes, Eileen Raslowsky, Elizabeth Revelle, Joanne Rhoden, Maria Rich, Anne Richards, Luz M. Rosario, Nellie Ross, Patricia Rowland, Billie Jean Schrum, Kellie Selvage, Carole Simmons-Decort, Linda Simpson, Bonnie Slay, Tonia Stacey, Anne Tammaro, Delores Tinsley, Jeanette Torres, Cecelia Vargas, Olga Vazquez, Mona Waddell, Debra Waltz, Eva Will, Yvonne Woodberry, Judy Zabala | 2/21/2014 | | The Mulligan Law Firm | 90 plaintiffs |
| 6 | CGC 14-537611 | Davis | Kathleen | 2/21/2014 | | The Brandi Law Firm | 1 Plaintiff |
| 7 | 34-2013-00151922-CU-PL-GDS | Davis | Valerie | 9/24/2013 | 2/7/2014 | Kiesel Law LLP / Khorrami Boucher Sumner Sanguinette, LLP | 1 Plaintiff |
| 8 | BC536754 | Dearmore | Wanda, Peggy Teeples, Gayle Jewell, Virginia Gomez, Virginia Wodkowski, Juanita Reed, Sheila Maginsky | 2/18/2014 | | Lopez McHugh LLP | 7 Plaintiffs |
| 9 | BC533634 | Dow | Ravyne, Virginia Robinson, Cherri Fishlowitz | 1/17/2014 | | Lopez McHugh LLP | 3 Plaintiffs |

| | Complaint Case # | LName | Fname | Complaint Filed | COORDINATED | Firm | No. of Plaintiffs In A Case |
|---|---|---|---|---|---|---|---|
| 10 | BC536937 | English | Ruth, Pearl Brantley, Nataja Chardas, Sharon Lopes, Pauline Brown, Sheila Brunson, Bertha Byrd, Sandra Cavey, Aline Chatman, Leola Christful, Mattie Clark, Wylene Clemons, Yolanda Cornelios, Daisy L. Cullens, Carolyn Cummins, Rebecca Davis, Lucile Deloach, Gina Dockery, Tara Engram, Donna Evans, Brenda Flynt, Jacqueline Funk, Gail Fussell, Wanda Galloway, Jackie Gordon, Karen Gordon, Mary Gore, Karen Gwyn, Janice L. Haberman, Shirley Hardmon, Darla Harmon, Helen Harris, Teresa Hatcher, Katherine Hicks, Charlotte Hill, Tess Hinton, Carol Hooper, Priscilla Hunter, Candace Hurley, Diana James, Marsha Jenkins, Carol Jewell, Dorothy Jones, Margarett Jones, Jane Key, Earnestine Lucky, Cynthia Lutin, Susan Lyndsley, Cheryl McPherson, Laura Millwood, Carol Moore, Nettie Moore, Glenda Moxley, Lily Noles, Gloria Odom, Myra Parson, Judy Partee, Margaret Perkins, Dorothy Peterson, Patricia Ray Phillips, Edna Pierce, Anna Powell, Clara Randle, Glenda Reid, Waltraud Risley, Marie Rutledge, Mary Ryan, Clara Seay, Lucyna Smith, Nancy Smith, Barbara Steele, Larvonne Strong, Christine Tanner, Margaret Taylor, Alethia Thackerson, Shirley Thomas, Devonia Tiner, Nancy Tu, Gladys Tucker, Jeri Turner, Wearnee Tyson, Barbara Ulmer, Wilma Vann, Agnes Watkins, Carolyn Whatley, Dorothy Whitener, Brenda Whitzell, Beverly Williangham, Diane Wolf, and Candy Right | 2/21/2014 | | The Mulligan Law Firm | 90 plaintiffs |

| | Complaint Case # | LName | Fname | Complaint Filed | COORDINATED | Firm | No. of Plaintiffs In A Case |
|---|---|---|---|---|---|---|---|
| 11 | BC536932 | Frields | Emma, Abisac Clark, Gwendolyn Clark, Marilyn Meehan, Marlene Bailey, Katherine Barzar, Yvonne Basden, Jeanette Campbell, Pamela Campbell, Alicia Considine, Nettie Craig-Shrout, Cynthia Demaree, Gayle Dirksen, Donna Edmond, Catrina Eimer, Barbara Ells, Janet Fick, Mary Galason, Idella Gale, Susan Garrett, Anita Gay, Lauretta George, Penny Lynn Guevara, Georgia Haddock, Marilyn Ham, Kimberly Hardy, Ella Harris, Pinkie Hill-Robinson, Delores Howard, Linda Huisel, Gail James, Dorothy Johnson, Carmen Jones, Hiron Jones, Mariel Killiebrew, Lois Kratzner, Jacqueline Kusch, Hazel Law, Clara Lee, Jeanette Levisee, Eular Lyons, Nettie Mackey, Kathie Maples, Emma McClenaghan, Nancy McGee, Roberta McGovern, Cathy Mitchell, Cheryl Mixon, Evabelle Muilenburg, Cindy Parsons, Beverly Pegg, Betty Piersel, Patricia Pinyan, Billie Poole, Edna Posey, Wanda Redell-Banta, Rosa M. Rodriguez, Aida Rosario, Valerie Sanders, Jean Sauer, Angelia Schilling, Dorothy Schmidt, Sonya Scott, Joan Scott-Tabb, Joann Seabolt, Letitia Shoemake, Ronda Shoemaker, Joan Smith, Kathleen Smithenry, Carolyn Steward, Racheal Stinson, Louise Styles, Linda Taylor, Carolyn Terry, Sarah Thomas, Rosetta Underwood, Rosemary Van Den Broecke, Beth Vanderhorn, Rachel Vasquez, Myra Veentier, Doris Wall, Debra Warren, Beverly Whisenton, Marie White, Sheryl Wilcox, Eartha Williams, Ellen Williams, Loraine Williams, Wendy Wintjen, Edna Woodward, | 2/21/2014 | | The Mulligan Law Firm | 90 Plaintiffs |

| | Complaint Case # | LName | Fname | Complaint Filed | COORDINATED | Firm | No. of Plaintiffs In A Case |
|---|---|---|---|---|---|---|---|
| 12 | BC536938 | Gray | Zurita, Rosalyn Cotton, Patricia Delair, Pauline Orozco, Nita Baker, Wanda Bingham, Znobbie Bishop, Jewel Bonahon, Ada Brooks, Tiffany Broussard, Elizabeth Brown, Jacqueline Bryant, Lena Burnette, Jamie Campbell, Eva Cates, Teri Chisolm, Joyce Clark, Nona Cleaver, Felicia Colbert, Janice Coleman, Ruby Connell, Betty Coon, Stephanie Cotton, Carrie Couch, Brenda Daniels, Ruth Decker, Judi Diffey, Clara Donnett, Margaret Dukes, Audra K. Duplessis, Judith Frost, Oda Fay Fugate, Lavera George, Pamela Giraldi, Gertrude Goodie, Martha Granado, Jean Grayson, Delores Green, Karen Guthrie, Rita Habegger, Linda Harrell, Jessie Harris, Carol Hatton, Kimberly Helton, Carolyn Henderson, Margaret Henson, Dororthy Higgs, Patsy Hines, Deb Hoffman, Jeannette Holtz, Susan Honchell, Peggy Jenkins, Vernaline Jenkins, Darla Johnson, Rebecca Jones, Lois Laboy, Carol Lindsey, Michelle Little, Sherre Long, Rachel McDonald, Judy McKenna, Teresa Miller, Michelle Miracle, Tona Moore, Deborah Mullins, Minerva Music, Donna J Patch, Naomi Patton, Shelly Probst, Erica Radford, Margie Rogers, Nancy Rogers, Ethel Salisbury, Lori Schnarr, Patricia Scott, Sharon Setters, Connie Sidebottom, Marci Sledge, Kathy K. Smith, Mitzi Smith, Lynnae Sommers, Dorothy Sorg, Ammanda Taylor, Cynthia Taylor, Luquetia Taylor, Anna Tingler, Debra Tinkle, Elizabeth Vanover, Mary Wehner, and Melinda Williams | 2/21/2014 | | The Mulligan Law Firm | 90 plaintiffs |

| | Complaint Case # | LName | Fname | Complaint Filed | COORDINATED | Firm | No. of Plaintiffs In A Case |
|---|---|---|---|---|---|---|---|
| 13 | BC536931 | Isrel | Tomie, Jeanette Dodson, Gwendolyn Donnelly, Gwendolyn Rainey, Paula Blue, Tammy Brooks, Flora Burnett, Alberta Carleton, Donna Carr, Joyce Cary, Markell Caton, Gwendolyn Chandler, Geraldine Chapman, Evelyn Copeland, Margaret Daniels, Kathleen Dewey, Denise Elliott, Naomi Ellison, Iola Finch, Alta Freeman, Julia Gardner, Susan Gerry, Theresa Gomes, Dianne Guentner, Tabathy Guillot, Marion B. Hanson, Barbara Harvey, Debbie Hash, Clara Hazelton, Lisa Henderson, Shirley Heppler, Wanda Hull, Constance Hummer, Dorothea Intinarelli, Robbin Irish, Anne Marie Isbell, Evalina Johnson, Lucille Jolly, Renee Jones, Paulette Kennedy, Constance Kenny, Beverly King, Virginia Knauff, Lula Ann M. Lee, Cynthia Lemay, Josephine Leonard, Violet Lofton, Sandra Malbrough, Kimberly D. Martin, Linda Massarelli, Delores McGee, Helen McNabb, Angela Michalski, Grace Miller, Golden Morgan, Kathleen Morgan, Virgie Morgan, Vernita Oliver, Patty Pearce, Donna Phillips, Patricia Prince, Noval Rachal, Linda Reeves, Chanel Richard, Cheryl Robinson, Shelia Sacks, Kimberly Sanchez, Cherie Schaffer, Judy Smarch, Barbara Smith, Virginia Spaulding, Marolyn Spence, Hattie Spencer, Suzanne C. Stephens, Kathy Stevens, Wanda Stone, Irma Thorn, Debra Trevino, Angela Vanzandt, Victoria Vaughan, Rosetta Walker, Marilyn Warren, Dorothy Weathers, Ruby White, Kathy Wigginton, Erma Williams, Evelyn Williams, Lisa Wilson, Vientiane Wilson, Tommy Wolf | 2/21/2014 | | The Mulligan Law Firm | 90 Plaintiffs |
| 14 | BC521947 | Johnson | Janet, Danielle Bradshaw and Penny Hughes | 9/20/2013 | | Davis & Crump, PC | 3 Plaintiffs |
| 15 | BC537046 | Johnson | Brenda, Pearl Torres, Grace Johnson, Pearl V. Johns | 2/21/2014 | | Phillips Law Firm / Heard Robins Cloud & Black LLP | 24 plaintiffs |

| | Complaint Case # | LName | Fname | Complaint Filed | COORDINATED | Firm | No. of Plaintiffs In A Case |
|---|---|---|---|---|---|---|---|
| 16 | BC536930 | Jordan | Darlene, Yvonne Esquivel, Evanetta Evans, Sheryl Kennedy, Mary Armstrong, Wilihmena Arnold, Mable Beamon, Virgie Benson, Deborah Bertermann, Judy Brandy, Diana Brodi, Trudea Brooks, Carolyn Browning, Michelle Buchanan, Judy Burnham, Sheila Carter, Betty Catchings, Margaret Childs, Dorothy Clark, Clarissa Coleman, Kathy Connolly, Kimberly Crider, Amy Deberry, Helen Doerner, Musu Draper, Barbara Eilers, Delia Evans, Mary Ann Evans, Viola Faria, Atreine Finn, Vicki Florio, Dorothy Ford, Patricia Fraser, Maria Freyre, Elizabeth Gary, Marilyn Gerdes, Mary Gordon, Debra Graham, Gannie Hailery, Linda Hall, Janis Hardin, Stephanie Hardin, Arlene Harpestad, Mary Ann Harvey, Pam Howell, Glenda Huskey, Francis Jefferson, Annie Johnson, Victoria Johnson, Betty Keene, Reba Kessler, Maude Kimble, Sonya Lewis, Margaret Lindenfelser, Janet Lowery, Sharon Markham, Minne L. Martin, Mary McBride, Charleeta McFarland-Pate, Dorothy McKinstry, Belinda McLeod, Karen Miller, Mary Mitchell, Ida Nelson, Linda Oatis, Deborah Pederson, Ruby Pittman, Cassandra Powell, Dawn Pulliam, Wendy Roberts, Victoria Robertson, Theola Robinson, Anna Schaffer, Jacquelyn Schlessman, Sharon L. Schuster, Phyllis Scott, Lisa Seller, Donna Short, Patricia Simmons, Deloris Smith, Doris Smith, Beverly Thomas, Beverly Van Ruden, Eunice Varner, Viola Vinyard, Pansy Voss, Kimberly Waltner, Kathleen Weber, Irene Wedl, Judy Whipple | 2/21/2014 | | The Mulligan Law Firm | 90 plaintiffs |
| 17 | BC537074 | Kessler | Jeri, Donna Patterson, Velvety Williams, Rosalind Cruz | 2/20/2014 | | Lopez McHugh LLP | 4 Plaintiffs |

| | Complaint Case # | LName | Fname | Complaint Filed | COORDINATED | Firm | No. of Plaintiffs In A Case |
|---|---|---|---|---|---|---|---|
| 18 | BC535923 | Lewis | Patricia, Sylvia Craft, Evelyn Johnson, Marlene Smith, Terri Starkey, Mary E. Gonzalez, Karen Walters, Patricia Black, Carolyn Ruffin, Martha Atkinson, Beverly Bailey, Shelly Downing, Mary Simmons, Alicia Woods, Carolyn Ryant, Reta Manthe, Arletha Clifton, Sally Marlar, Dorothy Parks, Fannie Peeples, Janice Reeves, Shirlie Winters, Mildred Spears, Genny Shambaugh, Aline Anthony, Carmela Ciampa, Rogee Jackson, Madeline Jones, Lynette Spencer, Ruth Majovsky, Anita Bowles, Clara Boyd, Laura George, Terri Simmons, Sheila Deitz, Elaine Mccann, Georgia Davis, Lucille Flowers, Deborah Herring, Linda Siddell | 2/11/2014 | | Kiesel Law LLP / Khorrami Boucher Sumner Sanguinette, LLP | 40 Plaintiffs |
| 19 | 13-cv-8470 | Lubenko | Cheri | 8/15/2013 | 12/12/2013 | Phillips Law Firm / Heard Robins Cloud & Black LLP | 1 Plaintiff |

| | Complaint Case # | LName | Fname | Complaint Filed | COORDINATED | Firm | No. of Plaintiffs In A Case |
|---|---|---|---|---|---|---|---|
| 20 | BC537045 | Mehta | Pallavi, Lei Jiang,  Conda Adams, Susie Alcoser, Frances Allen, Suzanne Balknight, Mary L. Beckett, Lucile Bell, Maria Bickford, Adeline Biel, Kathleen R. Bornemann, Marilyn Bounds, Annette Briggs-Whitsett, Carolyn Cardwell, Deloris Chalmers, Oristine Clark, Gloria Danzwith, Lorretto Diaz, Theresa Eckhard, Bonnie Eggleston, September Fohrenkam, Maria Garza, Helen Harris, Adelheid Harvey, Barbara Henson | 2/21/2014 | | Phillips Law Firm / Heard Robins Cloud & Black LLP | 25 plaintiffs |
| 21 | BC536855 | Miller | Judy, Nancy McCarthy, Paulette Johnson | 2/19/2014 | | Lopez McHugh LLP | 3 Plaintiffs |
| 22 | BC536974 | Obuch | Nina, Nancy Botner, Inez Briggs, Mary Lee Brown, Linda Christine Fleeger, Edna Haines, Doris Johnson, Lark Lewis, Carolyn Lois Organ, Ida E. Pack, Jan Ellen Reddick, Mary E. Strange | 2/21/2014 | | Baron & Budd PC | 12 Plaintiffs |
| 23 | BC535854 | Owhady | Shahla, Josephine Abrams, Voncile Baker, Margaret Baldwin, Waynette Brandon, Leone Bravard, Stella Yatar, Lorraine Buckley, Regina Sue Caparros, Jaleen Clark | 2/10/2014 | | Edgar Law Firm | 10 Plaintiffs |
| 24 | CIVDS1311 371 | Parker | Sharon, Regina Anderson, Sylvia Carrillo, Katherine Mills, Catherine Tobia, Madeleine Winn, Patricia Flynn, Barbara Girard and Sylvia Silva | 9/17/2013 | | The Mulligan Law Firm | 9 Plaintiffs |
| 25 | CGC 14-537609 | Peters | Annette | 2/21/2014 | | The Brandi Law Firm | 1 plaintiff |

| | Complaint Case # | LName | Fname | Complaint Filed | COORDINATED | Firm | No. of Plaintiffs In A Case |
|---|---|---|---|---|---|---|---|
| 26 | BC535893 | Richard | Deloris Ann, Mary Curley, Debra Edgley, Debra Farve, Maria Garcia, Sandra Gilbert, Dale Gorski, Diane Hackett, Rebecca Lynn Harris, Loretta Johnson-Walker, Linda Lucier | 2/10/2014 | | Edgar Law Firm | 11 Plaintiffs |
| 27 | CIVRS1306 724 | Richards | Alma | 9/20/2013 | 2/7/2014 | Kiesel Law LLP / Khorrami Boucher Sumner Sanguinette, LLP | 1 Plaintiff |
| 28 | BC536942 | Rivington | Deberah, Mary Stallings, Dianna Walker, Janice Watson, Wanda Adkins, Christine Baldwin, Sharon Beerbower, Carol Buck, Joyce Clark, Pamela Cogar, Rosa Crawford, Sandra Crawford, Katherine Crown-Frazier, Cheryl Cypers-Jones, Urmil Dhawan, Jennifer Dixon, Audra Marcine Fithian, Norma Gillman, Nettie Green, Selena Green, Paige Harper, Glenna Harper-Riley, Kathleen Harris, Lisa Hartman, Catherine Haskill, Sheila Hayes, Karen Huffman, Susan Jaycox, Ronda Kelley, Tammy Kummers, Judith Lee, Karen Meyer, FLorence Neely, Verla Nelson, Tabatha Norman, Lela Odom, Jeanette Richardson, Eloise Robinson, Marcelina Rodriguez, Cheryl Rose, Susan Salvatore, Dorothy Saunders, Sherry Singleton, Kimberlee Smith, Linda Sue Smith, Lyssa Smith, Cheri Snyder, Joan Sonnier, Suzanne Steldt, Pearlie Stewart, Sharon Stull, Romona Stutz, Lisa Thomas, Debra Triplett, Sharon Waugh, Mary Weaver, Jane Webb, Glenna Wilson, Janet Wimer, Cheryl Wotton, Brenda Wright, Dorothy Wright, Patricia Wynne, Carolyn Young, Ziza Zijadic, Charlotte Zimmerman, Regina Zornes, Patricia Zugg, Jack Barkley, Brenda Anderson, Anna Gardner, Eddie Kilgore, Kathy Mckee-Minard, Jerry Nally | 2/21/2014 | | The Mulligan Law Firm | 74 plaintiffs |

| | Complaint Case # | LName | Fname | Complaint Filed | COORDINATED | Firm | No. of Plaintiffs In A Case |
|---|---|---|---|---|---|---|---|
| 29 | BC536941 | Roberts-Anderson | Candacy, Cheryl Faulkner, Rose Flores, Patricia Orr, Phyllis Barnes, Toby Barnes, Linda Black, Sharon Brown, Carolyn Bruner, Willie Byers, Joann Casey, Melinda Clinard, Darlene Combs, Ethel Cooper, Wanda Correia, Margaret Covert, Linda Gibson Cribb, Florence Dapo, Mary Ellen Davis, Patricia Davis, Carol Denton, Virginia Dunford, Patricia Easterling, Rebecca Edwards, Helen Einspahr, Nancy Espinoza, Beverly Flagg, Mary Garcia, Carla Gaskins, Roberta Hansel, Wanda Hatchett, Rhonda Hopkins, Irene Jernigan, Mae Johnson, Odessa Johnson, Sharon Johnson, Suzanna Johnson, Catherine Jones, Peggy Joyce, Jeraldine Kenan, Alice Key, Quinette Keys, Debbie Kridler, Ethel Lynch, Bonnie McDaniel, Barbara McKoy, Glynis McLendon, Sandra Middleton, Eugenia Monday, Lagha Mozoon, Annie Nixon, Pamela Norris, Linda Overcash, Brenda Pettigrew, Jeanette Podwinski, Janet Price, Robin Pruitt-Bowman, Annie Quick, Teresa Rhodes, Mary Sherrod, Sharron Silver, Glenda Simpson, Carolyn G. Smith, Mary Smith, Barbara Sullivan, Ellen Sunkel, Portia Tant, Rose Mary Taylor, Vidy Taylor, Paula Teague, Willette Thomas, Linda Thompson, Carlene Truax, Judy Van Landingham, Elaine Vaughan, Martha Walker, Beatrice Wall, Bertha Walls, Dolores Waters, Teresa Wilkins-Blue, Mary Alice Williams, Sheena Williams, Sheila Williams, Shirley Williams, Priscilla Williamson, Estella Willis, Susie F. Willis, Barbara Wright, Margaret Wynn, Kathy Youmans | 2/21/2014 | | The Mulligan Law Firm | 90 plaintiffs |
| 30 | BC536358 | Robinson | Janice S., Annie B. Smoot, Thelma Walker, Donna Armitage, Texanna Fernandez, Judie Hines, Minnie Johnson, Eva Crocker, Carlotta Harvey, Deborah Perkins, Peggy Porter, Judith Santiago | 2/13/2014 | | Edgar Law Firm | 12 Plaintiffs |
| 31 | CGC 14-537608 | Rouda | Marilyn S. | 2/21/2014 | | The Brandi Law Firm | 1 Plaintiff |

| | Complaint Case # | LName | Fname | Complaint Filed | COORDINATED | Firm | No. of Plaintiffs In A Case |
|---|---|---|---|---|---|---|---|
| 32 | BC536940 | Roy | Linda, Deborah Gibson, Janet Hanson, Evalina Roxanne Moore, Arlene Beckwith, Suzanne Bieniewicz, Gudfrideur Bisbee, Sandra Burnett, Jean Casey, Bernice Cassidy, Josephine Chestnut, Mary Clark, Annie Coleman, Delores Congrove, Rose Conley, Mollie Corns, Maria Cotto, Shari Dann, Maria Diaz, Carol Ebert, Bernita Elko, Lessie Elza, Donna Emerson, Luz Escalera, Lelia Ferguson, Karen Fetherolf, Yolanda R. Flanagan, Theresa Flowers, Vickie Foresman, Cynthia Fortson, Anna Gresko, Gladys Guadalupe, Jessie Hamilton, Sandra Haun, Kimberlea Haynes, Martha Hicks, Emma Hickson, Shirley Hudson, Carmella Jackson, Rhodella Jones, Jeanie Jurgeit, Carol Kelley, Susan Kennedy, Robin Labertagavadin, Marlene Levango, Lori Lawrence, Donna Lawson, Donna Lewis, Sandra Lewis, Mary Lott, Margaret Martin, Mary McKnight, Dougletha McNiel, Linda S. Moran, Judith Morgan, Linda Morton, Lyvonne Moss, Lena Murch, Anita Operario, Michelena Parker, Virginia Petak, Carol Perters, Nina Porter, Emma Pratt, Minette Price, Patti Reeder, Nora Reynolds, Elizabeth Rhoads, Anna Rider, Lachelle Rogers, Lois Rosenhahn, Poonia Samuel, Linda Saurer, Christine Shafer, Bernadette Sirocka, Ella Smith, Tonie Smith, Patricia Soskin, Terry Springer, Cheryl Starcher, Carol Steiniger, Janice Stewart, Laura Stewart, Beatrice Tucker, Katie Van Epps, Gila Van Valkenburg, Carolyn Wahl, Barbara Weintraub, Dolores Wiest, Babara Williams | 2/21/2014 | | The Mulligan Law Firm | 90 plaintiffs |
| 33 | BC536162 | Salvo | Jocelyn Clemente, Barbro Merikan, Kate Chio Odunze, Debera Penman Mary Pizana, Gilmer Pruitt,Margaret Segal, Doris Sherman, Denise Shirley, Alice Sifuentes, Bobbie Smith | 2/13/2014 | | Edgar Law Firm | 11 Plaintiffs |

| | Complaint Case # | LName | Fname | Complaint Filed | COORDINATED | Firm | No. of Plaintiffs In A Case |
|---|---|---|---|---|---|---|---|
| 34 | BC536933 | Siegel | Segalilt, Susan Hernandez, Laurel Herring, Annie Kennedy, Glennie Bligen, Mary Bradley, Mary Brooks,  Bonnie Burns, Helen Calton, Rose Carnes, Mary Caskey, Eva Coddington, Jozette Davis, Elizabeth Dingle, Mary Dover, Pamala Fain, Virginia Fairnot, Josephine Foster, Marie Gahr, Joan Gallegly, Maureen George, Florence Gillis, Linda Girtz, Martha Greene, Kim Grimm, Christine Grubbs, Teresa Gunby, Abram Haberle, Patricia Hall, ANita Hallmark, Peggy Harnish, Lori Harris, Jacqueline Harrison, Anita Hatcher, Cynthia Hipp, Sara Holloway, Bonita Howard, Patricia Hughes, Mavis Jacob, Colleen Jenkins, Vera Johnson, Patti Kahl, Kimberly Kenedy, Sharon Knoepfler, Judith Kulp, Linda Lacey, Deborah Liboski, Alice Lundstrom, Tatyana Malenkovich, Ethel Marcus, Carol Mayfield, Joann McCauley, Eileen McElwee, Cynthia McRae, Khatereh Moldovan, Lolita Moreland, Terry Newcomb, Vida Nikolic, Christine Oliveri, Marilyn O'Neal, Gayle Patla, Norleen Pearson, Mary Polland, Kimberly Price, Linda Roberts, Merline O. Sandvand, Kaye Schaller, Cynthia Seawright, Andrienne Seropian, Sandy Skasko, Bertha Smith, Ina Spencer, Charlotte Stover, Almira Swygert, Becky Thomas, Maria Thomas-Lee, Dorothy Thompson, Linda Thompson, Karen Valvano, Laura Walker, Margie Walton, Judith Weltman, Ruth West, Lola White, Sherry Williamson, Bernice Winston, Jeannette Woods, Linda Woodward, Teresa Wright, Margaret Zapotoski | 2/21/2014 | | The Mulligan Law Firm | 90 Plaintiffs |
| 35 | 37-2013099967338-CU-PL-CTL | Tate | Charlene, Susan Hadland, Deottis Vallet, Mercedes Yaghazarian | 9/18/2013 | 1/13/2014 | Phillips Law Firm / Heard Robins Cloud & Black LLP | 1 Plaintiff |

| | Complaint Case # | LName | Fname | Complaint Filed | COORDINATED | Firm | No. of Plaintiffs In A Case |
|---|---|---|---|---|---|---|---|
| 36 | BC537052 | Valentine | Ouida, Adelina Aleman, Maria Alvino, Yolanda Tahod, Sylvia Wilson, D'Audra Thompson, Valerie Goheen, Raquel Figueroa, Patsy Townsend, Debbie Watts, Tammy Lynn Hinshaw, Charlene Culbreath, Delores Speset, Gloria Spivey, Janet Luckett, Tracy Witherspoon, Emma Alexander, Denise Reynolds, Delores Antoine, Elzie Lee Pipkins, Thelma Thomas, Carmen Correa, Tanya Poe, Eleanor Whalen, Darlene Fossett, Daisy Henderson, Linda Washington, Janice Wilson, Genre Brogue, Teresa Molner, Amira Wadud, Rosemary Allen, Judy White, Janet Todd, Mattie Sotelo, Sonja Belmont, Inish Collins, Gloria Gonzales, Janet Kelley, Latonya Westbrook | 2/21/2014 | | Kiesel Law LLP / Khorrami Boucher Sumner Sanguinette, LLP | 40 Plaintiffs |
| 37 | BC518223 | Wakabayashi | Edith | 8/15/2013 | 12/12/2013 | Phillips Law Firm / Heard Robins Cloud & Black LLP | 1 Plaintiff |
| 38 | BC536163 | Weisman | Lori Ann, Bobbie J. Smith, Brenda Tippins, Tina Trinh, Terrie Waldon, Raquel A. Wallace, Regina Webb, Brenda Whitaker, Rita Wilson, Carolyn Wortman | 2/13/2014 | | Edgar Law Firm | 10 Plaintiffs |
| 39 | CIVDS1312865 | Williams | Chasa | 10/22/2013 | | Gruber & Gruber / Law Offices of Howard A. Snyder | 1 Plaintiff |

| | Complaint Case # | LName | Fname | Complaint Filed | COORDINATED | Firm | No. of Plaintiffs In A Case |
|---|---|---|---|---|---|---|---|
| 40 | BC536934 | Williams | Fiette, Pamalyn Holbrook, Gwendolyn Jenkins, Mary Norman, Jarrica Austin, Sylvia Barlow, Leona Belcher, Theresa Beltran, Donna Blackman, Gloria Bordelon, Gloria Brown, Dianna Browning, Martha Brunson, Lora Bryson, Alline Burley, Bertha Campbell, Marjorie Carey, Judy Conley, Diane Couch, Eileen Deaton, Virginia Desalvo, Carolyn Dewbre, Donna Duffy, Peggy Embrell, Maria Estrada, Deborah Ewers, Judith Fondren, Maria Fordham, Mindee Gibson, Pearlie Glover, Irma Gonzales, Equella Goodall, Delphine Gordon, April Guidicotti, Zelda Guss, Charolette Hall, SHirley Hammock, Delois Harvey, Sheila Hastings, Linda Hayes, Reatha Haynes, Doyless Head, Cherrie Holton, Sonja Hrobowski, Doris Ibarra, Jearline Jackson, Marilyn Jackson, Marian Jarrad, Pam Jenkins, Rachel Jessen, Christine Johnson, Eva Johnson, Darlene Johnson-Adams, Gloria Jones, Varolyn Jones-Bradford, Sherry Kerr, April Lake, Judith Lane, Sheila Lee, Carrie Lennon-Johnson, Elizabeth Loredo, Margaret Lucas, Ohelia Lucio, Sharon Mazyck, Christine McAnany, Janet McCants, Nita Mitchell, Judy Moore, Nicy Nash, Mary Neal, Teresa Newman, Carrie Nichols, Patricia Oglesby, Wilma Partain, Sonya Phillips, Cheryl Porter, Betty Ray, Mary Ann Richards, Virginia Rivers, Brenda Roberts, Helen Roberts, Deborah Sander, Geneva Smith, Diane Taylor, Lorine Thomas-Dendy, Miriam Trezevant, Constance Lynn Williams, Janette Williamson, Sherry Jo Williamson, Patricia Wilson | 2/21/2014 | | The Mulligan Law Firm | 90 Plaintiffs |

| | Complaint Case # | LName | Fname | Complaint Filed | COORDINATED | Firm | No. of Plaintiffs In A Case |
|---|---|---|---|---|---|---|---|
| 41 | BC536935 | Williams | Marilyn, Janice Johnson, Debbie Kashima, Dorothy Patterson, janet M. Becraft, Katherine Boyer, Karen Bruggman, Uronda Burrell, Judith Cole, Deborah Davis, Sharon Dawson, Atelia Elliott, Virginia Fields, Annette Foster, Veronica Francis, Debra Garris, Charlene Gibbs, Janice Graves, Diane Jeffers, Elizabeth Keene, Martha McCain, Shirley McMurray, Rhonda McQueen, Sharlene Memmott, Irma Mendoza, Barbara Miles, Nadine Miller, Patricia Miller, Karen Morgan, Lavinia Mullins, Rebecca Murphy, Raana Nawaz, Masooda Naz, Carol Ann Nelson, Lori Oliphant, Teresa Ortega, Beverley Parie, Jacqueline Pendleton, Joan Pfeffer, Bessie Pierce, Kathleen Porter, Raelen Postma, Arlene Proctor, Regina Pyle, Sylvia Ramirez, Linda Randall, Melanie Randles, Sharon Renfro, Beverly Reyes, Calvin Riley, Beverly Ross, Barbar Rubel, ida Russell, Sue Sandifer, Viola Sauceda, Elsie Sims, Christina Slater, Viola Smith, Fannie Sostand, Marquita Sozio, Evelyn Stafford, Galynda Swoape, Charlita Taylor, Virginia Thonges, Sharon Thorne, Jessie Tisdale, Joann Trippodo, Alice Vela, Karen Wafer, Linda Walker, Freda Waller, Sharon Ward, Judy Washington, Tammy Watson, Betty Webb, Debra Weinstein, Teri J. Wells, Debra Wesley, Tami Whiting, Joyce Whittaker, Brenda Wilburn, Margie Wiles, Natalie Willesden, Barbara Williams, Erma Williams, Frances Williams, Melba Williams, Karma Wooton, Brenda York, Rosa Zepeda | 2/21/2014 | | The Mulligan Law Firm | 90 plaintiffs |

# EXHIBIT H

CONFORMED COPY
ORIGINAL FILED
Superior Court Of California
County Of Los Angeles

FEB 25 2014

Sherri R. Carter, Executive Officer/Clerk
By: Elmer Sabalburo, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES, CENTRAL CIVIL WEST

| | |
|---|---|
| COORDINATION PROCEEDING SPECIAL TITLE (RULE 3.550) | JUDICIAL COUNCIL COORDINATION PROCEEDING NO. 4761 |
| **LIPITOR CASES** | [~~PLAINTIFFS' PROPOSED~~] **ORDER RE APPOINTMENT OF PLAINTIFFS' COUNSEL** |
| THIS DOCUMENT RELATES TO: | |
| *ALL CASES* | |

This Order shall be binding on all parties and their counsel in the *Lipitor Cases*, Judicial Council Coordinated Proceeding No. 4761, including all cases currently in this proceeding and any cases subsequently added to this proceeding.

**ORGANIZATION OF COUNSEL**

The Court hereby designates the following counsel to act on behalf of the plaintiffs in the *Lipitor Cases*, Judicial Council Coordinated Proceeding No. 4761:

A. **Plaintiffs Executive Committee.** The Court designates the following to serve as members of the Plaintiffs' Executive Committee ("PEC"). All members of the PEC are also members of the Plaintiffs' Steering Committee (see infra section C).

/ / /

Russell Budd
Baron & Budd, PC
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX 75219
Tel: (214) 521-3605
Email: rbudd@baronbudd.com

Shawn Khorrami
Khorrami Boucher Sumner Sanguinetti, LLP
444 South Flower Street, 33rd Floor
Los Angeles, CA 90071
Tel: (213) 596-6549
Email: Skhorrami@kbsslaw.com

Paul R. Kiesel
Kiesel Law, LLP
8648 Wilshire Boulevard
Beverly Hills, CA 90211
Tel: (310) 854 - 4444
Email: kiesel@kiesel-law.com

Bill Robins
Heard, Robins, Cloud, & Black, L.L.P.
2000 West Loop South Suite 2200
Houston, Texas 77027
Tel: (713) 650-1200
Email: robins@heardrobins.com

**B. Plaintiffs' Liaison Counsel.** The Court designates the following to serve as Plaintiffs' Liaison Counsel:

Helen Zukin
Kiesel Law, LLP
8648 Wilshire Boulevard
Beverly Hills, CA 90211
Tel: (310) 854 - 4444
Email: zukin@kiesel-law.com

Plaintiffs' Liaison Counsel shall be a liaison between the Court, defense counsel, and all plaintiffs' counsel, shall periodically arrange meetings with plaintiffs' counsel, and shall interact with Liaison Counsel in *Lipitor Marketing, Sales Practices and Product Liability Litigation (No. II)*, MDL No. 2502 and the Court. Additionally, Plaintiffs' Liaison Counsel shall have the following responsibilities:

///

2

1.  To maintain and distribute to the Court, to counsel for plaintiffs, and to defense counsel an up-to-date service list of plaintiffs' counsel, marked with the date of last revision.

2.  To receive and distribute to plaintiffs' counsel, as appropriate, orders, notices and correspondence from the Court and from defense counsel.

3.  To maintain and to make available to plaintiffs' counsel, on reasonable notice and at reasonable times, a complete set of all pleadings and orders filed and/or served in these coordinated proceedings, if not otherwise available on the CaseAnywhere e-service system.

4.  To meet and confer with counsel for defendants at least ten (10) calendar days before each status conference on an agenda, which shall be filed with the Court and served on all parties by Plaintiffs' Liaison Counsel.

5.  To coordinate the filing of notices and papers by plaintiffs, to sign documents submitted to the Court, to communicate with defense counsel (including regarding status conference statements and agendas in advance of each status conference), to negotiate case management orders in coordination with the Plaintiffs' Steering Committee ("PSC"), and to engage with the PSC in meet and confer sessions.

6.  To take whatever steps necessary, in coordination with the Court, counsel for defendants, and counsel for plaintiffs, to effectively and efficiently move the litigation forward.

7.  The responsibilities of Plaintiffs' Liaison Counsel, as outlined above, are not intended to create an attorney-client relationship between such counsel and the individual plaintiffs in this proceeding, and do not in any way relieve each attorney's obligations, duties and responsibilities to their own individual clients in this proceeding, or preclude each attorney from signing documents in relation to their individual cases.

To the extent necessary, Plaintiffs' Liaison Counsel shall be responsible for completing any additional tasks set forth by the Court in subsequent *Lipitor Cases*, JCCP 4761 Case Management Orders, and shall take appropriate steps to ensure the timely adherence and compliance by Plaintiffs with any subsequent Orders of this Court.

///

1  **C. Plaintiffs Steering Committee.** The Court designates the following to serve as members

2     of the Plaintiffs' Steering Committee (PSC).

3
4
5
6

| Raymond Boucher |
| Khorrami Boucher Sumner Sanguinetti, LLP |
| 444 South Flower Street, 33rd Floor |
| Los Angeles, CA 90071 |
| Tel: (213) 596-6549 |
| Email: rboucher@kbsslaw.com |

7
8
9

| Thomas J. Brandi |
| The Brandi Law Firm |
| 354 Pine Street, 3rd Floor |
| San Francisco, CA 94104 |
| Tel: (415) 989 – 1800 |
| Email: tjb@brandilaw.com |

10
11
12
13

| Bill Curtis |
| Curtis Law Group |
| 7557 Rambler Road, Ste 1050 |
| Dallas, TX 75231 |
| Tel: (214) 890 - 1000 |
| Email: bcurtis@curtis-lawgroup.com |

14
15
16
17

| John J. Driscoll |
| The Driscoll Firm, P.C. |
| One Metropolitan Square |
| 211 N. Broadway, 40th Floor |
| St. Louis, MO 63102 |
| Tel: (314) 932 - 3232 |
| Email: john@thedriscollfirm.com |

18
19
20

| Don Edgar |
| Edgar Law Firm |
| 408 College Avenue |
| Santa Rosa, CA 95401 |
| Tel: (707) 545-3200 |
| Email: don@classattorneys.com |

21
22
23
24

| Patrick Mulligan |
| The Mulligan Law Firm |
| 3710 Rawlins Street, #901 |
| Dallas, TX 75219 |
| Tel: (214) 219 - 9779 |
| Email: pmulligan@mulliganlaw.com |

25
26
27
28

| Jeff Raizner |
| Doyle Raizner |
| Lyondell Bassell Tower 1221 |
| McKinney Street, Suite 4100 |
| Houston, TX 77010 |
| Tel: (713) 571 - 1146 |
| Email: jraizner@doyleraizner.com |

4

The duties of the PSC are as follows.  The PSC shall:

1. Advance the common interest of the plaintiffs by prosecuting liability issues against defendants and any other parties hereafter joined or added as defendants;

2. Coordinate the initiation and conduct of discovery on behalf of plaintiffs consistent with the requirements of California law and this Court's *Lipitor Cases*, JCCP 4761 Case Management Orders, including preparation of a discovery plan and other scheduling matters;

3. Conduct, coordinate, and/or delegate the taking of depositions, including the examination of witnesses, as they deem appropriate;

4. Coordinate and direct the pretrial preparation of this matter and delegate work responsibilities to selected counsel as required;

5. Meet and confer with, and enter into stipulations with, opposing counsel as necessary for the conduct of the litigation after consultation with the affected plaintiffs' counsel and to the extent authorized;

6. Prepare and distribute periodic status reports to the plaintiffs' counsel;

7. Present in briefs and oral argument to the court and opposing parties, the position of the plaintiffs on matters arising during pretrial proceedings;

8. Avoid conducting duplicative discovery or filing duplicative pleadings;

9. Assess costs on all plaintiffs' counsel and pro per plaintiffs, if any, for the prosecution of the liability issues and collect said costs;

10. Provide for the fair and equitable sharing among plaintiffs of the costs and expenses incurred and services performed by attorneys acting at the PSC's direction for the common benefit of all plaintiffs in *Lipitor Cases*, JCCP 4761.  The PSC will determine which tasks and assignments constitute work performed for the common benefit of all plaintiffs and track these common benefit hours, at least, on a quarterly basis;

11. Determine Plaintiffs' selections for assignment of individual cases to discovery groups, if determined necessary.

12. Determine Plaintiffs' selections for assignment of individual cases to a bellwether trial

5

1       pool, if determined necessary.

2     13. Conduct, coordinate, and/or delegate work related to the furtherance of plaintiffs' positions

3       in bellwether trials, *Kelly Frye* hearings, and with respect to motions in limine, if

4       determined necessary.

5     14. Assist all plaintiffs in the coordination, management and efficient resolution of their cases,

6       to the extent necessary.

7     15. Conduct settlement negotiations on behalf of plaintiffs as authorized by plaintiffs, but not

8       enter binding agreements except to the extent expressly authorized by plaintiffs;

9     16. Perform such other functions as may be authorized by further Order of this Court.

10     The responsibilities of Plaintiffs' Steering Committee, as outlined above, are not

11 intended to create an attorney-client relationship between such counsel and the individual

12 plaintiffs in this proceeding, and do not in any way relieve each attorney's obligations, duties and

13 responsibilities to their own individual clients.

14     No pleadings or other papers shall be filed or discovery conducted concerning liability on

15 behalf of plaintiffs except as prepared by the PSC.

16

17 **IT IS SO ORDERED.**

18

19 Dated: _____2/25/14_____           **JANE L. JOHNSON**

20                                Hon. Jane L. Johnson

21                                Judge of the Superior Court

22

23

24

25

26

27

28

[PLAINTIFFS' PROPOSED] ORDER RE APPOINTMENT OF PLAINTIFFS' COUNSEL

# EXHIBIT I

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES, CENTRAL CIVIL WEST

| | |
|---|---|
| COORDINATION PROCEEDING<br>SPECIAL TITLE [RULE 3.550]<br><br>**LIPITOR CASES**<br><br>THIS DOCUMENT RELATES TO:<br><br>*ALL CASES* | JUDICIAL COUNCIL COORDINATION<br>PROCEEDING NO. 4761<br><br>**[PROPOSED] AMENDED ORDER RE<br>ADD-ON PROCEDURES** |

Pursuant to Rule 3.541 of the California Rules of Court, and good cause appearing:

IT IS HEREBY ORDERED:

I.     **FILING OF COMPLAINTS**

   A.     **Case Assignment:** All cases filed in California state court against Pfizer, Inc. or McKesson Corporation, alleging injuries related to the development of Type II diabetes, and seeking damages, injunctive relief, or restitution arising from the ingestion of Lipitor®, are assigned to the Honorable Jane L. Johnson, Los Angeles Superior Court for purposes of coordination. The parties to such actions, however, are still required to comply with the stipulation or notice add-on procedures set forth in this Order.

   B.     **Plaintiffs' Complex Case Fees:** Since the Plaintiffs have already paid more in complex case fees than the total amount required by Government Code section 70616(a) ($1,000), no further complex case fees shall be required by Plaintiffs. Nothing in this Order shall relieve any

party from paying the fees required for filing the first paper in a civil action, as specified in Government Code sections 70611 and 70612, with respect to each included action treated individually.

    **C.**    **Stanley Mosk Courthouse.** Complaints in actions that potentially qualify for coordination in *Lipitor Cases*, JCCP No. 4761 shall be filed in the Stanley Mosk Courthouse of the Superior Court of California for the County of Los Angeles, at the following address:

                    Stanley Mosk Courthouse
                    111 North Hill St.
                    Los Angeles, CA 90012

Direct filing in Department 308 will not be accepted.

## II.    ADD-ON PROCEDURES

    **A.**    **Add - On Procedures in General.** The stipulated add-on procedure in Section II(A)(1) is intended to expedite the identification of actions that potentially qualify for coordination and the determination of whether those actions should be coordinated. The notice procedure set forth in Section II(A)(2) shall apply in cases where one party believes a case should be coordinated, but a stipulation is not practicable.

        1.    **By Stipulation.** Wherever practicable, the parties should identify potential add-on cases by filing in *Lipitor Cases*, JCCP No. 4761, a document titled "Stipulation and [Proposed] Order to Add-On and Transfer Related Case to Coordinated Proceeding," attached hereto as Exhibit 1. This Stipulation shall be signed by Defendants' Liaison Counsel and counsel for the plaintiff in each identified case. All proceedings in the originating court are stayed effective upon the filing of a Notice of Submission and a Notice of Stay in the originating court.

        2.    **By Notice.** Where stipulation is impracticable, any party may identify a potential add-on case by filing in *Lipitor Cases*, JCCP No. 4761, a document titled "Notice of Potential Add-On Cases and Request for Coordination." This Notice shall include the complete caption of each potential add-on case that the party is requesting be transferred into *Lipitor Cases*, JCCP No. 4761; the California state court in which each case was originally filed; the initial case number; and the following two notices:

1                NOTICE IS HEREBY GIVEN that plaintiff is asserting a claim or

2                claims for damages that generally involved Lipitor® and that,

3                accordingly, this case is eligible for statewide coordination pursuant to

4                Sections 404, et seq., of the California Code of Civil Procedure, and

5                for inclusion in *Lipitor Cases*, Judicial Council Coordinated

6                Proceeding No. 4761, now pending before the Honorable Jane

7                Johnson, Judge Presiding of the Superior Court of the State of

8                California for the County of Los Angeles.

9                NOTICE IS ALSO GIVEN that pursuant to Section 404.5 of the

10              California Code of Civil Procedure, and by order of the Coordination

11              Trial Judge, upon submission of this case to the Coordination Trial

12              Judge as an add-on case, this action is ordered stayed, except for

13              proceedings relating to coordination, until such time as the

14              Coordination Trial Judge orders otherwise. Notwithstanding this stay,

15              upon coordination this case shall be subject to all Case Management

16              Orders entered in *Lipitor Cases*, JCCP No. 4761, including any

17              deadlines and obligations included in those CMOs.

18      a.   Opposition to Coordination. After a Notice of Potential Add-On Cases is

19              filed and served, any party named in any action identified in the Notice

20              shall have a period of ten (10) calendar days from the date of service to

21              file and serve a Notice of Opposition to Coordination, including points and

22              authorities and other relevant materials with respect to that party's action.

23              The Court may, but need not, set a hearing for determination whether the

24              case should be coordinated and, if so, will provide notice of the hearing,

25              including a date for responsive briefs, to all Liaison Counsel.

26      b.   Automatic Coordination When No Opposition to Coordination Filed. A

27              party's failure to file and serve a Notice of Opposition within the ten-day

28              period of time set forth in section II(A)(2)(a) will be deemed a statement of

1  non-opposition to coordination as to that action, and will result in the action

2  automatically being coordinated without further order from the Coordination

3  Judge. Notwithstanding that automatic coordination, the Court will enter an

4  order granting coordination.

5       **B.**    **Service of Add - On Notification Documents.** All Stipulations and [Proposed]

6  Orders to Add-On and Transfer Related Case to Coordinated Proceeding and Notices of Potential

7  Add-On Cases shall be filed and served in accordance with the requirements for filing and service in

8  place in this coordinated proceeding. The party filing the Stipulation or Notice shall submit a copy of

9  same to the Judicial Council at the following address:

10         Chair, Judicial Council of California
       Administrative Offices of the Courts

11         Attn: Appellate & Trial Court Judicial Services
       (Civil Case Coordination)

12         455 Golden Gate Avenue
       San Francisco, CA 94102-3688

13  

14  The party filing the Stipulation and [Proposed] Order to Add-On and Transfer Related Case to

15  Coordination Proceeding or Notice of Potential Add-On Cases shall also file a Notice of Submission

16  and a Notice of Stay of Case in each court in which the actions sought to be added were initially

17  filed. The party filing the Stipulation and [Proposed] Order to Add-On and Transfer Related Case to

18  Coordination Proceeding or Notice of Potential Add-On Cases shall serve all parties to the add-on

19  actions with a copy of the Stipulation or Notice; a copy of all Case Management Orders entered in

20  *Lipitor Cases*, JCCP No. 4761; and the Notice of Stay of Case.

21       **C.**    **Scope of Order.** To the extent permitted under California law, the procedures and

22  protocols contained in this Order shall supersede any conflicting provisions in the California

23  Code of Civil Procedure, the Rules of Court, the local rules of the various counties, and any other

24  conflicting statutory, judicial, or regulatory provisions.

25  **IT IS SO ORDERED.**

26  

27  Dated:_____

                         _____

28                           Hon. Jane L. Johnson
                         Judge of the Superior Court

# EXHIBIT 1

1
2
3
4
5
6
7
8  SUPERIOR COURT OF THE STATE OF CALIFORNIA
9  FOR THE COUNTY OF LOS ANGELES, CENTRAL CIVIL WEST
10

| | |
|---|---|
| COORDINATION PROCEEDING SPECIAL TITLE [RULE 3.550]<br><br>**LIPITOR CASES**<br><br>THIS DOCUMENT RELATES TO:<br><br>*ALL CASES* | JUDICIAL COUNCIL COORDINATION PROCEEDING NO. 4761<br><br>**STIPULATION AND [PROPOSED] ORDER TO ADD-ON AND TRANSFER RELATED CASE TO COORDINATED PROCEEDING** |

17    Pursuant to Section II(A)(1) of the Amended Order re Add-On Procedures, counsel for

18  Plaintiff(s) _____, and Defendants' Liaison Counsel, hereby enter into and submit the

19  following stipulation to add-on and transfer a Lipitor case to Judicial Council Coordinated

20  Proceeding No. 4761.

21      1.  Judicial Council Coordinated Proceeding No. 4761, *Lipitor Cases*, now pending before the

22          Honorable Jane L. Johnson, involves California state court actions brought by or on behalf of

23          persons alleging injuries and seeking damages, injunctive relief, or restitution, relating to

24          Lipitor®.

25      2.  All cases filed in California state court against Pfizer, Inc. or McKesson Corporation,

26          alleging injuries related to the development of Type II diabetes, and seeking damages,

27          injunctive relief, or restitution arising from the ingestion of Lipitor®, are assigned to the

28          Honorable Jane L. Johnson, Los Angeles Superior Court for coordination purposes.

STIPULATION AND [PROPOSED] ORDER TO ADD-ON AND TRANSFER RELATED CASE TO
COORDINATED PROCEEDING

3. The Plaintiffs have already paid more in complex case fees than the total amount required by Government Code section 70616(a) ($1,000), no further complex case fees shall be required by Plaintiffs.

4. The signatories to this Stipulation agree that [CASE NAME], which is now pending in the California Superior Court for the County of _____ (Case No. _____), meets the requirements of California Code of Civil Procedure Section 404.1 and Rule 3.544, and should be added-on and transferred to this Coordinated Proceeding.

5. Plaintiff(s) in the above-captioned case allege(s) personal injuries related to the use of Lipitor that are the subject of this coordinated proceeding, and allege(s) similar causes of action and theories of liability.

6. The above captioned case meets the standards for coordination as it shares common questions of law and fact with actions included in the Coordinated Proceeding. The convenience of plaintiff, witnesses, and counsel, the efficient use of judicial resources, the advantages of comprehensive and consistent rulings, and the interests of justice are best served if this case is transferred to this Coordinated Proceeding. The signatories to this Stipulation believe that, in the interests of judicial efficiency, the above captioned case should be added on and transferred to the Coordinated Proceeding.

7. Based on these considerations, the parties hereby stipulate that the above captioned case should be added on to JCCP 4761 and transferred to this Court.

**IT IS SO STIPULATED.**

Dated: _____                    [Plaintiff's Counsel]


                                       By: _____
                                           Attorney Name

Dated: _____                    [Defense Counsel]


                                       By: _____
                                           Attorney Name

2

1    **IT IS SO ORDERED.**

2

3    Dated:_____          _____

4                                            Hon. Jane L. Johnson
                                             Judge of the Superior Court
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION AND [PROPOSED] ORDER TO ADD-ON AND TRANSFER RELATED CASE TO
COORDINATED PROCEEDING

## PROOF OF SERVICE

STATE OF CALIFORNIA        )
                                ) ss:
COUNTY OF LOS ANGELES   )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 age and not a party to the within action. My business address is 8648 Wilshire Boulevard, Beverly Hills, CA 90211-2910.

On March 4, 2014, I served the foregoing document(s) described as:

- **[PROPOSED] AMENDED ORDER RE ADD-ON PROCEDURES**

on the interested parties in this action through the use of the California Lipitor Cases Website maintained by Case Anywhere. I caused the foregoing document to be transmitted to Case Anywhere for electronic service in the following manner:

       ☒     I provided the document(s) listed above electronically to Case Anywhere through the Case Anywhere website pursuant to the instructions on that website.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 4, 2014, at Beverly Hills, California.

*Sylvia Mendoza*
Sylvia Mendoza

5
[PROPOSED] AMENDED ORDER RE ADD-ON PROCEDURES

1

## PROOF OF SERVICE

2    STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3         At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 8648 Wilshire

4    Boulevard, Beverly Hills, CA 90211-2910.

5         On March 4, 2014, I served true copies of the following document(s) described as **[PROPOSED] AMENDED ORDER RE ADD-ON PROCEDURES** on the interested parties in this

6    action as follows:

7                          **SEE ATTACHED SERVICE LIST**

8         **BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address smendoza@kiesel-law.com to the persons at the e-mail addresses listed in

9    the Service List.

10        I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

11

12        Executed on March 4, 2014, at Beverly Hills, California.

13

14                                        Sylvia Mendoza

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SERVICE LIST**
**JCCP 4761 – Lipitor Cases**

Thomas J. Brandi, Esq.
Casey A. Kaufman, Esq.
**The Brandi Law Firm**
354 Pine Street, 3rd Floor
San Francisco, CA 94104
Tel: (415) 989 – 1800
Fax: (415) 989-1801
Email: tjb@brandilaw.com

Attorneys for Plaintiffs

John J. Driscoll, Esq.
**The Driscoll Firm, P.C.**
One Metropolitan Square
211 N. Broadway, 40th Floor
St. Louis, MO 63102
Tel: (314) 932 – 3232
Fax: (314) 932-3233
Email: john@thedriscollfirm.com

Attorneys for Plaintiffs

Ramon Rossi Lopez, Esq.
Matthew Ramon Lopez, Esq.
Amorina Patrice Lopez, Esq.
**Lopez McHugh LLP**
100 Bayview Circle, Suite 5600
Newport Beach, CA 92660
Tel: (949) 737-1501
Fax: (949) 737-1504
Email: rlopez@lopezmchugh.com
          mlopez@lopezmchugh.com
          alopez@lopezmchugh.com

Attorneys for Plaintiffs

Bill Curtis, Esq.
**Curtis Law Group**
7557 Rambler Road, Suite 1050
Dallas, TX 75231
Tel: (214) 890 - 1000
Email: bcurtis@curtis-lawgroup.com

Attorneys for JCCP Plaintiffs

Michael Patrick Doyle, Esq.
Jeffrey Raizner, Esq.
Patrick M. Dennis, Esq.
Jeffrey I. Avery, Esq.
**Doyle Raizner LLP**
One Houston Center
1221 McKinney Street, Suite 4100
Houston, TX 77010
Tel: (713) 571 – 1146
Fax: (713) 571-1148
Email: jraizner@doyleraizner.com
          Lipitor@doyleraizner.com

Attorneys for Plaintiffs

Crystal G. Foley, Esq.
**Simmons Browder Gianaris Angelides &**
**Barnerd LLC**
100 N. Sepulveda Blvd., Suite 1350
El Segundo, CA 90245
Tel: (310) 322-3555
Fax: (310) 322-3655
Email: cfoley@simmonsfirm.com

Attorneys for Plaintiffs

7

Daniel S. Gruber, Esq.
**Gruber & Gruber**
15165 Ventura Boulevard, Suite 400
Sherman Oaks, CA 91403
Tel: (818) 981-0066
Fax: (818) 981-2122
Email: dgruber@gruberlawfirm.com

Attorneys for Plaintiffs

Ellen A. Presby, Esq.
**The Nemeroff Law Firm**
2626 Cole Ave., Suite 450
Dallas, TX 75204
Tel: (214) 774-2258
Fax: (214) 393-7897
Email: ellenpresby@nemerofflaw.com

Attorneys for Plaintiffs

Lee A. Cirsch, Esq.
Michael A. Akselrud, Esq.
The Lanier Law Firm, P.C.
2049 Century Park East, Suite 1940
Los Angeles, CA 90067
Tel: (310) 277-5100
Fax: (310) 277-5103
Email: lec@lanierlawfirm.com
        michael.akselrud@lanierfirm.com

Attorneys for Plaintiffs

Howard A. Snyder, Esq.
**Law Offices of Howard A. Snyder**
15165 Ventura Boulevard, Suite 400
Sherman Oaks, CA 91403
Email: howard@howardsnyderlaw.com

Attorneys for Plaintiffs

Kimberly D. Barone Baden, Esq.
**Motley Rice LLC**
28 Bridgeside Boulevard
Mt. Pleasant, SC 29464
Tel: (843) 216-9265
Fax: (843) 216-9450
Email: kbarone@motleyrice.com

Attorneys for Plaintiffs

[PROPOSED] AMENDED ORDER RE ADD-ON PROCEDURES